**LEVI & KORSINSKY LLP**
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: amccall@zlk.com

Shannon L. Hopkins
LEVI & KORSINSKY LLP
733 Summer Street, Suite 304
Stamford, CT 06901
Tel.: (203) 992-4523
Email: shopkins@zlk.com

*(pro hac vice to be submitted)*

*Attorneys for Movant Lyle Hansen*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE EVELLARD, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LENDINGCLUB CORPORATION, RENAUD LAPLANCHE, and CARRIE L. DOLAN,<br><br>Defendants. | No. 3:16-cv-02627-WHA<br><br>Hon. William Alsup<br><br>**MOTION OF LYLE HANSEN FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM AND POINTS OF AUTHORITIES**<br><br>Date: August 15, 2016<br>Time: 10:00 a.m.<br>Courtroom: 8 |
| NICOLE WERTZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RENAUD LAPLANCHE, CARRIE DOLAN, and LENDINGCLUB CORPORATION,<br><br>Defendants. | No. 3:16-cv-02670-WHA<br><br>Hon. William Alsup |

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, that on August, 15, 2016 at 10:00 a.m., or as soon as counsel may be heard, the undersigned will move before the Honorable William Alsup, at the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, pursuant to Rule 42 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, for an Order:

1. Consolidating the above-captioned related actions;

2. Appointing Lyle Hansen ("Movant") as Lead Plaintiff;

3. Approving Movant's choice of Levi & Korsinsky, LLP ("Levi & Korsinsky"), as Lead Counsel; and

4. Granting such other and further relief as the Court may deem just and proper.

Movant respectfully submit the following memorandum in support of his motion for: (a) consolidation of the above-captioned actions, (b) appointment of Movant as Lead Plaintiff, and (c) approval of Levi & Korsinsky as Lead Counsel.

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iv

I.    SUMMARY OF ARGUMENT ........................................................................................ 1

II.    STATEMENT OF ISSUES TO BE DECIDED ............................................................. 2

III.    STATEMENT OF FACTS ............................................................................................. 2

IV.    ARGUMENT .................................................................................................................. 4

    A.    The Actions Should Be Consolidated ................................................................. 4

    B.    The Court Should Appoint Movant as Lead Plaintiff ........................................ 5

        1.    The Procedure Required by the PSLRA .............................................. 5

            a.    Movant is Willing to Serve as Class Representative ............................ 6

            b.    Movant Has the Requisite Financial Interest in the Relief Sought by the Class .................................................................................................. 6

        2.    Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ................................................................................................ 7

            a.    Movant's Claims are Typical of the Claims of all the Class Members ................................................................................................ 8

            b.    Movant Will Adequately Represent the Class ..................................... 9

    C.    Movant's Choice of Counsel Should Be Approved ........................................... 9

V.    CONCLUSION ............................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,
  No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) ..................... 7

*Crawford v. Honig*,
  37 F.3d 485 (9th Cir. 1994).................................................................................................... 9

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004) ........................................................................................... 8

*Gen. Tel. Co. of the Southwest v. Falcon*,
  457 U.S. 147 (1982) ............................................................................................................... 8

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ............................................................................................... 8

*Haung v. Acterna Corp.*,
  220 F.R.D. 255 (D. Md. 2004) .............................................................................................. 7

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002)............................................................................................. 1, 7

*In re Drexel Burnham Lambert Grp.*,
  960 F.2d 285 (2d Cir. 1992) .................................................................................................. 9

*In re Milestone Sci. Sec. Litig.*,
  183 F.R.D. 404 (D.N.J. 1998) ............................................................................................... 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................................ 8

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990)............................................................................................. 4, 5

*Mitchell v. Complete Mgmt., Inc.*,
  No. 99-CV-1454 (DAB), 1999 WL 728678 (S.D.N.Y. Sept. 17, 1999).................................. 4

*Primavera Familienstifung v. Askin*,
  173 F.R.D. 115 (S.D.N.Y. 1997) .......................................................................................... 4

*Robidoux v. Celani*,
  987 F.2d 931 (2d Cir. 1993).................................................................................................. 8

*Takeda v. Turbodyne Techs., Inc.*,
   67 F. Supp. 2d 1129 (C.D. Cal. 1999) ............................................................................. 4, 5, 7

*Weiss v. York Hosp.*,
   745 F.2d 786 (3d Cir. 1984) .................................................................................................. 8

*Weisz v. Calpine Corp.*,
   No. 4:02-CV-1200, 2002 WL 32818827 (N.D. Cal. Aug. 19, 2002) ..................................... 5

*Weltz v. Lee*,
   199 F.R.D. 129 (S.D.N.Y. 2001) .......................................................................................... 4

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A) ........................................................................................................ 5

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................................. passim

**Rules**

Fed. R. Civ. P. 23(a) ......................................................................................................... 2, 7, 8

Fed. R. Civ. P. 42(a) ................................................................................................................ 4

I.      **SUMMARY OF ARGUMENT**

Presently pending before the Court are two related securities class action lawsuits (the "Actions") brought on behalf of all persons who purchased or otherwise acquired the securities of LendingClub Corporation ("LendingClub" or the "Company") between December 11, 2014 and May 6, 2016, inclusive (the "Class Period").[1] Plaintiffs in the Actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of its officers and/or directors.[2]

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Lyle Hansen ("Movant") lost approximately $40,000.00 as a result of the alleged fraud during the Class Period.[3] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[4] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

---

[1] The two actions are entitled *Evellard v. Lendingclub Corp., et al.*, 3:16-cv-02627-WHA ("*Evellard* Action") and *Wertz v. Laplanche, et al.*, 3:16-cv-02670-WHA ("*Wertz* Action").

