ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
POST MONTGOMERY CENTER
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
JASON A. FORGE (181542)
DANIELLE S. MYERS (259916)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
jforge@rgrdlaw.com
dmyers@rgrdlaw.com

Counsel for the Water and Power
Employees' Retirement, Disability
and Death Plan of the City of Los Angeles

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEEVE EVELLARD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LENDINGCLUB CORPORATION, et al.,<br><br>Defendants. | Case No. 3:16-cv-02627-WHA<br><br><u>CLASS ACTION</u><br><br>WATER AND POWER EMPLOYEES' RETIREMENT, DISABILITY AND DEATH PLAN OF THE CITY OF LOS ANGELES' NOTICE OF MOTION AND MOTION FOR CONSOLIDATION AND APPOINTMENT AS LEAD PLAINTIFF; MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>DATE: August 15, 2016<br>TIME: 10:00 a.m.<br>CTRM: 8, 19th Floor |

1161876_1

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on Monday, August 15, 2016, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8 on the 19th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA ,94102 before the Honorable William Alsup, the Water and Power Employees' Retirement, Disability and Death Plan of the City of Los Angeles (the "Retirement Plan" or "WPERP") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) consolidating the related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; and (2) appointing the Retirement Plan as lead plaintiff.[1] This Motion is made on the grounds that the Retirement Plan is the "most adequate plaintiff" to serve as lead plaintiff.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF ISSUES TO BE DECIDED

Presently pending in this District are two securities class action lawsuits (the "Related Actions") on behalf of purchasers of LendingClub Corporation ("LendingClub" or the "Company") securities pursuant and/or traceable to the Company's December 11, 2014 initial public stock offering (the "IPO") and/or purchasers of LendingClub securities on the open market between December 11, 2014 and May 9, 2016 (the "Class Period").[2] In securities class actions, the PSLRA requires district courts to resolve consolidation before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, the Related Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a); §IV.A., *infra.*

---

[1] Pursuant to this Court's June 15, 2016 Order, the Retirement Plan will seek approval of its selection of counsel if the Retirement Plan is appointed as lead plaintiff. *See* Dkt. No. 16 at 2.

[2] The Related Actions are *Evellard v. LendingClub Corp.,* No. 16-2627 (filed 5/16/16) and *Wertz v. LaPlanche*, No. 16-2670 (filed 5/18/16). The *Wertz* complaint asserts claims pursuant to the Securities Act of 1933 ("1933 Act") and the Securities Exchange Act of 1934 ("1934 Act"). Because the PSLRA lead plaintiff provisions applicable to both Acts are virtually identical, only the 1934 Act provisions are cited herein.

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The Retirement Plan should be appointed as lead plaintiff because it: (1) timely filed this Motion; (2) has the largest financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* Declaration of Darren J. Robbins in Support of Water and Power Employees' Retirement, Disability and Death Plan of the City of Los Angeles' Notice of Motion and Motion for Consolidation and Appointment as Lead Plaintiff ("Robbins Decl."), Exs. B, C.

## II.     STATEMENT OF ISSUES TO BE DECIDED

1.      Whether the Court should consolidate the Related Actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; and

2.      Whether the Court should appoint the Retirement Plan as lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

## III.    STATEMENT OF FACTS

LendingClub, together with its subsidiaries, operates as an online marketplace that connects borrowers and investors in the United States. Its marketplace facilitates various types of loan products for consumers and small businesses, including unsecured personal loans, super prime consumer loans, unsecured education and patient finance loans, and unsecured small business loans. The Company also offers investors an opportunity to invest in a range of loans based on term and credit characteristics. LendingClub serves investors, such as retail investors, high-net-worth individuals and family offices, banks and finance companies, insurance companies, hedge funds, foundations, pension plans and university endowments. The Company's stock trades on the New York Stock Exchange under the ticker "LC."

On or about December 11, 2014, the Company completed a public offering of 66.7 million shares of its common stock at $15 per share (which included 59 million shares sold by LendingClub

and 7.7 million shares sold by selling stockholders), for approximately $1 billion in gross proceeds. On December 11, 2014, LendingClub's stock closed at $23.43 per share, up 56% from its IPO price.

