**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
BLAIR A. NICHOLAS (Bar No. 178428)
blairn@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323

-and-

GERALD H. SILK
jerry@blbglaw.com
AVI JOSEFSON
avi@blbglaw.com
MICHAEL D. BLATCHLEY
michaelb@blbglaw.com
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

*Counsel for the Employees' Retirement System of the State of Hawaii and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| STEEVE EVELLARD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LENDINGCLUB CORPORATION, RENAUD LAPLANCHE, and CARRIE L. DOLAN,<br><br>Defendants. | No. 3:16-cv-02627-WHA<br><br>**NOTICE OF MOTION AND MOTION OF THE EMPLOYEES' RETIREMENT SYSTEM OF THE STATE OF HAWAII FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF LEAD COUNSEL, AND RELATION AND CONSOLIDATION OF ALL RELATED ACTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: August 15, 2016<br>Time: 10:00 a.m.<br>Courtroom: 8, 19th Floor<br>Judge: Hon. William H. Alsup |

| | |
|---|---|
| NICOLE WERTZ, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RENAUD LAPLANCHE, CARRIE DOLAN, and LENDINGCLUB CORPORATION,<br><br>　　　　　Defendants. | No. 3:16-cv-02670-WHA<br><br><br><br><br>Date: August 15, 2016<br>Time: 10:00 a.m.<br>Courtroom: 8, 19th Floor<br>Judge: Hon. William H. Alsup |

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. ii

NOTICE OF MOTION AND MOTION ................................................................................1

STATEMENT OF ISSUES .....................................................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES .........................................................2

I. PRELIMINARY STATEMENT .................................................................................2

II. SUMMARY OF THE PENDING ACTIONS .............................................................4

III. ARGUMENT................................................................................................................5

    A. Hawaii ERS Should Be Appointed Lead Plaintiff......................................................5

        1. Hawaii ERS's Motion Is Timely.................................................................5

        2. Hawaii ERS Has The Largest Financial Interest In The Relief Sought By The Class ...............................................6

        3. Hawaii ERS Otherwise Satisfies The Requirements Of Rule 23............................................................................6

    B. The Court Should Approve Hawaii ERS's Selection Of Lead Counsel .................................................................................11

    C. The Related Actions Should Be Related And Consolidated .......................................................................................................12

CONCLUSION......................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**                                                            **Page(s)**

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) .................................................................................................5

*In re Century Aluminum Co. Sec. Litig.*,
   No. C 09-1001 SI, 2009 WL 2905962 (N.D. Cal. Sept. 8, 2009)..........................................13

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
   No. 12-CV-06039-LHK, 2013 WL 2368059 (N.D. Cal. May 29, 2013) ................................7

*City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*,
   No. C 04-04362 MJJ, 2005 WL 318813 (N.D. Cal. Feb. 7, 2005).........................................13

*Cohen v. United States Dist. Ct. for N. Dist. of Cal.*,
   586 F.3d 703 (9th Cir. 2009) ..................................................................................................11

*In re Diamond Foods, Inc., Sec. Litig.*,
   281 F.R.D. 405 (N.D. Cal. 2012).............................................................................................7

*In re Extreme Networks Inc. Sec. Litig.*,
   No. 15-cv-04883-BLF, 2016 WL 3519283 (N.D. Cal. June 28, 2016) ..................................10

*Johnson v. OCZ Tech. Grp., Inc.*,
   No. CV 12-05265 RS, 2013 WL 75774 (N.D. Cal. Jan. 4, 2013) ..........................................13

*Krieger v. Atheros Commc'ns, Inc.*,
   No. 11-CV-00640-LHK, 2011 WL 6153154 (N.D. Cal. Dec. 12, 2011) .................................6

*Woburn Ret. Sys. v. Omnivision Techs., Inc.*,
   No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590 (N.D. Cal. Feb. 21, 2012)............2

**Rules and Statutes**

Fed. R. Civ. P. 23(a)(4).................................................................................................................7

15 U.S.C. § 77z-1(a)(3)......................................................................................................... *passim*

15 U.S.C. § 78u-4(a)(3) ........................................................................................................ *passim*

