ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
       – and –
DARREN J. ROBBINS (168593)
JASON A. FORGE (181542)
SCOTT H. SAHAM (188355)
MICHAEL ALBERT (301120)
CARISSA J. DOLAN (303887)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
jforge@rgrdlaw.com
scotts@rgrdlaw.com
malbert@rgrdlaw.com
cdolan@rgrdlaw.com

*Lead Counsel for Lead Counsel Water and Power Employees'
Retirement, Disability and Death Plan of the City of Los Angeles*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LENDINGCLUB SECURITIES LITIGATION | ) Case No. 3:16-cv-02627-WHA |
| | ) |
| | ) CLASS ACTION |
| This Document Relates To: | ) |
| | ) JOINT CASE MANAGEMENT |
| ALL ACTIONS. | ) CONFERENCE STATEMENT |
| | ) |
| | ) DATE:      July 20, 2017 |
| | ) TIME:      11:00 a.m. |
| | ) CTRM:     8, 19th Floor |
| | ) JUDGE:    Hon. William Alsup |

1    Pursuant to Fed. R. Civ. P. 16(c) and 26(f), Civil L.R. 16-9 and 16-10(d), the Standing Order

2    for All Judges of the Northern District of California ("Standing Order"), the Supplemental Order to

3    Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup, and

4    the Order scheduling a further case management conference (Dkt. No. 181 at 22), Lead Plaintiff

5    Water and Power Employees' Retirement, Disability and Death Plan of the City of Los Angeles

6    ("WPERP" or "Lead Plaintiff") and Defendants LendingClub Corporation ("LendingClub" or the

7    "Company"), Renaud Laplanche, Carrie Dolan, Daniel T. Ciporin, Jeffrey Crowe, Rebecca Lynn,

8    John J. Mack, Mary Meeker, John C. (Hans) Morris, Lawrence H. Summers, Simon Williams,

9    Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC (formerly known as Goldman, Sachs &

10   Co.), Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc., Allen & Company LLC,

11   Stifel, Nicolaus & Company, Incorporated, BMO Capital Markets Corp., William Blair & Company,

12   L.L.C., and Wells Fargo Securities, LLC (collectively, "Defendants") hereby submit this Joint Case

13   Management Statement in advance of the July 20, 2017 Case Management Conference.

14   **I.    JURISDICTION AND SERVICE**

15   Lead Plaintiff, individually and on behalf of all others similarly situated, asserts claims

16   arising under Sections 10(b) and 20(a) of the Securities Act of 1934 (the "1934") (15 U.S.C.

17   §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the United States Securities and

18   Exchange Commission ("SEC") (17 C.F.R. §240.10b-5) and Sections 11 and 15 of the Securities Act

19   of 1933 (the "1933 Act") (15 U.S.C. §§77k and 77(o)).  Lead Plaintiff asserts that this Court has

20   jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, Section 22 of the

21   1933 Act, and Section 27 of the Exchange Act.  Lead Plaintiff further asserts that all parties are

22   subject to the Court's jurisdiction.  None of the Defendants have contested personal jurisdiction or

23   venue for purposes of this action.  No parties remain to be served.

24   **II.    FACTS**

25   As alleged in the Amended Consolidated Complaint for Violations of the Federal Securities

26   Laws (Dkt. No. 182) ("Amended Complaint"), this is a putative class action lawsuit brought against

27   Defendants, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u-4.

28   The lawsuit alleges violations of the 1933 Act and 1934 Act, as well as SEC Rule 10b-5

1  promulgated thereunder, on behalf of Lead Plaintiff and all purchasers of LendingClub common

2  stock between December 11, 2014 and May 6, 2016, inclusive (the "Class Period").

3       Defendants are LendingClub, its former Chief Executive Officer and Chairman of the Board

4  of Directors, Renaud Laplanche and its former Chief Financial Officer (principal financial officer

5  and principal accounting officer), Carrie Dolan (the "Executive Defendants"), directors Daniel T.

6  Ciporin, Jeffrey Crowe, Rebecca Lynn, John J. Mack, Mary Meeker, John C. (Hans) Morris,

7  Lawrence H. Summers, Simon Williams (the "Director Defendants"), and underwriters Morgan

8  Stanley & Co. LLC, Goldman Sachs & Co. LLC (formerly known as Goldman, Sachs & Co.), Credit

9  Suisse Securities (USA) LLC, Citigroup Global Markets Inc., Allen & Company LLC, Stifel,

10  Nicolaus & Company, Incorporated, BMO Capital Markets Corp., William Blair & Company,

11  L.L.C., and Wells Fargo Securities, LLC (the "Underwriter Defendants") (collectively,

12  "Defendants").  Dkt. No. 182, ¶¶11-26.

