SIMONA G. STRAUSS (Bar No. 203062)
sstrauss@stblaw.com
LEE BRAND (Bar No. 287110)
lee.brand@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94304
Telephone:    (650) 251-5000
Facsimile:     (650) 251-5002

JONATHAN K. YOUNGWOOD (*pro hac vice*)
jyoungwood@stblaw.com
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone:    (212) 455-2000
Facsimile:     (212) 455-2502

*Attorneys for the Underwriter Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LENDINGCLUB SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No. 3:16-cv-02627-WHA<br><br>CLASS ACTION<br><br>**UNDERWRITER DEFENDANTS' AMENDED ANSWER TO AMENDED CONSOLIDATED COMPLAINT**<br><br>Judge:  Hon. William H. Alsup<br>Courtroom:  8, 19th Floor |

Defendants Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC (formerly known as Goldman, Sachs & Co.), Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc., Allen & Company LLC, Stifel, Nicolaus & Company, Incorporated, BMO Capital Markets Corp., William Blair & Company, L.L.C., and Wells Fargo Securities, LLC (collectively, the "Underwriter Defendants"), by their attorneys, hereby answer the Amended Consolidated Complaint, dated June 15, 2017 (Dkt. 182) (the "Amended Complaint").

In collectively responding to the allegations of the Amended Complaint, the Underwriter Defendants: (i) incorporate into each such response a denial of all allegations in the Amended Complaint (including those outside of the knowledge or information of the Underwriter Defendants) to the extent that they assert or suggest that the Offering Documents (as defined below) were false or misleading in any respect, or to the extent that they assert any factual allegations that are inconsistent with or contrary to the Offering Documents, to which the Underwriter Defendants refer for a complete and accurate statement of their contents; (ii) deny any averments in the headings and subheadings of the Amended Complaint; and (iii) in all events intend to respond only as to allegations directed at each of them individually, and none of the responses should be deemed to be responding to allegations that are directed solely to other defendants (including without limitation other (but not all) Underwriter Defendants).

Paragraphs 55-119, 124(d)-(h), and 138-153 of the Amended Complaint concern Lead Plaintiff's allegations relating to claims brought against LendingClub Corporation ("LendingClub") and certain of its officers and directors pursuant to the Securities Exchange Act of 1934 and Section 15 of the Securities Act of 1933 ("Securities Act"). Lead Plaintiff's claim against the Underwriter Defendants is brought solely pursuant to Section 11 of the Securities Act. Because the allegations of Paragraphs 55-119, 124(d)-(h), and 138-153 of the Amended Complaint are not directed at the Underwriter Defendants, no responsive pleading is required. (*See* Am. Compl. ¶ 126.)

The Underwriter Defendants further respond to the specific allegations in the Amended Complaint as follows:

The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the unnumbered paragraph appearing on page 1 of the Amended Complaint.

1. Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 1, except admit and aver that Lead Plaintiff Water and Power Employees' Retirement, Disability and Death Plan of the City of Los Angeles ("Lead Plaintiff") purports to describe the nature of this action and the putative class that Lead Plaintiff purports to represent. The Underwriter Defendants expressly deny that this case is appropriate for class action treatment or that Lead Plaintiff has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with the claim against the Underwriter Defendants brought under Section 11 of the Securities Act.

2. The Underwriter Defendants deny that the allegations of Paragraph 2 present a fair and complete description of LendingClub's business, operations, and/or public disclosures, except admit and aver on information and belief that LendingClub provides an online marketplace connecting borrowers and investors, and respectfully refer the Court to the prospectus filed with the United States Securities and Exchange Commission (the "SEC") on December 11, 2014 (the "Prospectus") and the registration statement filed with the SEC on August 27, 2014 (the "Registration Statement"), and all prior versions or subsequent amendments thereof (including materials incorporated by reference) (collectively, the "Offering Documents") for a complete description of such matters as of the time of LendingClub's December 11, 2014 initial public offering (the "IPO").