[2] Specifically, Plaintiffs allege violations of Section 10(b) and of the Exchange Act and rule 10b-5 promulgated thereunder, and Section 11 of the Securities Act against defendants Lending Club; and Renaud Laplanche ("Laplanche") (LendingClub's Chief Executive Officer, Chairman, and Director until his resignation on May 6, 2016) and Carrie L. Dolan ("Dolan" and collectively with Laplanche, the "Individual Defendants") (LendingClub's Chief Financial Officer);  and Section 20(a) of the Exchange Act and Section 15 of the Securities Act against the Individual Defendants.

[3] Movant's certification identifying his transactions in LendingClub, as required by the PSLRA, as well as a chart identifying his losses, are attached collectively to the Declaration of Adam C. McCall, dated July 5, 2016 ("McCall Decl."), as Exhibits A and B, respectively.

[4] The "Class" is comprised of all persons who purchased or otherwise acquired securities during the Class Period.

Accordingly, Movant respectfully requests that (a) the Actions be consolidated; (b) he be appointed Lead Plaintiff; and (c) Levi & Korsinsky be approved as Lead Counsel.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Actions involve substantially similar issues of fact and law and should be consolidated;

2. Whether Movant meets the requirements under the PSLRA to be appointed Lead Plaintiff; and

3. Whether Movant's choice of Lead Counsel and Liaison Counsel should be approved.

## III. STATEMENT OF FACTS

LendingClub, together with its subsidiaries, operates as an online marketplace that connects borrowers and investors in the United States. ¶ 24.[5] The Company facilitates various types of loan products for consumers and small businesses, while also offering investors an opportunity to invest in its loan products based on term and credit characteristics. *Id.* During the Class Period, the Complaint alleges that the Company made false and/or misleading statements and/or failed to disclose that: (i) it's internal controls were inadequate to ensure that LendingClub's loans conformed to its customers' criteria; (ii) LendingClub's internal controls were inadequate to ensure that relevant interests in third-party transactions were fully and timely disclosed; and (iii) as a result of the foregoing, LendingClub's public statements were materially false and misleading at all relevant times. ¶ 6.

On May 8, 2014, the Company filed its Prospectus with the SEC wherein the Company lauded the transparency in the quality of the loan products provided to its customers. ¶¶ 30-31.

On February 27, 2015, LendingClub filed its Annual Report on Form 10-K with the SEC announcing the Company's financial and operating results for the quarter and year ended

---

[5] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "Complaint") filed in the *Evellard* Action. All capitalized terms not otherwise defined carry the same meaning as set forth in the Complaint. The facts set forth in the Complaint are incorporated herein by reference.

December 31, 2014 (the "2014 10-K"). ¶ 32.  The 2014 10-K contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Laplanche and Dolan, stating that the financial information contained therein was accurate and disclosed any material changes to the Company's internal control over financial reporting. ¶ 34.

On March 10, 2015, defendant Laplanche was interviewed by the online publication *LendingMemo* during which he touted the Company's deliberate approach to growth while stressing the Company's responsibility to avoid putting the Company's customers "at risk." ¶ 35.

On May 5, 2015, the Company filed its Quarterly Report on Form 10-Q with the SEC announcing its financial and operating results for the quarter ended March 31, 2015 (the "Q1 2015 10-Q"). ¶ 36.   The Q1 2015 10-Q contained signed SOX certifications by Laplanche and Dolan attesting to the filing's accuracy. ¶ 38.

On August 5, 2015, the Company filed its Quarterly Report on Form 10-Q with the SEC announcing its financial and operating results for the quarter ended June 30, 2015 (the "Q2 2015 10-Q"). ¶ 39.   The Q2 2015 10-Q contained signed SOX certifications by Laplanche and Dolan attesting to the filing's accuracy. ¶ 41.

On November 3, 2015, the Company filed its Quarterly Report on Form 10-Q with the SEC announcing its financial and operating results for the quarter ended September 30, 2015 (the "Q3 2015 10-Q"). ¶ 42.   The Q3 2015 10-Q contained signed SOX certifications by Laplanche and Dolan attesting to the filing's accuracy. ¶ 44.