The *Evellard* complaint alleges that defendants' statements issued in connection with the IPO and during the subsequent Class Period regarding the Company's business, operations, compliance policies and financial statements concealed certain material facts known to defendants that caused the financial information reported in the Registration Statement and Prospectus (collectively the "Offering Materials") and issued during the Class Period to be false and misleading. Specifically, the Offering Materials and defendants' other Class Period statements failed to disclose: (1) that LendingClub's internal controls were inadequate to ensure that LendingClub's loans conformed to its customers' criteria; and (2) that LendingClub's internal controls were inadequate to ensure that relevant interests in third-party transactions were fully and timely disclosed. As a result of these false statements, the price of LendingClub stock traded at artificially inflated prices during the Class Period, reaching a high of $27.90 per share on December 18, 2014.

On May 9, 2016, LendingClub disclosed in an SEC filing that on May 6, 2016, the Company's Board of Directors had accepted the resignation of defendant Laplanche, who stepped down after a Board investigation revealed a mishandling of loan sales and other violations of Company policy. The Company reported that Laplanche's resignation was precipitated by an internal review that found that the Company had sold $22 million in loans made to consumers with low credit scores to a single investor (later reported to be Jefferies LLC), in violation of the investor's "express instructions." Additionally on May 9, 2016, LendingClub received a grand jury subpoena from the DOJ. The Company also contacted the SEC about the events surrounding Laplanche's departure and stated its intent to cooperate with both the SEC and DOJ investigations. The price of LendingClub stock dropped $2.48 per share to close at $4.62 per share on May 9, 2016, a one-day decline of nearly 35%.

Subsequently, on May 10, 2016, *Bloomberg* and other news outlets reported that Goldman, Sachs and Co. and Jefferies had halted their purchases of LendingClub loans. The price of LendingClub stock declined another $.52 per share to close at $4.10 per share on May 10, 2016, a one-day decline of 11%.

Then, on May 16, 2016, the Company disclosed that it may need to fund some of the loans from its balance sheet because buyers may have lost confidence in it. Later, on May 17, 2016, LendingClub filed an amendment to its 2015 Form 10-K to revise the Company's conclusions about its internal controls. The amended Form 10-K included an opinion letter by the Company's outside auditor (Deloitte & Touche LLP) which noted:

> Management has identified a material weakness due to lack of an appropriate "tone at the top" set by senior management that manifested in three primary areas:
>
> - Sales of near-prime loans to an investor that certain senior managers of the Company apparently were aware were not compliant with a specific, non-credit-based requirement of the investor;
>
> - Review of related party transactions; and
>
> - Lack of transparent communication and appropriate oversight of investor contract amendments.

At the time the *Evellard* complaint was filed, LendingClub stock was trading below $3.76 per share, a decline of more than 75% from the IPO price and a decline of nearly 87% from its Class Period high.

## IV.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

The Court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Here, the Related Actions assert similar claims on behalf of purchasers of LendingClub securities during similar Class Periods. *Compare Evellard* Complaint *with Wertz* Complaint. Accordingly, the Related Actions should be consolidated.

### B.   The Retirement Plan Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedures for the appointment of a lead plaintiff in "each private action arising under [the 1933 or 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-

4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). The Retirement Plan meets each of these requirements and should be appointed as Lead Plaintiff.

### 1. This Motion Is Timely

The statutory notice published in the first-filed action on May 16, 2016, advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff by July 15, 2016. *See* Robbins Decl., Ex. A. Because this Motion is being filed on July 15th, it is timely and the Retirement Plan is entitled to be considered for appointment as lead plaintiff.