**Other Authorities**

Civ. L.R. 3-12(a)..........................................................................................................................12

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 .................................9

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on August 15, 2016 at 10:00 a.m., before the Honorable William H. Alsup, at the United States District Court for the Northern District of California, located at the San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 8 - 19th Floor, San Francisco, California, the Employees' Retirement System of the State of Hawaii ("Hawaii ERS") will respectfully move this Court for entry of an Order, pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (1) appointing Hawaii ERS as Lead Plaintiff in the above-captioned actions; (2) approving Hawaii ERS's selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") to serve as Lead Counsel for the Class; (3) relating and consolidating all related securities class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; and (4) for any such further relief as the Court may deem just and proper.

This Motion is made on the grounds that Hawaii ERS believes it is the "most adequate plaintiff" under the PSLRA and should therefore be appointed Lead Plaintiff. Specifically, Hawaii ERS believes that it has the "largest financial interest" in the relief sought by the Class in this action by virtue of, among other things, the approximately $7.7 million in losses that Hawaii ERS suffered on its investments in the common stock of LendingClub Corporation ("LendingClub" or the "Company"). Hawaii ERS also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of other Class members' claims and because it will fairly and adequately represent the interests of the Class.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Blair A. Nicholas filed herewith (the "Nicholas Decl."), the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

WHEREFORE, Hawaii ERS respectfully requests that the Court: (1) appoint Hawaii ERS as Lead Plaintiff in the above-captioned actions pursuant to the PSLRA; (2) approve Hawaii ERS's

selection of Bernstein Litowitz to serve as Lead Counsel for the Class; (3) relate and consolidate all related securities class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; and (4) grant such further relief as the Court may deem just and proper.

**STATEMENT OF ISSUES**

1. Whether Hawaii ERS is the "most adequate plaintiff," pursuant to 15 U.S.C. §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i).

2. Whether to approve Hawaii ERS's selection of counsel, Bernstein Litowitz, pursuant to 15 U.S.C. §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v).

3. Whether to relate and consolidate the two pending federal securities class actions against Defendants (defined below), which involve common questions of law and fact, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. PRELIMINARY STATEMENT**

Currently pending in this District are two securities class actions against LendingClub and certain of its senior executives (collectively, "Defendants") arising from Defendants' misrepresentations to investors during the period from December 11, 2014 through May 9, 2016, inclusive (the "Class Period").[1] In addition, one of the above-captioned actions asserts claims under Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k, 77o) against Defendants in connection with the Company's initial public offering on or about December 11, 2014 (the "IPO"). LendingClub investors, including Hawaii ERS, incurred significant losses when the Company announced that it had fired its founder and CEO for his involvement in defrauding one of the Company's institutional investors, and for concealing the fact that he had a significant investment in a third-party fund at the same time he was urging the Company to approve an investment in the same fund.

---

[1] The complaints filed against LendingClub assert different class periods. For purposes of appointing a Lead Plaintiff, the longest class period governs. *See Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590, at *14 n.1 (N.D. Cal. Feb. 21, 2012).

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation and also whether such movants have made a prima facie showing that they are typical and adequate class representatives under Rule 23. 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Hawaii ERS is the "most adequate plaintiff" by virtue of the approximately $7.7 million in losses it incurred on its investments in LendingClub common stock during the Class Period.[2]

In addition to claiming the largest financial interest, Hawaii ERS readily satisfies the relevant requirements of Rule 23 because its claims are typical of those of all members of the Class, and it will fairly and adequately represent the Class. As set forth in the accompanying Declaration, Hawaii ERS engaged in an extensive deliberative process in determining to assert its institutional leadership and to ensure the action against LendingClub is effectively prosecuted in the best interests of the Class.[3] In addition, Hawaii ERS, through the Department of the Attorney General of the State of Hawaii ("DAG"), engaged in a competitive process relating to the selection of counsel, part of which involved the DAG reviewing submissions from 45 lawyers and obtaining proposals from four nationally recognized law firms with extensive experience litigating securities class actions. As demonstrated by its Declaration, Hawaii ERS has both the incentive and ability, through dedicated counsel with the DAG, to supervise and monitor counsel, and is more than adequate to represent the Class.