13       LendingClub, a Delaware corporation headquartered in San Francisco, is an online

14  marketplace for connecting borrowers and investors.  LendingClub facilitates various types of loan

15  products for consumers and small businesses, including unsecured personal loans, consumer loans,

16  unsecured education and patient finance loans, and unsecured small business loans.  The Company

17  also offers investors (*i.e.*, "lenders") an opportunity to invest in loans based on term and credit

18  characteristics.

19       On December 11, 2014, LendingClub completed an initial public offering ("IPO") of its

20  common stock, with shares sold through underwriters at $15.00 each.  In connection with that

21  offering, it filed a final Registration Statement and Prospectus with the SEC.  Since the IPO,

22  LendingClub's common stock has been traded on the New York Stock Exchange.

23       The Amended Complaint is a federal securities action brought on behalf of an alleged class

24  consisting of all those who purchased LendingClub common stock during the Class Period,

25  including those who purchased LendingClub common stock traceable to the Registration Statement

26  (collectively, the "Class").  The Amended Complaint alleges: (1) violations of Section 11 (against all

27  Defendants) and Section 15 (against the Executive Defendants and the Director Defendants) of the

28  1933 Act; and (2) violations of Section 10(b) and Rule 10b-5 (against LendingClub and the

1   Executive Defendants) and Section 20(a) (against LendingClub and the Executive Defendants) of the

2   1934 Act. Dkt. No. 182, ¶¶ 126-53.

3   **III.    LEGAL ISSUES**

4           At present, the parties anticipate that the central legal issues will include the following:

5           (a)     Whether LendingClub's IPO Registration Statement contained material

6   misrepresentations or omissions in violation of Section 11 of the Securities Act and, if so, whether

7   any of the Defendants (other than LendingClub) are entitled to avail themselves of the statutory "due

8   diligence" defense.

9           (b)     Whether Defendants can establish that some or all of plaintiffs' purported Section 11

10  damages are attributable to factors other than alleged omissions or misrepresentations in the IPO

11  Registration Statement.

12          (c)     Whether Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5

13  promulgated thereunder, including whether any Defendant made a material misstatement or

14  omission with scienter and whether Lead Plaintiff can establish loss causation.

15          (d)     Whether the members of the alleged Class have sustained damages, whether such

16  damages were caused by alleged misrepresentations or omissions, and (assuming liability is

17  established) the proper measure of damages.

18          (e)     Whether Lead Plaintiff's claims can be litigated on a class-wide basis.

19  **IV.     MOTIONS**

20          Defendants previously filed motions to dismiss the Consolidated Complaint (Dkt. Nos. 139,

21  142, 148), which the Court granted in part and denied in part (Dkt. No. 181). leading to the operative

22  Amended Complaint.

23          Lead Plaintiff anticipates filing a motion for class certification, on the schedule set forth in

24  the chart attached as Appendix A, which briefing schedule is based on Defendants' agreement not to

25  contest the applicability of the presumption of reliance for class certification purposes.

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.    AMENDMENT OF PLEADINGS

Lead Plaintiff does not currently anticipate amending its pleadings. Should Lead Plaintiff seek to amend its pleadings in the future, it will do so pursuant to Rule 15 of the Federal Rules.

Defendants filed their Answers on June 29, 2017 (Dkt. Nos. 185-86, 188-89) in response to the Amended Complaint filed by Lead Plaintiff on June 15, 2017.  On July 12, 2017, Lead Plaintiff identified certain affirmative defenses in Defendants' Answers that Lead Plaintiff may move to strike.  The parties' meet-and-confer efforts are ongoing.

## VI.    EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, are aware of their document preservation obligations, and have taken reasonable and proportionate steps to preserve evidence potentially relevant to the issues in this action.

## VII.    DISCLOSURES

The parties exchanged their initial disclosures on July 12, 2017.  Those disclosures include the names and contact information for individuals with knowledge of the allegations in the Lead Plaintiff's Amended Complaint on whom the Defendants may rely to support their defenses.  The disclosures also identify categories of documents relevant to the allegations in the Lead Plaintiff's Amended Complaint on which the Defendants may rely to support their defenses.