3. The Underwriter Defendants deny the allegations of Paragraph 3, except admit and aver on information and belief that Lawrence H. Summers and John J. Mack were LendingClub Directors as of the time of the IPO, and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the IPO.

4. The Underwriter Defendants deny the allegations of Paragraph 4, except admit and aver that LendingClub sold shares of common stock to the public in December 2014 pursuant to

the Offering Documents, and respectfully refer the Court to the Offering Documents for a complete description of such matters and to public market sources for a true and accurate record of LendingClub common stock prices on relevant days.

5. The Underwriter Defendants deny the allegations of Paragraph 5, except respectfully refer the Court to public market sources for a true and accurate record of LendingClub common stock prices on relevant days, and to the Offering Documents for a complete description of LendingClub's business, operations, financial condition, compliance with applicable accounting standards, and public disclosures as of the time of the IPO.

6. The Underwriter Defendants deny the allegations of Paragraph 6, except respectfully refer the Court to public market sources for a true and accurate record of LendingClub common stock prices on relevant days, and to the Offering Documents for a complete description of LendingClub's business, operations, financial condition, compliance with applicable accounting standards, and public disclosures as of the time of the IPO.

7. To the extent that Paragraph 7 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 7, except admit and aver that (i) Lead Plaintiff purports to bring this action pursuant to the statutes cited therein, and (ii) this Court has federal question jurisdiction in this case.

8. To the extent that Paragraph 8 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 8, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8 involving the putative class and defendants other than the Underwriter Defendants, admit and aver (on information and belief as to all Underwriter Defendants except those at issue in this Paragraph) that certain Underwriter Defendants maintain operations in this District, and admit and aver that venue is proper in this District.

9. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9, except admit and aver that Lead Plaintiff filed with this Court a certification purporting to identify certain transactions in LendingClub common stock.

10. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10.

11. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11, except admit such allegations on information and belief as of the time of the IPO.

12. The Underwriter Defendants deny the allegations of Paragraph 12, except admit and aver on information and belief that Renaud Laplanche was LendingClub's Founder and Chief Executive Officer and a LendingClub Director as of the time of the IPO, and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the IPO.

13. The Underwriter Defendants deny the allegations of Paragraph 13, except admit and aver on information and belief that Carrie Dolan was LendingClub's Chief Financial Officer as of the time of the IPO, and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the IPO.

14. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14, except respectfully refer the Court to the Offering Documents for a complete description of the defendants referenced in Paragraph 14 as of the time of the IPO.

15. To the extent that Paragraph 15 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 15, except admit and aver that Lead Plaintiff purports to bring (i) a claim against the Underwriter Defendants pursuant to Section 11 of the Securities Act and (ii) claims against the other defendants referenced therein pursuant to the statutes cited therein.

16. The Underwriter Defendants deny the allegations of Paragraph 16, except admit and aver on information and belief that Daniel T. Ciporin was a LendingClub Director as of the time of the IPO, and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the IPO.

17.     The Underwriter Defendants deny the allegations of Paragraph 17, except admit and aver on information and belief that Jeffery Crowe was a LendingClub Director as of the time of the IPO, and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the IPO.

18.     The Underwriter Defendants deny the allegations of Paragraph 18, except admit and aver on information and belief that Rebecca Lynn was a LendingClub Director as of the time of the IPO, and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the IPO.

19.     The Underwriter Defendants deny the allegations of Paragraph 19, except admit and aver on information and belief that John J. Mack was a LendingClub Director as of the time of the IPO, and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the IPO.

20.     The Underwriter Defendants deny the allegations of Paragraph 20, except admit and aver on information and belief that Mary Meeker was a LendingClub Director as of the time of the IPO, and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the IPO.

21.     The Underwriter Defendants deny the allegations of Paragraph 21, except admit and aver on information and belief that John C. (Hans) Morris was a LendingClub Director as of the time of the IPO, and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the IPO.

22.     The Underwriter Defendants deny the allegations of Paragraph 22, except admit and aver on information and belief that Lawrence H. Summers was a LendingClub Director as of the time of the IPO, and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the IPO.