On February 22, 2016, the Company filed its Annual Report on Form 10-K with the SEC announcing its financial and operating results for the quarter and year ended December 31, 2015 (the "2015 10-K"). ¶ 45.   The 2015 10-K contained signed SOX certifications by Laplanche and Dolan attesting to the filing's accuracy. ¶ 47.

On May 9, 2016, the truth emerged when the Company disclosed in an SEC filing that, on May 6, 2016, the Company's board of directors had accepted the resignation of defendant Laplanche as the Company's chairman and CEO, precipitated by an internal review that found that the Company had sold $22 million in loans (made to consumers with low credit scores) to a

single investor in violation of the investor's "express instructions." ¶ 50. Upon this news, the Company's shares fell $2.48, approximately 35%, to close at $4.62 that same day. ¶ 51. Subsequently, on May 10, 2016, *Bloomberg* and other news outlets reported that Goldman Sachs and Jefferies had halted their purchases of LendingClub loans. ¶ 53. On this same day, the U.S. Treasury Department issued a White Paper describing the online lending industry as "untested' and calling for more regulations. *Id*. On this news, LendingClub stock fell $0.52, or 11.3%, to close at 4.10 per share on May 10, 2016. ¶ 54.

## IV.     ARGUMENT

### A. The Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999); *see also Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation." (quoting *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc.*, No. 99-cv-1454, 1999 U.S. Dist. LEXIS 14460, *4 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact . . . .") (citation omitted); *Primavera Familienstifung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements. *See, e.g.*, *Weisz v. Calpine Corp.*, No. 02-cv-1200, 2002 U.S. Dist. LEXIS

27831, *7-8 (N.D. Cal. Aug. 19, 2002); *Takeda*, 67 F. Supp. 2d at 1132-33 (consolidation appropriate in securities class actions).

The Actions pending before this Court present similar factual and legal issues, as they both involve the same subject matter and are based on the same wrongful course of conduct. Each names LendingClub and certain of its officers and/or directors as defendants. Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B. The Court Should Appoint Movant as Lead Plaintiff

#### 1. The Procedure Required by the PSLRA

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

|   |   |
|---|---|
| 1 | (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. |

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that the defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### a.   Movant is Willing to Serve as Class Representative

On May 16, 2016 counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against LendingClub and the Individual Defendants, and which advised putative class members that they had no later than July 15, 2016 to file a motion to seek appointment as a lead plaintiff in the action.[8] Movant has reviewed a complaint filed in the pending Actions and has timely filed his motion pursuant to the Notice.

### b.   Movant Has the Requisite Financial Interest in the Relief Sought by the Class

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* McCall Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*,

---

[8] The first-filed action, the *Evellard* Action was filed in this Court on May 16, 2016. On that same day, the Notice was published over *Globe Newswire,* a widely-circulated national business-oriented wire service. A copy of the Notice is attached as Exhibit C to the McCall Decl.

No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501, at *3-4 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, Movant purchased LendingClub shares in reliance upon the materially false and misleading statements issued by the defendants, and was injured thereby. Movant suffered a substantial loss of approximately $40,000.00. *See* McCall Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Takeda*, 67 F. Supp. 2d at 1136. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D.

404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### a. Movant's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by Defendants; and (iii) his claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired LendingClub securities during the Class Period at prices artificially inflated by the defendants' materially false and misleading statements, and were damaged thereby. Thus, his claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses result from the defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel*

1 *Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class.  Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §78u-4(a)(3)(B); *see Crawford v. Honig,* 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class.  Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Actions.  This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class.  In addition, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  In addition, because Movant has sustained the largest amount of losses from the defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Action.

### C. Movant's Choice of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with the lead

1  plaintiff's selection of counsel only when necessary "to protect the interests of the class."  15
2  U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

3      Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the
4  Class.  The members of Levi & Korsinsky have extensive experience in successfully prosecuting
5  complex securities class actions such as these, and are well-qualified to represent the Class.  *See*
6  McCall Decl., Ex. D (the firm resume of Levi & Korsinsky).

7      **V.**    **CONCLUSION**

8      For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate
9  the Actions; (2) appoint Movant as Lead Plaintiff for the Class in the Action; and (3) approve
10 Levi & Korsinsky as Lead Counsel for the Class.

12 Dated:  July 15, 2016                Respectfully submitted,

13                                         **LEVI & KORSINSKY LLP**

14                                         */s/ Adam C. McCall*
15                                         Adam C. McCall
                                          445 South Figueroa Street, 31st Floor
16                                         Los Angeles, CA 90071
                                          Tel: (213) 985-7290
17                                           Email: amccall@zlk.com

18                                           Shannon L. Hopkins
19                                           LEVI & KORSINSKY LLP
                                          733 Summer Street, Suite 304
20                                           Stamford, Connecticut 06901
                                          Tel: (203) 992-4523
21                                           Fax: (212) 363-7171

22                                           (*pro hac vice to be submitted*)

23                                           *Attorneys for Movant Lyle Hansen and*
24                                           *Proposed Lead Counsel for the Class*