### 2. The Retirement Plan Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Retirement Plan purchased more than 2.7 million shares of LendingClub stock and suffered nearly $13 million in losses as the price of LendingClub stock declined. *See* Robbins Decl., Exs. B, C.[3] To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest during this Class Period. Therefore, the Retirement Plan satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. The Retirement Plan Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and

---

[3] Notably, the Retirement Plan's loss is the same regardless of whether the first-in, first-out ("FIFO") or last-in, first-out ("LIFO") accounting methodology is used.

adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

The test of typicality is "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and able to vigorously prosecute the action on behalf of the class. *See* Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

In this case, the artificial inflation and consequent market corrections of the price of LendingClub's stock caused by defendants' allegedly false and misleading disclosures during the Class Period resulted in the Retirement Plan and absent class members, alike, suffering financial loss. As such, the Retirement Plan's claims are based on the same legal theories as other class members. *See In re Diamond Foods, Inc.*, 281 F.R.D. 405, 408-09 (N.D. Cal. 2012).

As to adequacy, the Retirement Plan has submitted both a Certification and Response to Court Questionnaire pursuant to the Court's June 15, 2016 Order confirming its desire, willingness and ability to serve as lead plaintiff. *See* Robbins Decl., Exs. B, D. Like all class members, the Retirement Plan purchased LendingClub securities and suffered damages when defendants' alleged misconduct was revealed. *See* Robbins Decl., Ex. B. The Retirement Plan's substantial financial interest indicates it has the requisite incentive to vigorously represent the class's claims. *Id.* Moreover, the Retirement Plan is not subject to unique defenses and is not aware of any conflicts between its claims and those asserted by the class.

The Retirement Plan, in conjunction with the City Attorney's office, will actively work with its selected outside counsel to review all significant Court filings, to participate in the strategy and prosecution of the claims, attend hearings when appropriate to do so, participate in mediation, provide documents and deposition testimony and ultimately make the final decision regarding whether any potential pre-trial settlement is appropriate or the case should proceed to trial. The City

1  Attorney's Office has managed several securities class actions and its experience will improve
2  representation of the class.
3       As such, the Court should find that the Retirement Plan has made a *prima facie* showing of
4  typicality and adequacy.

5  **V.  CONCLUSION**

6       The Court should consolidate the Related Actions because they share overlapping questions
7  of law and fact. In addition, the Retirement Plan has satisfied each of the PSLRA's requirements for
8  appointment as lead plaintiff. As such, the Retirement Plan respectfully requests that the Court
9  appoint it as Lead Plaintiff.

10 DATED: July 15, 2016                    Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
DARREN J. ROBBINS
JASON A. FORGE
DANIELLE S. MYERS

                                         s/ Darren J. Robbins
                                        DARREN J. ROBBINS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN & DOWD LLP
SHAWN A. WILLIAMS (213113)
POST MONTGOMERY CENTER
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

Counsel for the Water and Power
Employees' Retirement, Disability
and Death Plan of the City of Los Angeles

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 15, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 15, 2016.

    s/ Darren J. Robbins
DARREN J. ROBBINS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:darrenr@rgrdlaw.com

1161876_1

# Mailing Information for a Case 3:16-cv-02627-WHA Evellard v. LendingClub Corporation et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Carly Lee Bittman**
  cbittman@fenwick.com

- **Nair Diana Chang**
  dchang@fenwick.com

- **Brittany Nicole DeJong**
  dejong@whafh.com

- **Richard Martin Heimann**
  rheimann@lchb.com

- **Frank James Johnson**
  frankj@johnsonandweaver.com,paralegal@johnsonandweaver.com,michaelf@johnsonandweaver.com,ceciliar@johnsonandweaver.com

- **Sebastian Elan Kaplan**
  skaplan@fenwick.com,sellenburg@fenwick.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com

- **Marisa C. Livesay**
  livesay@whafh.com,boyles@whafh.com

- **Betsy Carol Manifold**
  manifold@whafh.com,cabrera@whafh.com,boyles@whafh.com,loritsch@whafh.com

- **Adam Christopher McCall**
  amccall@zlk.com

- **Kevin Peter Muck**
  kmuck@fenwick.com,kayoung@fenwick.com,lkelleybourne@fenwick.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Jay L. Pomerantz**
  jpomerantz@fenwick.com,slim@fenwick.com

- **Rachele R. Rickert**
  rickert@whafh.com,cabrera@whafh.com,boyles@whafh.com,loritsch@whafh.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`