Hawaii ERS believes that the effective prosecution of this action will be ensured by the selection of Bernstein Litowitz as proposed Lead Counsel for the Class. Bernstein Litowitz is a

---

[2] Hawaii ERS's PSLRA-required Certification is provided as Exhibit A to the Nicholas Decl. In addition, charts setting forth calculations of Hawaii ERS's losses are provided as Exhibit B to the Nicholas Decl.

[3] *See* Declaration of Kanoe Margol and Brian Aburano in Support of the Motion of the Employees' Retirement System of the State of Hawaii for Appointment as Lead Plaintiff, Approval of its Selection of Lead Counsel, and Relation and Consolidation of All Related Actions (the "Declaration"), attached as Exhibit C to the Nicholas Decl.

nationally recognized securities class action firm that has recovered billions of dollars for the benefit of harmed investors. Bernstein Litowitz is eminently qualified to prosecute this case and has extensive experience in securities fraud litigation, which will benefit the Class.

Based on Hawaii ERS's financial interest in the outcome of this action, its demonstrated commitment to acting in the best interests of the Class to maximize the recovery in this case, and its ability to oversee counsel, Hawaii ERS respectfully requests that the Court appoint it Lead Plaintiff and otherwise grant its Motion.

## II.     SUMMARY OF THE PENDING ACTIONS

Founded in 2006, LendingClub operates an online marketplace that connects borrowers and investors in the United States. Its marketplace facilitates various types of loan products for consumers and small businesses, including unsecured personal loans, super prime consumer loans, unsecured education and patient finance loans, and unsecured small business loans. The Company also offers investors an opportunity to invest in a range of loans based on term and credit characteristics. On December 11, 2014, LendingClub completed its IPO, selling 58 million shares at $15.00 each and raising $870 million. On its first day of trading, LendingClub's stock price climbed as high as $25.44 per share, ultimately closing at $23.43 per share, up more than 56% from its IPO price.

In connection with the IPO and throughout the Class Period, Defendants made materially false and misleading statements regarding LendingClub's business, operational and compliance policies. Specifically, the Company touted its commitment to investor transparency, investors' demand for loans, and the Company's sophisticated risk assessment tools. LendingClub also assured investors of the adequacy of its internal controls to ensure that the Company's loans conformed to its customers' criteria and to ensure that relevant interests in third-party transactions were fully and timely disclosed. As a result of these misrepresentations, LendingClub stock traded at artificially inflated prices throughout the Class Period.

The truth began to be disclosed on May 9, 2016, when LendingClub revealed that the Company's board of directors had accepted the resignation of Defendant Renaud Laplanche as the Company's Chairman and Chief Executive Officer. The Company reported that Laplanche's

[3:16-cv-02627-WHA] NOTICE OF MOTION AND MOTION OF THE EMPLOYEES' RETIREMENT SYSTEM OF THE STATE OF HAWAII FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF LEAD COUNSEL, AND RELATION AND CONSOLIDATION OF ALL RELATED ACTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF     4

resignation was precipitated by an internal review that found that the Company had sold $22 million in loans, made to consumers with low credit scores, to a single investor, in violation of the investor's "express instructions." The Company also disclosed that Laplanche had failed to inform the board's Risk Committee of personal interests held in a third-party fund while the Company was contemplating an investment in the same fund. As a result of these disclosures, LendingClub's stock fell $2.48 per share, or nearly 35%, to close at $4.62 per share on May 9, 2016.

Then, on May 9, 2016, after markets closed, news outlets reported that the SEC was investigating LendingClub's disclosures. The following day, *Bloomberg* and other news outlets reported that Goldman Sachs and Jefferies had halted their purchases of LendingClub loans. These disclosures caused LendingClub shares to fall $0.52 per share, or 11.3%, to close at $4.10 per share on May 10, 2016. Defendants' conduct and the revelations thereof have caused the Class to incur substantial losses.