## VIII.    DISCOVERY

Because of the automatic discovery stay under the PSLRA and the discretionary stay extended by the Court, no other discovery has been conducted.  *See* 15 U.S.C. §78u-4(b)(3)(B); 15 U.S.C. §77z-1(b)(1).  Nevertheless, the parties have completed the Rule 26(f) conference, agreed on a proposed stipulated protective order, and anticipate significant document production by or shortly after the case management conference.

### A.    Plaintiff's Position

Lead Plaintiff will seek discovery from the Defendants and multiple third parties including LendingClub's auditors and legal advisors and government agencies.  Plaintiff will initiate documentary discovery shortly after the July 20, 2017 Case Management Conference.  Plaintiff anticipates that it will need at least 20 non-party fact depositions to develop the evidence necessary

1   to prove its case.  General topics of discovery will include: LendingClub's internal investigations

2   into weaknesses in LendingClub's internal controls; external investigations into LendingClub's

3   operations and/or financial reporting by governmental or regulatory agencies and departments; the

4   improper "tone at the top"; LendingClub's internal controls over financial reporting, including all

5   reviews of their effectiveness and the results of such reviews and compliance with the Sarbanes-

6   Oxley Act of 2002; LendingClub's GAAP violations; related-party transactions; defendants' self-

7   dealing; the circumstances surrounding the termination of employment for Laplanche, Dolan, Jeff

8   Bogan, Adelina Grozdanova, and Matt Wierman; LendingClub's data integrity and security

9   protocols; LendingClub's loan originations; the $22 million in non-conforming loans sold to

10  Jefferies, and executive and employee compensation at LendingClub.

11          The parties anticipate entering into a stipulated e-discovery order.

12          **B.      Defendants' Position**

13          Defendants anticipate propounding requests for the production of documents, interrogatories,

14  and requests for admission to Lead Plaintiff in order to obtain information relevant to Defendants'

15  defenses as to each claim for relief and as to opposing class certification.  Defendants likewise

16  anticipate deposing each of the proposed class representative plaintiffs, and may seek to depose or

17  seek documents from third parties.  The general topics for this discovery will include the same

18  matters on which Lead Plaintiff intends to seek discovery, but Defendants do not concede that all of

19  the topics identified by Lead Plaintiff are appropriate topics for discovery.

20  **IX.    CLASS ACTIONS**

21          Plaintiff believes this matter is suitable for class treatment and will move for class

22  certification.

23          Defendants anticipate opposing the class certification motion, but they will not contest the

24  applicability of the presumption of reliance for class-certification purposes.

25  **X.     RELATED CASES**

26          The following action is related to this matter: *In re LendingClub Corporation Shareholder*

27  *Litigation*, Lead Case No. CIV537300 (Cal. Super. Ct., San Mateo County), alleging class claims

28

1  under Sections 11, 12(a)(2) and 15 of the Securities Act in connection with LendingClub's IPO.  The

2  parties are not aware of any other related cases or proceedings.

3  **XI.    RELIEF**

4        **A.    Plaintiff's Position**

5        Pursuant to §§11 and 15 of the Securities Act, Lead Plaintiff seeks monetary damages on

6  behalf of itself and the proposed class for losses incurred as a result of the material misstatements

7  and omissions alleged in the Complaint.  Pursuant to §§10(b) and 20(a) of the Exchange Act, Lead

8  Plaintiff seeks monetary damages on behalf of itself and the proposed class for losses incurred as a

9

10  result of the fraud alleged in the Complaint.

11        The calculation of damages in this type of action requires expert testimony.  Lead Plaintiff

12  will provide such expert testimony in accordance with Rule. 26, the Standing Order and at the time

13  set forth in the Scheduling Order.  The Court has instructed the parties not to engage in settlement

14  discussions until the Court decides whether to certify this case as a class action.  Nevertheless, when

15  the Court makes its class-certification decision, the parties will be required to explore a possible

16  settlement, and in that spirit, subject to Rule 408 of the Federal Rules of Evidence, Lead Plaintiff has

17  provided defendants with a rough and incomplete damages estimate.  Under Rule 408, Lead Plaintiff

18  does not consent to any aspect of the estimate being used directly or indirectly for argument,

19  impeachment, or for any other purpose in this litigation.