23.     The Underwriter Defendants deny the allegations of Paragraph 23, except admit and aver on information and belief that Simon Williams was a LendingClub Director as of the time of the IPO, and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the IPO.

24. Because Paragraph 24 contains no factual allegations, no responsive pleading is required.

25. The Underwriter Defendants deny the allegations of Paragraph 25, except admit and aver that the Underwriter Defendants served as underwriters in connection with the IPO, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.  Defendant Goldman Sachs & Co. LLC further responds that it was formerly known as Goldman, Sachs & Co., including at the time of LendingClub's IPO.

26. Because Paragraph 26 contains no factual allegations, no responsive pleading is required.

27. The Underwriter Defendants deny that the allegations of Paragraph 27 present a fair and complete description of LendingClub's business, operations, and/or public disclosures, except respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the IPO.

28. The Underwriter Defendants deny that the allegations of Paragraph 28 present a fair and complete description of LendingClub's business, operations, and/or public disclosures, except respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the IPO.

29. The Underwriter Defendants deny that the allegations of Paragraph 29 present a fair and complete description of LendingClub's business, operations, and/or public disclosures, except respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the IPO.

30. The Underwriter Defendants deny that the allegations of Paragraph 30 present a fair and complete description of LendingClub's business, operations, and/or public disclosures, except respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the IPO.

31. The Underwriter Defendants deny the allegations of Paragraph 31, except respectfully refer the Court to the complete interview quoted therein for its contents.

32. The Underwriter Defendants deny that the allegations of Paragraph 32 present a fair and complete description of LendingClub's business, operations, and/or public disclosures, except respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the IPO.

33. The Underwriter Defendants deny that the allegations of Paragraph 33 present a fair and complete description of LendingClub's business, operations, and/or public disclosures, except respectfully refer the Court to the complete letter cited therein and to the Offering Documents for a complete description of such matters as of the time of the IPO.

34. The Underwriter Defendants deny the allegations of Paragraph 34, except admit and aver that LendingClub conducted the IPO in December 2014 with the Underwriter Defendants acting as underwriters, and respectfully refer the Court to the Offering Documents for a complete description of such matters.

35. The Underwriter Defendants deny that the allegations of Paragraph 35 present a fair and complete description of LendingClub's business, operations, and/or public disclosures, except respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the IPO.

36. The Underwriter Defendants deny that the allegations of Paragraph 36 present a fair and complete description of LendingClub's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures, except respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the IPO.

37. The Underwriter Defendants deny the allegations of Paragraph 37, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 37 regarding LendingClub's purported admission regarding related-party transactions, and respectfully refer the Court to the Offering Documents for a complete description of LendingClub's business and operations as of the time of the IPO.

38. The Underwriter Defendants deny the allegations of Paragraph 38 to the extent they allege that the Offering Documents were false or misleading, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 38.

39.     The Underwriter Defendants deny the allegations of Paragraph 39 to the extent they allege that the Offering Documents were false or misleading, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 39.

40.     The Underwriter Defendants deny the allegations of Paragraph 40 to the extent they allege that the Offering Documents were false or misleading, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 40.

41.     The Underwriter Defendants deny the allegations of Paragraph 41 to the extent they allege that the Offering Documents were false or misleading, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 41.

42.     To the extent that Paragraph 42 (including footnote 1) states a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 42 (including footnote 1) to the extent they allege that the Offering Documents were false or misleading, deny that the allegations of footnote 1 present a fair and complete description of the background and scope of the accounting standards and regulations therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 42 (including footnote 1), except respectfully refer the Court to the Offering Documents for a complete description of LendingClub's business, operations, financial condition, compliance with applicable accounting standards, and public disclosures as of the time of the IPO.

43.     The Underwriter Defendants deny the allegations of Paragraph 43.

44.     The Underwriter Defendants deny that the allegations of Paragraph 44 present a fair and complete description of LendingClub's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures, except respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the IPO.