### III. ARGUMENT

#### A. Hawaii ERS Should Be Appointed Lead Plaintiff

Hawaii ERS respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i). The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant who has the "largest financial interest" in the relief sought by the Class and satisfies the relevant requirements of Rule 23. 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) ("The [PSLRA] provides a simple . . . process for identifying the lead plaintiff pursuant to these criteria"). As set forth below, Hawaii ERS believes it is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

##### 1. Hawaii ERS's Motion Is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within sixty days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. §§ 77z-1(a)(3)(A), 78u-4(a)(3)(A). On May 16, 2016, the first of

two related securities class actions, *Evellard v. LendingClub Corporation*, No. 3:16-cv-02627 ("*Evellard*"), was filed in this District asserting claims under the Exchange Act and the Securities Act against Defendants. That same day, a notice of the pendency of *Evellard* was published on *Globe Newswire*, alerting investors that the deadline to seek Lead Plaintiff status is July 15, 2016. *See Evellard*, ECF No. 14. On May 18, 2016, a related action, *Wertz v. Laplanche*, No. 3:16-cv-02670 ("*Wertz*"), was filed in this District and expanded the Class Period to December 11, 2014 and May 9, 2016. That same day, a notice of the pendency of *Wertz* was published on *PR Newswire*, alerting investors to the expanded Class Period. *See Wertz*, ECF No. 7. Hawaii ERS's Motion is properly filed within sixty days of the publication of the notice of the pendency of the first-filed action.

### 2. Hawaii ERS Has The Largest Financial Interest In The Relief Sought By The Class

Hawaii ERS should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought by the Class. *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(bb), 78u-4(a)(3)(B)(iii)(I)(bb). As demonstrated herein, Hawaii ERS sustained total losses of approximately $7.7 million on its Class Period purchases of over 575,000 shares of LendingClub common stock. *See* Nicholas Decl., Exs. A and B. Hawaii ERS's losses are the same whether calculated on a last-in, first-out ("LIFO") or first-in, first-out ("FIFO") basis. To the best of Hawaii ERS's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation. Accordingly, Hawaii ERS has the largest financial interest of any qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff." 15 U.S.C. §§ 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii).

### 3. Hawaii ERS Otherwise Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Hawaii ERS otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(cc), 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, a movant need only make a "preliminary showing that it satisfies the typicality and adequacy requirements

of [Rule] 23." *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 6153154, at *3 (N.D. Cal. Dec. 12, 2011) (citation omitted). Here, Hawaii ERS indisputably satisfies the typicality and adequacy requirements.

Hawaii ERS's claims are typical of the claims of other purchasers of LendingClub common stock. Typicality can be established by showing that the proposed Lead Plaintiff "has suffered the same injuries as absent class members, as a result of the same conduct by the defendants." *In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012) (Alsup, J.) (citation omitted). Here, Hawaii ERS's claims and the claims of all other Class members arise from the same course of events and their legal arguments to prove Defendants' liability are nearly identical. Indeed, like all other Class members, Hawaii ERS: (1) purchased LendingClub common stock during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) were damaged thereby. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (finding typicality requirement met when proposed Lead Plaintiff "purchased [the defendant's] common stock during the Class Period, allegedly in reliance upon [the d]efendants' purported false and misleading statements, and alleged[ly] suffered damages as a result"). As such, Hawaii ERS is a typical Class representative.

Hawaii ERS similarly satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In determining whether adequacy is satisfied, a Court inquires "whether the class representative and his counsel 'have any conflicts of interest with other class members' and whether the class representative and its counsel will 'prosecute the action vigorously on behalf of the class.'" *Diamond Foods*, 281 F.R.D. at 409 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)). Hawaii ERS satisfies these elements because its substantial financial stake in the litigation provides the incentive to vigorously represent the Class' claims. Hawaii ERS's interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Hawaii ERS and other Class members.

To further demonstrate its adequacy, Hawaii ERS submits herewith a Declaration, which affirms its understanding of the duties owed to the Class and its commitment to overseeing the prosecution of this action in the best interests of the Class. *See* Nicholas Decl., Ex. C. Through its Declaration, Hawaii ERS has demonstrated that it accepts the fiduciary obligations that it will assume if appointed Lead Plaintiff in this action. *See id*. Moreover, given the Court's prior practices involving the appointment of Lead Counsel, the Declaration also outlines the rigorous process undertaken by Hawaii ERS to select and retain counsel in this case. *See id*.