20        **B.    Defendants' Position**

21        The Defendants deny that the Plaintiffs are entitled to any of their requested relief.  However,

22  should the Plaintiffs prove that one or more of the Defendants is liable for the Plaintiffs' alleged

23  damages, the Defendants agree that the calculation of damages in this action requires expert

24  testimony.  In such a case, the Defendants would provide expert testimony in accordance with Rule.

25  26, the Standing Order, and at the time set forth in the Scheduling Order.

26  **XII.    SETTLEMENT AND ADR**

27        The Court has instructed the parties not to engage in settlement discussions until the Court

28  decides whether to certify this case as a class action.  If and when appropriate, under ADR Local

Rule 3-5, the parties will likely agree to private ADR.  The parties will file certifications pursuant to ADR Local Rule 3-5(b) after a ruling on class certification, if necessary.  On January 24, 2017, pursuant to ADR Local Rule 3-5, this case was referred to Magistrate Judge Spero for a settlement conference as the preferred "Court-Sponsored ADR Process."  (*See* Dkt. No. 149.)  That settlement conference is currently scheduled for September 19, 2017, although the parties submit that this date may be more appropriate at a later time depending on the class certification and/or discovery schedule set by the Court.

**XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to have a magistrate judge conduct all further proceedings.

**XIV.   OTHER REFERENCES**

The parties do not believe that this case is currently suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.  The parties reserve the right to request any such referral under appropriate circumstances.

**XV.   NARROWING OF ISSUES**

The parties will discuss issues that could be narrowed at trial or resolved through stipulation at the appropriate time, if necessary.

**XVI.   EXPEDITED TRIAL PROCEDURE**

The parties do not believe that this is the type of action that can be handled under the Expedited Trial Procedure of General Order No. 64 Amendment A.

**XVII.   SCHEDULING**

The parties propose the schedule set forth in the chart attached as Appendix A.  The parties are in agreement as to the dates proposed for class certification, but have competing proposals as to the remainder of the schedule.

**XVIII.   TRIAL**

Lead Plaintiff has requested a jury trial.  The parties believe that it is premature to discuss the expected length of trial.

1  **XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

2         The parties have each filed the "Certification of Interested Entities or Persons" required by

3  Civil Local Rule 3-15.  Dkt. Nos. 59, 115, 116, 147, and 187.

4  **XX.   PROFESSIONAL CONDUCT**

5         All counsel have reviewed the Guidelines for Professional Conduct for the Northern District

6  of California.

7  **XXI.   OTHER MATTERS**

8         The parties are mindful of the Court's encouragement to involve junior lawyers in the

9  action.  Michael Albert and Carissa Dolan have entered appearances in this matter on behalf of Lead

10 Plaintiff and will play an intricate role in this litigation going forward.

11        Counsel for Defendants – Quinn Emanuel Urquhart & Sullivan LLP; Simpson, Thacher &

12 Bartlett LLP; Morgan, Lewis & Bockius, LLP; and Milbank, Tweed, Hadley & McCloy LLP,  each

13 have several lawyers six years or fewer out of law school who have appeared in this case and are

14 actively involved – including Vicki Parker and Kyle Batter of Quinn Emanuel; Sarah Rothenberg of

15 Milbank Tweed, Lauren Wenner of Morgan Lewis, and Lee Brand of Simpson Thacher – and plan to

16 give each of them opportunities to argue discovery matters, take or defend depositions (specific

17 witnesses will be identified after analysis of the parties' initial disclosures), and/or to examine

18 witnesses at any trial.

19 DATED:  July 13, 2017                     ROBBINS GELLER RUDMAN
                                               & DOWD LLP
20                                         DARREN J. ROBBINS
                                           JASON A. FORGE
21                                         SCOTT H. SAHAM
                                           MICHAEL ALBERT
22                                         CARISSA J. DOLAN

23

24                              By:  /s/ *Jason A. Forge*
                                           JASON A. FORGE
25
                                   655 West Broadway, Suite 1900
26                                 San Diego, CA  92101
                                   Telephone:  619/231-1058
27                                 619/231-7423 (fax)

28

1

2      ROBBINS GELLER RUDMAN
          & DOWD LLP
3      SHAWN A. WILLIAMS
       Post Montgomery Center
       One Montgomery Street, Suite 1800
4      San Francisco, CA  94104
       Telephone:  415/288-4545
5      415/288-4534 (fax)