45.     The Underwriter Defendants deny the allegations of Paragraph 45 to the extent they allege that the Offering Documents were false or misleading, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 45, except respectfully refer the Court to the Offering Documents for a complete description of

1  LendingClub's business, operations, financial condition, compliance with applicable accounting
2  standards, and public disclosures as of the time of the IPO.

3      46.    The Underwriter Defendants deny that the allegations of Paragraph 46 present a fair
4  and complete description of the matters discussed therein.

5      47.    The Underwriter Defendants deny the allegations of Paragraph 47 to the extent they
6  allege that the Offering Documents were false or misleading, and otherwise deny knowledge or
7  information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 47,
8  except respectfully refer the Court to the Offering Documents for a complete description of
9  LendingClub's business, operations, financial condition, compliance with applicable accounting
10 standards, and public disclosures as of the time of the IPO.

11     48.    The Underwriter Defendants deny the allegations of Paragraph 48 to the extent they
12 allege that the Offering Documents were false or misleading, and otherwise deny knowledge or
13 information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 48,
14 except respectfully refer the Court to the Offering Documents for a complete description of
15 LendingClub's business, operations, financial condition, compliance with applicable accounting
16 standards, and public disclosures as of the time of the IPO.

17     49.    The Underwriter Defendants deny the allegations of Paragraph 49 to the extent they
18 allege that the Offering Documents were false or misleading, and otherwise deny knowledge or
19 information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 49,
20 except respectfully refer the Court to the Offering Documents for a complete description of
21 LendingClub's business, operations, financial condition, compliance with applicable accounting
22 standards, and public disclosures as of the time of the IPO.

23     50.    The Underwriter Defendants deny the allegations of Paragraph 50 to the extent they
24 allege that the Offering Documents were false or misleading, and otherwise deny knowledge or
25 information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 50,
26 except respectfully refer the Court to the Offering Documents for a complete description of
27 LendingClub's business, operations, financial condition, compliance with applicable accounting
28 standards, and public disclosures as of the time of the IPO.

9
UNDERWRITER DEFS.' AMENDED ANSWER                              CASE NO. 3:16-CV-02627-WHA

51. The Underwriter Defendants deny the allegations of Paragraph 51 to the extent they allege that the Offering Documents were false or misleading, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 51, except respectfully refer the Court to the Offering Documents for a complete description of LendingClub's business, operations, financial condition, compliance with applicable accounting standards, and public disclosures as of the time of the IPO.

52. The Underwriter Defendants deny the allegations of Paragraph 52 to the extent they allege that the Offering Documents were false or misleading, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 52, except respectfully refer the Court to the Offering Documents for a complete description of LendingClub's business, operations, financial condition, compliance with applicable accounting standards, and public disclosures as of the time of the IPO.

53. The Underwriter Defendants deny the allegations of Paragraph 53 to the extent they allege that the Offering Documents were false or misleading, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 53, except respectfully refer the Court to the Offering Documents for a complete description of LendingClub's business, operations, financial condition, compliance with applicable accounting standards, and public disclosures as of the time of the IPO.

54. To the extent that Paragraph 54 (including footnote 2) states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 54 (including footnote 2) to the extent they allege that the Offering Documents were false or misleading, deny that the allegations of footnote 2 present a fair and complete description of the background and scope of the accounting standards therein, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 54 (including footnote 2), except respectfully refer the Court to the Offering Documents for a complete description of LendingClub's business, operations, financial condition, compliance with applicable accounting standards, and public disclosures as of the time of the IPO.

55-119.   Because the allegations of Paragraphs 55-119 (including footnotes 3 and 4) are not directed at the Underwriter Defendants, no responsive pleading is required.  Further, to the extent that Paragraphs 55-119 (including footnotes 3 and 4) state a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraphs 55-119, except deny the allegations of Paragraphs 55-119 (including footnotes 3 and 4) to the extent they allege that the Offering Documents were false or misleading.