Specifically, to satisfy its fiduciary duties to over 119,000 beneficiaries, Hawaii ERS maintains a panel of several nationally recognized law firms specializing in securities matters to monitor its investment portfolio and alert Hawaii ERS of potential instances of securities fraud. *See id*. ¶ 6. Those firms were selected through a statutory process overseen by the DAG, in which a selection committee appointed by the Hawaii Attorney General reviewed and evaluated submissions from 45 lawyers, many from nationally recognized law firms. *See id*. Those submissions included, among other things, information regarding each firm's experience evaluating and litigating claims arising under the federal securities laws, the qualifications of the attorneys and the resources of the law firm to represent Hawaii ERS in securities matters, and the process by which the firm would report their monitoring activities to Hawaii ERS. *See id*. After reviewing these submissions, obtaining additional information, and contacting references, the selection committee ranked the firms based on the quality of their submissions and their ability to provide Hawaii ERS with high quality and effective representation. *See id*. Based on the selection committee's work, the Hawaii Attorney General selected the top ranked four firms to: (a) monitor Hawaii ERS's portfolio for possible securities claims; and (b) evaluate, render advice, and make recommendations regarding Hawaii ERS's filing of or active participation in securities litigation. *See id*.

In this case, following disclosures of LendingClub's misconduct and the Company's true financial condition, Hawaii ERS received detailed analyses from each of the four law firms concerning Hawaii ERS's losses and potential legal claims against Defendants. *See id*. ¶ 7. Those reports included, among other things, an evaluation of the claims filed against LendingClub, an

assessment of the merits of those claims, details of counsel's investigation, an approximation of Hawaii ERS's financial interest in the claims, and a recommendation concerning Hawaii ERS's legal options. *See id.* As advisor to Hawaii ERS, the DAG reviewed the analyses from each firm, and incorporated them into its own memorandum to Hawaii ERS's Board of Trustees (the "Board") which summarized the facts of the case, evaluated the strength of the claims, and sought the Board's authorization for Hawaii ERS to seek appointment as Lead Plaintiff in this case. *See id.*

In connection with presenting the DAG's memorandum to the Board, representatives of the DAG and Hawaii ERS attended a meeting of the Board on June 13, 2016, in which the Board took up the issue of whether to seek appointment as Lead Plaintiff in this action. *See id.* ¶ 8. Based on the DAG's memorandum and recommendation, which was informed by the analyses provided by outside counsel, the Board decided to seek appointment as Lead Plaintiff. *See id.* That determination was based on an understanding that the LendingClub securities class action is an important and complex action which seeks compensation for LendingClub investors that experienced hundreds of millions of dollars in losses and implicates serious public policy issues that are of great concern to Hawaii ERS and to the investment community at large. *See id.* Given the importance and the complexity of this action, Hawaii ERS believes that this case requires the leadership of a dedicated and sophisticated institutional investor committed to achieving the best possible outcome for LendingClub investors and other market participants. *See id.* It is for these reasons, among others, that the Board voted in favor of Hawaii ERS seeking appointment as Lead Plaintiff in this action.

Further, Hawaii ERS—which manages more than $14.5 billion in assets on behalf of more than 119,000 beneficiaries—is a sophisticated institutional investor that has experience serving as Lead Plaintiff in complex securities class actions. *See id.* ¶¶ 4-5. Indeed, Hawaii ERS is the very sort of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA—a sophisticated institutional investor with a substantial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by

improving the quality of representation in securities class actions"); *see also In re Extreme Networks Inc. Sec. Litig.*, No. 15-cv-04883-BLF, 2016 WL 3519283, at *6 (N.D. Cal. June 28, 2016) (same). Hawaii ERS will also draw upon the resources of the DAG to supervise and conduct the litigation. *See* Nicholas Decl., Ex. C ¶ 11. In addition, representatives of Hawaii ERS and the DAG are prepared to personally travel to court proceedings, depositions, settlement mediations, and hearings when their presence will be of benefit to the Class. *See id.* ¶ 13.