6      Lead Counsel for Lead Plaintiff

7  DATED:  July 13, 2017          QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
8                                  DIANE M. DOOLITTLE

9
                              By:   /s/ Diane M. Doolittle
10                                       DIANE M. DOOLITTLE

11                                 555 Twin Dolphin Drive, 5th Floor
                                   Redwood Shores, CA  94065
12                                 Telephone: 650/801-5000
                                   650/801-5100 (fax)
13
                                   QUINN EMANUEL URQUHART &
14                                     SULLIVAN, LLP
                                   JOHN POTTER
15                                 50 California Street, 22nd Floor
                                   San Francisco, CA  94111
16                                 Telephone: 415/875-6600
                                   415/443-3100 (fax)
17
                                   QUINN EMANUEL URQUHART &
18                                     SULLIVAN, LLP
                                   DAVID M. GRABLE
19                                 865 South Figueroa Street, 10th Floor
                                   Los Angeles, CA 90017
20                                 Telephone: 213/443-3000
                                   213/443-3100 (fax)
21
                                   Counsel for Defendants LendingClub
22                                 Corporation, Daniel Ciporin, Jeffrey Crowe,
                                   Rebecca Lynn, John Mack, Mary Meeker, John
23                                 C. (Hans) Morris, Lawrence Summers, and Simon
                                   Williams
24

25

26

27

28

1    DATED:  July 13, 2017                    MILBANK, TWEED, HADLEY
                                                & MCCLOY LLP
2                                             ROBERT J. LIUBICIC

3

4                                     By:   /s/ Robert J. Liubicic
                                              ROBERT J. LIUBICIC
5
                                            2029 Century Park East, 33rd Floor
6                                           Los Angeles, CA  90067
                                            Telephone: 424/386-4000
7                                           213/892-4725 (fax)

8                                           Attorneys for Defendant Renaud Laplanche

9    DATED:  July 13, 2017                    MORGAN, LEWIS & BOCKIUS LLP
                                              CHARLENE S. SHIMADA
10                                            SUSAN D. RESLEY
                                              LUCY WANG
11

12

13                                    By:   /s/ Charlene S. Shimada
                                              CHARLENE S. SHIMADA
14
                                            One Market, Spear Street Tower
15                                          San Francisco, CA  94105-1596
                                            Telephone: 415/442-1000
16                                          415-442-1001 (fax)

17                                          Attorneys for Defendant Carrie Dolan

18   DATED:  July 13, 2017                    SIMPSON THACHER & BARTLETT LLP
                                              SIMONA G. STRAUSS
19                                            LEE BRAND

20

21                                    By:   /s/ Simona G. Strauss
                                              SIMONA G. STRAUSS
22
                                            2475 Hanover Street
23                                          Palo Alto, CA  94304
                                            Telephone: 650/251-5000
24                                          650/251-5002 (fax)

25                                          SIMPSON THACHER & BARTLETT LLP
                                            JONATHAN K. YOUNGWOOD
26                                          425 Lexington Avenue
                                            New York, NY  10017
27                                          Telephone: 212/455-2000
                                            212/455-2502 (fax)
28
                                            Attorneys for Underwriter Defendants

1

**ATTESTATION**

2          I, Jason A. Forge, am the ECF User whose ID and password are being used to file this Joint

3    Case Management Conference Statement.  In compliance with Civil Local Rule 5-1(i)(3), I hereby

4    attest that all signatories concur in filing this joint case management statement.

5    DATED:  July 13, 2017                              By: */s/ Jason A. Forge*
                                                             Jason A. Forge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Appendix A**

| Action | Lead Plaintiff's Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Class Certification Motion | September 8, 2017 | September 8, 2017 |
| Opposition to Class Certification Motion | September 22, 2017 | September 22, 2017 |
| Reply in support of Class Certification Motion | September 29, 2017 | September 29, 2017 |
| Fact Discovery Cutoff | April 25, 2018 | February 23, 2018 |
| Expert Reports exchanged | May 9, 2018 | March 9, 2018 |
| Rebuttal Expert Reports exchanged | May 23, 2018 | March 23, 2018 |
| Expert Discovery Cutoff | June 11, 2018 | April 6, 2018 |
| Dispositive Motion(s) | June 11, 2018 | April 13, 2018 |
| Pretrial Conference and Hearing on Motions *in Limine* | August 1, 2018 | May 23, 2018 |
| Trial Date | August 20, 2018 | June 11, 2018 |