120.   To the extent that Paragraph 120 states a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 120, except admit and aver that Lead Plaintiff purports to describe the nature of this action and the putative class that Lead Plaintiff purports to represent.  The Underwriter Defendants expressly deny that this case is appropriate for class action treatment or that Lead Plaintiff has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with the claim against the Underwriter Defendants brought under Section 11 of the Securities Act.

121.   To the extent that Paragraph 121 states a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 121, except admit and aver that Lead Plaintiff purports to describe its basis for bringing this action as a putative class action.  The Underwriter Defendants expressly deny that this case is appropriate for class action treatment or that Lead Plaintiff has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with the claim against the Underwriter Defendants brought under Section 11 of the Securities Act.

122.   To the extent that Paragraph 122 states a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 122, except admit and aver that Lead Plaintiff purports to describe its basis for bringing this action as a putative class action.  The Underwriter Defendants expressly deny that this case is appropriate for class action treatment or that Lead Plaintiff has standing to sue, and/or

to represent a putative class of similarly situated individuals and/or entities, in connection with the claim against the Underwriter Defendants brought under Section 11 of the Securities Act.

123. To the extent that Paragraph 123 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 123, except admit and aver that Lead Plaintiff purports to describe its basis for bringing this action as a putative class action. The Underwriter Defendants expressly deny that this case is appropriate for class action treatment or that Lead Plaintiff has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with the claim against the Underwriter Defendants brought under Section 11 of the Securities Act.

124. Because the allegations of subparagraphs (d)-(h) of Paragraph 124 are not directed at the Underwriter Defendants, no responsive pleading is required to those subparagraphs. Further, to the extent that Paragraph 124 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 124, except admit and aver that Lead Plaintiff purports to describe its basis for bringing this action as a putative class action. The Underwriter Defendants expressly deny that this case is appropriate for class action treatment or that Lead Plaintiff has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with the claim against the Underwriter Defendants brought under Section 11 of the Securities Act.

125. To the extent that Paragraph 125 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 125, except admit and aver that Lead Plaintiff purports to describe its basis for bringing this action as a putative class action. The Underwriter Defendants expressly deny that this case is appropriate for class action treatment or that Lead Plaintiff has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with the claim against the Underwriter Defendants brought under Section 11 of the Securities Act.

126. The Underwriter Defendants repeat and re-allege each and every response set forth above as if fully set forth herein.

1  127. Paragraph 127 contains legal conclusions to which no response is required. To the
2  extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 127.
3  128. Because the allegations of Paragraph 128 are not directed at the Underwriter
4  Defendants, no responsive pleading is required. Further, to the extent that Paragraph 128 states a
5  legal conclusion, no responsive pleading is required. To the extent that a response is required, the
6  Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth
7  or falsity of the allegations of Paragraph 128, except respectfully refer the Court to the Offering
8  Documents for a description of the defendants referenced in Paragraph 128 and their responsibility
9  for the Offering Documents.
10  129. Because the allegations of Paragraph 129 are not directed at the Underwriter
11  Defendants, no responsive pleading is required. Further, to the extent that Paragraph 129 states a
12  legal conclusion, no responsive pleading is required. To the extent that a response is required, the
13  Underwriter Defendants deny the allegations of Paragraph 129, except admit and aver that
14  LendingClub was the registrant that made the IPO.
15  130. Paragraph 130 contains legal conclusions to which no response is required. To the
16  extent a response is required, the Underwriter Defendants deny (each, on information and belief
17  with respect to the other Underwriter Defendants) the allegations of Paragraph 130.
18  131. Paragraph 131 contains legal conclusions to which no response is required. To the
19  extent a response is required, the Underwriter Defendants deny (each, on information and belief
20  with respect to the other Underwriter Defendants) the allegations of Paragraph 131, except admit
21  and aver that LendingClub conducted the IPO with the Underwriter Defendants acting as
22  underwriters, and respectfully refer the Court to the Offering Documents for a complete
23  description of such matters.
24  132. Paragraph 132 contains legal conclusions to which no response is required. To the
25  extent a response is required, the Underwriter Defendants deny (each, on information and belief
26  with respect to the other Underwriter Defendants) the allegations of Paragraph 132.