Finally, Hawaii ERS has demonstrated its adequacy through its selection of Bernstein Litowitz as Lead Counsel to represent the Class in this action. Indeed, Hawaii ERS is aware of this Court's prior practices involving the selection of counsel, and takes very seriously its obligation to ensure that it selects and retains Lead Counsel with experience in litigating complex securities class actions efficiently and effectively, and that will operate pursuant to the Lead Plaintiff's direction and authority.

To fulfill Hawaii ERS's duties under the PSLRA, the DAG solicited proposals from the four firms retained to represent Hawaii ERS in securities monitoring and related matters. *See id.* ¶ 10. The solicitation required each firm to submit, among other things: (1) attorneys' fee proposals; (2) the reasons why the DAG should select the firm, including work each firm is doing to prepare for this litigation, experience in similar cases, and any unique abilities or characteristics that make the firm particularly suitable to represent Hawaii ERS in this case; and (3) the names of the attorneys who will represent Hawaii ERS in the matter, and a description of their background and experience. *See id.* After receiving proposals from each of the four firms, the DAG evaluated the proposals based on, among other things, the proposed attorneys' fees, the firms' resources to prosecute this action, and the firms' experience serving as Lead Counsel in similar cases. *See id.* Based on its evaluation of the proposals, the DAG recommended that the Hawaii Attorney General select Bernstein Litowitz to represent Hawaii ERS in this action. *See id.* After considering the DAG's recommendation, the Attorney General selected Bernstein Litowitz as counsel for Hawaii ERS, in large part, because, as discussed in greater detail below, Bernstein Litowitz is highly experienced at prosecuting securities class actions and submitted what the DAG considered to be a highly competitive fee proposal. *See id.* Indeed, the DAG did not recommend another

experienced firm, in part, because its fee proposal was less favorable than the fees proposed by Bernstein Litowitz. *See id.*

Hawaii ERS and the DAG have directed Bernstein Litowitz to keep Hawaii ERS and the DAG apprised of all developments during the Lead Plaintiff motion process and counsel has agreed to make itself available for in-person and telephonic conferences with Hawaii ERS, the Board, and the DAG. Moreover, as part of its retention by Hawaii ERS and the DAG, Bernstein Litowitz agreed to report to Hawaii ERS and the DAG regularly, but no less than quarterly, regarding, among other things, the status of the litigation and decisions or actions that Hawaii ERS must make in the litigation. Recognizing its duty to maximize the recovery for the Class, Hawaii ERS and the DAG have directed Bernstein Litowitz to provide, upon request, detailed records of its time and expenses attributable to the prosecution of this case. *See id.* ¶ 12.

Thus, as demonstrated herein, Hawaii ERS is a paradigmatic Lead Plaintiff contemplated by the PSLRA.

**B.      The Court Should Approve Hawaii ERS's Selection Of Lead Counsel**

The Court should approve Hawaii ERS's selection of Bernstein Litowitz as Lead Counsel on behalf of the Class. Pursuant to 15 U.S.C. §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v), a movant shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent, and the Court should not disturb Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II)(aa), 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen v. United States Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice"). Moreover, consistent with this Court's practices involving the appointment of Lead Counsel, Hawaii ERS, through the DAG, engaged in a detailed and deliberative process to select and retain counsel well-suited to represent the Class in this action, and to obtain competitive fee proposals to maximize the recovery to the Class. *See* Nicholas Decl., Ex. C ¶¶ 9-10.

Bernstein Litowitz is among the preeminent securities class action law firms in the country. *See* Bernstein Litowitz's Firm Biography, Nicholas Decl., Ex. D. Bernstein Litowitz served as Lead Counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-03288-DLC (S.D.N.Y.), in

which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the Class. Recently, Bernstein Litowitz secured a resolution of $2.43 billion in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058-PKC (S.D.N.Y.), and a $730 million settlement in *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522-SHS (S.D.N.Y.) on behalf of the Class. Other significant examples in which courts in this District have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re McKesson HBOC, Inc. Securities Litigation*, No. 99-cv-20743 (N.D. Cal) (recovering $1.05 billion for investors); *In re 3Com Corp. Securities Litigation*, No. 97-cv-21083 (N.D. Cal.) (recovering $259 million for investors); *In re Maxim Integrated Products, Inc. Securities Litigation*, No. 08-cv-0832 (N.D. Cal.) (recovering $173 million for investors); *In re Wells Fargo Mortgage-Backed Certificates Litigation*, No. 09-cv-1376-LHK (N.D. Cal.) (recovering $125 million for investors); and *In re SunPower Securities Litigation*, No. 09-cv-5473-RS (N.D. Cal.) (recovering $19.7 million for investors).