1    133.    Paragraph 133 contains legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny (each, on information and belief with respect to the other Underwriter Defendants) the allegations of Paragraph 133.

134.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 134.

135.    Paragraph 135 contains legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 135.

136.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 136.

137.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 137, except admit and aver that the initial complaint and this complaint were filed within three years of the IPO.

138-153.    Because the allegations of Paragraphs 138-153 are not directed at the Underwriter Defendants, no responsive pleading is required.  Further, to the extent that Paragraphs 138-153 state a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraphs 138-153, except deny the allegations of Paragraphs 138-153 to the extent they allege that the Offering Documents were false or misleading.

The Underwriter Defendants deny that Lead Plaintiff and the putative class are entitled to any relief against the Underwriter Defendants, and the Underwriter Defendants respectfully request that the Court dismiss all the claims against them with prejudice and order such further relief as the Court deems just and proper.

The Underwriter Defendants deny the allegations of Lead Plaintiff's demand for jury trial, except admit that Lead Plaintiff purports to demand a jury trial.

### **DEFENSES**

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to the Underwriter Defendants as to any element of Lead Plaintiff's claims, brought

individually and on behalf of the putative class, the Underwriter Defendants assert the following defenses.  In addition to the defenses described below, the Underwriter Defendants specifically reserve all rights to all other defenses that become known through the course of discovery or further investigation in this action.

### FIRST DEFENSE

Lead Plaintiff and the putative class are not entitled to any recovery from the Underwriter Defendants because, as contemplated in Section 11(b)(3) of the Securities Act, the Underwriter Defendants exercised due diligence in connection with their underwriting of the IPO.  The Underwriter Defendants acted at all times in good faith and had no knowledge, were not reckless in not knowing, and in the exercise of reasonable care could not have known of any alleged misstatements or omissions of material fact in the Offering Documents.  At all relevant times, the Underwriter Defendants conducted a reasonable and diligent investigation and had reasonable grounds to believe, and did believe at the time the Offering Documents became effective, that the statements in the Offering Documents were true and that there were no omissions of material fact.

The Underwriter Defendants' reasonable and diligent investigation included an extensive review of LendingClub's business and business practices, including a review of numerous LendingClub financial, business, and operational documents; communications with LendingClub employees regarding the business; the use of experts and consultants to advise the Underwriter Defendants in connection with the IPO; and a review of other available information regarding LendingClub's business and operations.  With respect to portions of the Offering Documents purporting to be made on the authority of accounting, financial, or other experts retained to assist in preparing the Offering Documents, the Underwriter Defendants had no reasonable grounds to believe, and did not believe, that such statements were untrue, that there was any omission of material fact necessary to make the statements therein not misleading, or that such part of the Offering Documents did not fairly represent the statement of the expert.

### SECOND DEFENSE

The Underwriter Defendants are not liable to Lead Plaintiff or the putative class to the extent that the alleged misrepresentations or omissions in the Offering Documents were forward-

1  looking statements, were identified as such, and were accompanied by meaningful cautionary

2  statements identifying important factors that could cause actual results to differ materially from

3  the content of the forward-looking statements, and are thus non-actionable under the "bespeaks

4  caution" doctrine.  The Registration Statement makes clear on page 37 that it includes "forward-

5  looking statements" and that "[t]he words 'believe,' 'may,' 'will,' 'potentially,' 'estimate,'

6  'continue,' 'anticipate,' 'intend,' 'could,' 'would,' 'predict,' 'plan' and 'expect,' and similar

7  expressions that convey uncertainty of future events or outcomes, are intended to identify forward-

8  looking statements."  The Registration Statement also identifies factors that could cause actual

9  results to differ from the contents of such statements, such as its reference on page 12 to

10 "navigating complex and evolving regulatory and competitive environments."