Thus, the Court may be assured that by granting this Motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Hawaii ERS's selection of Bernstein Litowitz as Lead Counsel for the Class.

**C.      The Related Actions Should Be Related And Consolidated**

Civil Local Rule 3-12(a) of the United States District Court for the Northern District of California defines related cases as those actions that "concern substantially the same parties, property, transaction or event" and where it "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a). The two actions listed below meet the definition of related cases under Local Rule 3-12(a):

| Case | Civil No. | Date Filed |
|---|---|---|
| *Evellard v. LendingClub Corp.* | 16-cv-02627 | May 16, 2016 |
| *Wertz v. Laplanche* | 16-cv-02670 | May 18, 2016 |

Each of the plaintiffs in these actions is a shareholder of LendingClub and alleges claims against the Company and its officers, among others, for violations of the federal securities laws.

1 Each complaint contains similar allegations about the same parties, transactions, and events. The
2 cases should, therefore, be related.
3       Additionally, the Court should consolidate these actions. Rule 42(a) of the Federal Rule
4 of Civil Procedure ("Rule 42(a)") grants broad discretion to consolidate cases that involve common
5 questions of law or fact. *See City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*, No. C 04-04362
6 MJJ, 2005 WL 318813, at *3 (N.D. Cal. Feb. 7, 2005) (finding that consolidating securities class
7 actions "would expedite pretrial proceedings and reduce case duplication, thereby conserving
8 judicial resources").
9       These actions present virtually identical factual and legal issues because they each arise
10 out of the same alleged misstatements regarding LendingClub's commitment to investor
11 transparency, investors' demand for loans, and the Company's sophisticated risk assessment tools.
12 Although *Evellard* includes claims under Sections 11 and 15 of the Securities Act, which are not
13 included in *Wertz*, the similarities are far greater because the claims in all cases revolve around the
14 same alleged misrepresentations. *See In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI,
15 2009 WL 2905962, at *1-2 (N.D. Cal. Sept. 8, 2009) (consolidating a case that included claims
16 under the Exchange Act with cases that included claims under the Securities Act).
17       Accordingly, these actions are related cases within the meaning of Civ. L.R. 3-12(a) and
18 consolidation of *Wertz* into *Evellard* is appropriate under Rule 42(a). *See, e.g.*, *Johnson v. OCZ
19 Tech. Grp., Inc.*, No. CV 12-05265 RS, 2013 WL 75774, at *1-2 (N.D. Cal. Jan. 4, 2013)
20 (consolidating nine related federal securities class actions "involving [] common question[s] of
21 law or fact").

22 ## **CONCLUSION**

23       For the reasons discussed above, Hawaii ERS respectfully requests that the Court: (1)
24 appoint it to serve as Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act, 15 U.S.C.
25 § 77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B); (2)
26 approve its selection of Bernstein Litowitz as Lead Counsel for the Class; (3) relate and consolidate
27 all related actions; and (4) grant such other relief as the Court may deem just and proper.
28

| | |
|---|---|
| 1 | Dated: July 15, 2016 |

Dated: July 15, 2016    Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Blair A. Nicholas*

BLAIR A. NICHOLAS
Blair A. Nicholas (Bar No. 178428)
blairn@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323

-and-

GERALD H. SILK
jerry@blbglaw.com
AVI JOSEFSON
avi@blbglaw.com
MICHAEL D. BLATCHLEY
michaelb@blbglaw.com
1251 Avenue of the Americas, 44th Floor
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

*Counsel for the Employees' Retirement System of the State of Hawaii and Proposed Lead Counsel for the Class*

# CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Blair A. Nicholas*

BLAIR A. NICHOLAS
Blair A. Nicholas (Bar No. 178428)
blairn@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323

*Counsel for the Employees' Retirement System of the State of Hawaii and Proposed Lead Counsel for the Class*