### THIRD DEFENSE

Pursuant to Section 11(e) of the Securities Act, Lead Plaintiff and the putative class are not entitled to any recovery from the Underwriter Defendants to the extent that the alleged damages represent something other than the depreciation in value of the offered securities resulting from such part of the Offering Documents, with respect to which liability is asserted in the Amended Complaint, not being true or omitting a material fact required to be stated therein or necessary to make the statements therein not misleading.  The Underwriter Defendants intend to present expert testimony regarding other plausible causes of the depreciation in value of LendingClub securities, including market forces and unrelated developments in LendingClub's industry and business.

### FOURTH DEFENSE

The Underwriter Defendants are entitled to recover contribution and/or indemnity from others for any liability they may incur as a result of any of the alleged misrepresentations or omissions in the Offering Documents pursuant to Section 11(f) of the Securities Act and the Underwriting Agreement between LendingClub and the Underwriter Defendants dated December 10, 2014.

### FIFTH DEFENSE

Lead Plaintiff and the putative class are not entitled to any recovery from the Underwriter Defendants to the extent that they purchased LendingClub stock with actual or constructive

knowledge of the facts that they allege were misrepresented or omitted in the Amended Complaint. For example, certain putative class members were employed by LendingClub or were investors on or otherwise had knowledge of the LendingClub platform or business. In addition, the complaint filed on February 26, 2016, in *Geller v. LendingClub Corp., et al.*, Case No. CIV-537300 ("*Geller*"), alleged misstatements relating to credit risk in connection with loans and the transparency between LendingClub and platform participants, *see, e.g.*, *Geller* Complaint ¶¶ 49, 54, 57, which allegations the Amended Complaint here also makes. *See, e.g.*, Amended Complaint ¶¶ 33, 35. Putative class members who purchased LendingClub stock with knowledge of the facts they allege were misrepresented or omitted assumed the risk that the value of those securities would decline.

### SIXTH DEFENSE

Lead Plaintiff and the putative class at all relevant times had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Amended Complaint. Lead Plaintiff and the putative class are not entitled to any recovery from the Underwriter Defendants to the extent that they failed to comply with that duty and are therefore barred from recovering any damages that might reasonably have been avoided, including by the sale (or earlier sale) of LendingClub securities following actual or constructive knowledge of the facts that they now allege were misrepresented, based on information that was publicly disclosed or available, such as the allegations in the *Geller* action, or because specific putative class members were privy to information regarding LendingClub's business or platform through employment by LendingClub, investment on or participation in the platform, or otherwise.

### SEVENTH DEFENSE

Each Underwriter Defendant is not liable under Section 11(e) of the Securities Act for alleged damages in excess of the total price at which the securities underwritten and distributed by that Underwriter Defendant were offered to the public.

### EIGHTH DEFENSE

Section 13 of the Securities Act requires an action to be brought within one year "after the discovery of the untrue statement or the omission, or after such discovery should have been made

17

by the exercise of reasonable diligence." Lead Plaintiff's and the putative class's claims are therefore barred pursuant to the extent that the purported misstatements or omissions alleged in the Amended Complaint were discovered, or should have been discovered by the exercise of reasonable diligence, before December 9, 2015, one year before the Underwriter Defendants were first named as defendants in this action, including because specific putative class members were privy to the LendingClub information that Lead Plaintiff contends was misrepresented or omitted through employment by LendingClub, investment on or other knowledge of the LendingClub platform or business, or otherwise.

### NINTH DEFENSE

Any recovery to which Lead Plaintiff or the putative class may be entitled from each Underwriter Defendant is limited to the percentage of responsibility of that Underwriter Defendant in proportion to the total fault of all covered persons pursuant to the proportionate liability provisions of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f).

Dated: July 27, 2017                    SIMPSON THACHER & BARTLETT LLP

                                        By:    /s/ *Simona G. Strauss*
                                               SIMONA G. STRAUSS

                                        *Attorneys for the Underwriter Defendants*