MORGAN, LEWIS & BOCKIUS LLP
Charlene S. Shimada, Bar No. 91407
charlene.shimada@morganlewis.com
Susan D. Resley, Bar No. 161808
susan.resley@morganlewis.com
Lucy Wang, Bar No. 257771
lucy.wang@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:     +1.415.442.1001

Attorneys for Defendant Carrie Dolan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE LENDINGCLUB SECURITIES LITIGATION | Case No. 3:16-CV-02627-WHA |
| | <u>CLASS ACTION</u> |
| | **DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE AMENDED CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS** |
| This Document Relates To: | |
| ALL ACTIONS | |
| | Judge:  Hon. William H. Alsup |
| | Courtroom:  8, 19th Floor |

1    Defendant Carrie Dolan ("Ms. Dolan"), by and through her undersigned counsel, hereby

2  answers the Amended Consolidated Complaint, dated June 15, 2017 (Dkt. 182) (the "Amended

3  Complaint").

4    As a general matter, in responding to the allegations of the Amended Complaint,

5  Ms. Dolan: (i) incorporates into each response a denial of all allegations in the Amended

6  Complaint to the extent that they assert or suggest that the Offering Documents (as defined

7  below) were materially false or misleading; (ii) denies any allegations in the headings and

8  subheadings of the Amended Complaint; and (iii) directs her responses exclusively to allegations

9  made against Ms. Dolan individually.  Ms. Dolan further responds to the specific allegations in

10  the Amended Complaint as follows:

11    The Amended Complaint's introductory paragraph requires no response.

12    1.    Paragraph 1 contains legal conclusions to which no response is required.  To the

13  extent a response is required, Ms. Dolan admits that this is a purported securities class action

14  asserting claims under the Securities Act of 1933 (the "1933 Act"), the Securities Exchange Act

15  of 1934 (the "1934 Act"), and SEC Rule 10b-5, and otherwise denies the allegations in this

16  paragraph.  The Court's May 25, 2017 Order (Docket No. 181) dismissed the Section 11 of the

17  1933 Act and Section 10(b) of the 1934 Act allegations regarding the loan-approval process as to

18  all Defendants, the Section 10(b) of the 1934 Act claims regarding data security and integrity as

19  to all Defendants, and the Section 10(b) of the 1934 Act claims regarding Cirrix as to Ms. Dolan

20  for lack of scienter.  Therefore, no response is required to claims based on such allegations.

21    2.    Ms. Dolan admits that LendingClub represented itself in part as a peer-to-peer

22  lending marketplace.  Ms. Dolan further admits that Renaud Laplanche was a LendingClub

23  founder and, until May 2016, was its CEO.  The unsourced quotation speaks for itself, and

24  Ms. Dolan lacks knowledge or information sufficient to form a belief about whether the purported

25  quotation is accurate, and otherwise denies the remaining allegations in paragraph 2.

26    3.    Ms. Dolan admits that Dr. Lawrence H. Summers is a former U.S. Treasury

27  Secretary, that John J. Mack is a former Morgan Stanley CEO, and that both have served as

28  LendingClub directors.  The unsourced quotation speaks for itself, and Ms. Dolan lacks

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

1    knowledge or information sufficient to form a belief about whether the purported quotation is

2    accurate, and otherwise denies the remaining allegations in paragraph 3.

3            4.      Ms. Dolan admits that LendingClub raised over $1 billion in its December 2014

4    IPO, selling 66.7 million shares at $15 each, and its stock price rose to over $25 per share

5    following the IPO.  Ms. Dolan denies the remaining allegations in paragraph 4.

6            5.      Ms. Dolan admits that in 2016, LendingClub amended its Form 10-K Annual

7    Report for 2015.  Ms. Dolan further admits that on May 10, 2016, LendingClub's stock price

8    closed at $4.10 per share.  The unsourced quotations speak for themselves, and Ms. Dolan lacks

9    knowledge or information sufficient to form a belief about whether the purported quotations are

10   accurate, and otherwise denies the remaining allegations in paragraph 5.

11           6.      The unsourced quotation in paragraph 6 speaks for itself, and Ms. Dolan otherwise

12   denies the allegations in paragraph 6.

13           7.      Paragraph 7 contains legal conclusions to which no response is required.  To the

14   extent a response is required, Ms. Dolan admits that this Court has federal question jurisdiction in

15   this case, and otherwise denies the remaining allegations in paragraph 7.

16           8.      Paragraph 8 contains legal conclusions to which no response is required.

17   Ms. Dolan admits that LendingClub has a location within the Northern District of California.

18   Ms. Dolan denies the remaining allegations in paragraph 8.

19           9.      Ms. Dolan lacks knowledge or information sufficient to form a belief about the

20   truth of the allegations in paragraph 9, and on that basis denies them.

21           10.     Ms. Dolan lacks knowledge or information sufficient to form a belief about the

22   truth of the allegations in paragraph 10, and on that basis denies them.

23           11.     Ms. Dolan admits the allegations in paragraph 11.

24           12.     Ms. Dolan admits that Mr. Laplanche was a LendingClub founder and, until May

25   2016, was its CEO.  Ms. Dolan further admits that, as CEO, Mr. Laplanche signed certain of

26   LendingClub's filings with the SEC and made statements in press releases, on conference calls,

27   and in other public forums.  To the extent that any allegations are directed at other Defendants, no

28   response is required.  To the extent that a response is required as to any allegations directed at

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

1   other Defendants, Ms. Dolan lacks knowledge or information sufficient to form a belief about the

2   truth of the allegations, and on that basis denies them.  Ms. Dolan denies the remaining

3   allegations in paragraph 12.

4        13.    Ms. Dolan admits that she was LendingClub's Chief Financial Officer during the

5   period December 11, 2014 to May 6, 2016, and that she resigned on or about August 2, 2016.

6   Ms. Dolan further admits that, as CFO, she signed certain of LendingClub's filings with the SEC

7   and made statements in press releases, on conference calls, and in other public forums.

8   Ms. Dolan denies the remaining allegations in paragraph 13.

9        14.    Ms. Dolan admits that she, Mr. Laplanche and other members of LendingClub

10   senior management took part in overseeing certain aspects of LendingClub's operations and

11   financial controls, and, along with the Director Defendants, signed and/or authorized their

12   signatures on documents required for completing LendingClub's IPO.  Ms. Dolan denies the

13   remaining allegations in paragraph 14.

14        15.    Paragraph 15 contains legal conclusions to which no response is required.  To the

15   extent a response is required, Ms. Dolan denies the allegations in this paragraph.

16        16.    Ms. Dolan admits that Daniel Ciporin is an outside director of LendingClub and

17   that he signed or authorized his signature on the Registration Statement.  Ms. Dolan denies the

18   remaining allegations in paragraph 16.

19        17.    Ms. Dolan admits that Jeffrey Crowe is an outside director of LendingClub and

20   that he signed or authorized his signature on the Registration Statement.  Ms. Dolan denies the

21   remaining allegations in paragraph 17.

22        18.    Ms. Dolan admits that Rebecca Lynn was an outside director of LendingClub and

23   that she signed or authorized her signature on the Registration Statement.  Ms. Dolan denies the

24   remaining allegations in paragraph 18.

25        19.    Ms. Dolan admits that John Mack is an outside director of LendingClub and that

26   he signed or authorized his signature on the Registration Statement.  Ms. Dolan denies the

27   remaining allegations in paragraph 19.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

1    20.    Ms. Dolan admits that Mary Meeker is an outside director of LendingClub and that

2    she signed or authorized her signature on the Registration Statement.  Ms. Dolan denies the

3    remaining allegations in paragraph 20.

4    21.    Ms. Dolan admits that John C. (Hans) Morris is an outside director of

5    LendingClub and that he signed or authorized his signature on the Registration Statement.

6    Ms. Dolan denies the remaining allegations in paragraph 21.

7    22.    Ms. Dolan admits that Lawrence Summers is an outside director of LendingClub

8    and that he signed or authorized his signature on the Registration Statement.  Ms. Dolan denies

9    the remaining allegations in paragraph 22.

10    23.    Ms. Dolan admits that Simon Williams is an outside director of LendingClub and

11    that he signed or authorized his signature on the Registration Statement.  Ms. Dolan denies the

12    remaining allegations in paragraph 23.

13    24.    Paragraph 24 requires no response.

14    25.    Ms. Dolan admits that Morgan Stanley & Co. LLC; Goldman, Sachs & Co.; Credit

15    Suisse Securities (USA) LLC; Citigroup Global Markets Inc.; Allen & Company LLC; Stifel,

16    Nicolaus & Company, Incorporated; BMO Capital Markets Corp.; William Blair & Company

17    L.L.C.; and Wells Fargo Securities, LLC served as underwriters of LendingClub's IPO and

18    participated in preparing and disseminating the Registration Statement.  Ms. Dolan denies the

19    remaining allegations in paragraph 25.

20    26.    Paragraph 26 requires no response.

21    27.    Ms. Dolan admits that LendingClub operates an online marketplace that attempts

22    to match those seeking to borrow money with those seeking to invest in loans.  Ms. Dolan further

23    admits that the LendingClub marketplace offers personal loans, consumer loans, educational

24    loans, patient finance loans, and small business loans.  Ms. Dolan further admits that those

25    seeking to invest in LendingClub loans can do so based on term and credit characteristics.

26    Ms. Dolan denies the remaining allegations in paragraph 27.

27    28.    Ms. Dolan admits that LendingClub generates revenue from origination and

28    servicing fees.  The unsourced quotation speaks for itself, and Ms. Dolan lacks knowledge or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

1   information sufficient to form a belief about whether the purported quotation is accurate.  Except

2   as expressly admitted, Ms. Dolan otherwise denies the allegations in paragraph 28.

3           29.     Ms. Dolan admits that LendingClub operates a marketplace where lenders can earn

4   favorable returns on their investments and borrowers can obtain reasonable loan rates, and that

5   LendingClub operates in a market that was traditionally closed to individual investors.  The

6   unsourced quotations speak for themselves, and Ms. Dolan lacks knowledge or information

7   sufficient to form a belief about whether the purported quotations are accurate.  Ms. Dolan denies

8   the remaining allegations in paragraph 29.

9           30.     Ms. Dolan admits that potential borrowers can apply for loans using

10  LendingClub's online loan platform and may then be matched with a lender or multiple lenders

11  that may fund entire loans, portions of loans, and/or portions of pools of loans.  Ms. Dolan further

12  admits that WebBank is LendingClub's primary issuing bank partner and that WebBank

13  originates loans facilitated through LendingClub's platform, and that LendingClub receives fees

14  for loans originating from its online loan platform.  Ms. Dolan denies the remaining allegations in

15  paragraph 30.

16          31.     The quoted material in paragraph 31 speaks for itself and requires no response.  To

17  the extent a response is required or the Amended Complaint misquotes Mr. Laplanche, Ms. Dolan

18  denies the allegations in paragraph 31.

19          32.     The quoted material in paragraph 32 speaks for itself and requires no response.  To

20  the extent a response is required or the Amended Complaint misquotes LendingClub, Ms. Dolan

21  denies the allegations in paragraph 32.

22          33.     The quoted material in paragraph 33 speaks for itself and requires no response.  To

23  the extent a response is required or the Amended Complaint misquotes Mr. Laplanche, Ms. Dolan

24  denies the allegations in paragraph 33.

25          34.     Ms. Dolan admits that LendingClub completed its IPO, utilizing a Form S-1

26  Registration Statement, on or about December 11, 2014.  Ms. Dolan further admits that, through

27  its IPO, LendingClub raised over $1 billion by selling 66.7 million shares at $15 each.  Ms. Dolan

28  denies the remaining allegations in paragraph 34.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

1   35.     The quoted material in paragraph 35 speaks for itself and requires no response.

2   Ms. Dolan otherwise denies the allegations in paragraph 35.

3   36.     The quoted material in paragraph 36 speaks for itself and requires no response.

4   Ms. Dolan otherwise denies the allegations in paragraph 36.

5   37.     The quoted material in paragraph 37 speaks for itself and requires no response.

6   Ms. Dolan otherwise denies the allegations in paragraph 37.

7   38.     Ms. Dolan lacks knowledge or information sufficient to form a belief about the

8   truth of the allegations in paragraph 38, and on that basis denies them.

9   39.     Ms. Dolan admits that LendingClub's Q1 2016 Form 10-Q reports that "[a]s of

10   close of business April 1, 2016, the Company, Mr. Laplanche and Mr. Mack owned

11   approximately 15%, 8%, and 8% of limited partnership interests in the Investment Fund,

12   respectively, for an aggregate interest of approximately 31%." Ms. Dolan lacks knowledge or

13   information sufficient to form a belief about the truth of the remaining allegations in paragraph

14   39, and on that basis denies them.

15   40.     Ms. Dolan lacks knowledge or information sufficient to form a belief about the

16   truth of the allegations in paragraph 40, and on that basis denies them.

17   41.     To the extent the allegations are directed at Ms. Dolan, she denies them.    To the

18   extent that the allegations are directed at other Defendants, no response is required.  To the extent

19   that a response is required to allegations are directed at other Defendants, Ms. Dolan lacks

20   knowledge or information sufficient to form a belief about the truth of the allegations in

21   paragraph 41, and on that basis denies them.

22   42.     Ms. Dolan lacks knowledge or information sufficient to form a belief about the

23   truth of the allegations in paragraph 42, and on that basis denies them.  Separately, the footnote in

24   paragraph 42 contains legal conclusions to which no response is required.  To the extent a

25   response is required, Ms. Dolan denies the allegations in paragraph 42.

26   43.     Ms. Dolan denies the allegations in paragraph 43.

27   44.     The quoted material in paragraph 44 speaks for itself and requires no response.

28   Ms. Dolan otherwise denies the allegations in paragraph 44.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

45.     The quoted material in paragraph 45 speaks for itself and requires no response. The Court's May 25, 2017 Order (Docket No. 181) dismissed the Section 11 of the 1933 Act and Section 10(b) of the 1934 Act allegations regarding the loan-approval process as to all Defendants and the Section 10(b) of the 1934 Act claims regarding data security and integrity as to all Defendants.  Therefore, no response is required to claims based on such allegations.  Ms. Dolan otherwise denies the allegations in paragraph 45.

46.     Paragraph 46 contains no factual allegations and therefore requires no response. To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.

47.     The quoted material in paragraph 47 speaks for itself and requires no response. Ms. Dolan otherwise denies the allegations in paragraph 47.

48.     The quoted material in paragraph 48 speaks for itself and requires no response. Ms. Dolan otherwise denies the allegations in paragraph 48.

49.     Ms. Dolan admits that LendingClub reported in its 2016 Form 10-K that after the end of the first quarter of 2016, LendingClub "became aware that approximately $15.1 million and $7.2 million in near-prime loans were sold to a single institutional investor in March and April 2016, respectively.  The loans in question failed to conform to the investor's express instructions as to a non-credit, non-pricing element.  Certain personnel apparently were aware that the sale did not meet the investor's criteria.  In one case, involving $3.0 million in loans, an application date was changed in a live Company database in an attempt to appear to meet the investor's requirement, and the balance of the loans were sold in direct contravention of the investor's direction.  The change in application date was promptly remediated."  Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 49, and on that basis denies them.

50.     The quoted material in paragraph 50 speaks for itself and requires no response. Ms. Dolan otherwise denies the allegations in paragraph 50.

51.     Ms. Dolan states that LendingClub's disclosures in May 2016 speak for themselves. To the extent a response is required or the Amended Complaint mischaracterizes the statements, Ms. Dolan denies these allegations.  Additionally, the Court's May 25, 2017 Order

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

1   (Docket No. 181) dismissed the Section 10(b) of the 1934 claims regarding data security and

2   integrity as to all Defendants.  Therefore, no response is required to claims based on such

3   allegations.  Ms. Dolan otherwise denies the allegations in paragraph 51.

4         52.      The quoted material in paragraph 52 speaks for itself and requires no response.

5   Ms. Dolan otherwise denies the allegations in paragraph 52.

6         53.      Ms. Dolan admits that LendingClub reported in its 2016 Form 10-K that it

7   "identified 32 loans made in the second half of December 2009 through the Lending Club

8   platform, totaling approximately $722,800 in originations and $25,000 in revenue, to the

9   Company's former CEO, Renaud Laplanche, and three of his family members . . . . The

10  Company's review has found that these loans were issued in order to help increase reported

11  platform loan volume for December 2009."  Ms. Dolan lacks knowledge or information sufficient

12  to form a belief about the truth of the remaining allegations in paragraph 53, and on that basis

13  denies them.

14        54.      The quoted material in paragraph 54 speaks for itself and requires no response.

15  Ms. Dolan denies the remaining allegations in paragraph 54.

16        55.      The quoted material in paragraph 55 speaks for itself and requires no response.  To

17  the extent a response is required or the Amended Complaint misquotes Mr. Laplanche, Ms. Dolan

18  denies the allegations in paragraph 55.

19        56.      The quoted material in paragraph 56 speaks for itself and requires no response.  To

20  the extent a response is required or the Amended Complaint misquotes Mr. Laplanche, Ms. Dolan

21  denies the allegations in paragraph 56.

22        57.      The quoted material in paragraph 57 speaks for itself and requires no response.  To

23  the extent a response is required or the Amended Complaint misquotes Mr. Laplanche, Ms. Dolan

24  denies the allegations in paragraph 57.

25        58.      Ms. Dolan admits that LendingClub reported in its 2015 Form 10-K/A that

26  "[d]uring the year ended December 31, 2015, Cirrix Capital, L.P. purchased $139.6 million of

27  whole loans and $34.9 million of interests in whole loans" from LendingClub.  The Court's May

28  25, 2017 Order (Docket No. 181) dismissed the Section 10(b) of the 1934 Act claims regarding

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

1  Cirrix as to Ms. Dolan for lack of scienter.  Therefore, no response is required to claims based on

2  such allegations.  Ms. Dolan lacks knowledge or information sufficient to form a belief about the

3  truth of the remaining allegations in paragraph 58, and on that basis denies them.

4      59.    Ms. Dolan admits that LendingClub reported in its Q1 2016 Form 10-Q that "[o]n

5  April 1, 2016, the Company closed its $10.0 million investment, for an ownership interest in the

6  Investment Fund of approximately 15%.  As of close of business April 1, 2016, the Company,

7  Mr. Laplanche and Mr. Mack owned approximately 15%, 8%, and 8% of limited partnership

8  interests in the Investment Fund, respectively, for an aggregate interest of approximately 31%."

9  The Court's May 25, 2017 Order (Docket No. 181) dismissed the Section 10(b) of the 1934 Act

10  claims regarding Cirrix as to Ms. Dolan for lack of scienter.  Therefore, no response is required to

11  claims based on such allegations.  Ms. Dolan lacks knowledge or information sufficient to form a

12  belief about the truth of the remaining allegations in paragraph 59, and on that basis denies them.

13      60.    Ms. Dolan denies the allegations in paragraph 60.

14      61.    On information and belief, Ms. Dolan admits that during the first quarter of 2016,

15  a family of funds, in which Cirrix participates as a holding company, purchased $114.5 million of

16  whole loans and interests in whole loans from LendingClub.  On information and belief,

17  Ms. Dolan further admits that Cirrix's LendingClub loan purchases in Q1 2016 amounted to 67%

18  of LendingClub's loan-origination growth.  As to the remaining allegations in paragraph 61,

19  Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the

20  allegations, and on that basis denies them.

21      62.    The quoted material in paragraph 62 speaks for itself and requires no response.

22  Ms. Dolan denies the remaining allegations in paragraph 62.

23      63.    Ms. Dolan admits that in February 2015, LendingClub filed a Form 10-K,

24  reporting that in the fourth quarter of 2014, LendingClub's "marketplace facilitated over $1.4

25  billion of loan originations, of which approximately $0.2 billion were invested in through notes,

26  $0.4 billion were invested in through certificates and $0.8 billion were invested in through whole

27  loan sales."  Ms. Dolan denies the remaining allegations in paragraph 63.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

1    64.    The quoted material in paragraph 64 speaks for itself and requires no response.

2    Ms. Dolan otherwise denies the allegations in paragraph 64.

3    65.    The quoted material in paragraph 65 speaks for itself and requires no response.

4    Ms. Dolan otherwise denies the allegations in paragraph 65.

5    66.    The Court's May 25, 2017 Order (Docket No. 181) dismissed all Section 10(b) of

6    the 1934 Act claims regarding Cirrix as to Ms. Dolan for lack of scienter.  Therefore, no response

7    is required to claims based on such allegations.  To the extent that any remaining allegations in

8    paragraph 66 are directed at Ms. Dolan, she denies them.  To the extent that any allegations are

9    directed at other Defendants, no response is required.  To the extent that a response is required as

10   to any allegations directed at other Defendants, Ms. Dolan lacks knowledge or information

11   sufficient to form a belief about the truth of the allegations, and on that basis denies them.

12   67.    The quoted material in paragraph 67 speaks for itself and requires no response.

13   Ms. Dolan otherwise denies the allegations in paragraph 67.

14   68.    The material purportedly quoted from LendingClub's May 5, 2015 earnings call

15   speaks for itself and requires no response.  To the extent a response is required or the Amended

16   Complaint misquotes Mr. Laplanche, Ms. Dolan denies the allegations in paragraph 68.

17   69.    Ms. Dolan admits that on May 5, 2015, LendingClub filed a Form 10-Q with the

18   SEC that included financial and operating results for the quarter ended March 31, 2015.  The

19   Form 10-Q included certifications by Mr. Laplanche and Ms. Dolan pursuant to the Sarbanes-

20   Oxley Act.  Ms. Dolan otherwise denies the allegations in paragraph 69.

21   70.    The quoted material in paragraph 70 speaks for itself and requires no response.

22   Ms. Dolan otherwise denies the allegations in paragraph 70.

23   71.    The quoted material in paragraph 71 speaks for itself and requires no response.

24   Ms. Dolan otherwise denies the allegations in paragraph 71.

25   72.    The quoted material in paragraph 72 speaks for itself and requires no response.

26   Ms. Dolan otherwise denies the allegations in paragraph 72.

27   73.    The quoted material in paragraph 73 speaks for itself and requires no response.

28   Ms. Dolan otherwise denies the allegations in paragraph 73.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

74.     Ms. Dolan admits that on August 4, 2015, LendingClub issued a Form 8-K that stated that LendingClub "had another very strong quarter," and that "[l]oan originations in the second quarter of 2015 were $1.91 billion, compared to $1.01 billion in the same period last year, an increase of 90% year-over-year." Ms. Dolan further admits that the Form 8-K also stated that LendingClub had operating revenue of $96.1 million, adjusted EBITDA of $13.4 million, and a loss per share of $0.01.

75.     Ms. Dolan admits that on August 5, 2015, LendingClub issued a Form 10-Q that stated that LendingClub's "marketplace facilitated $1.9 billion of loan originations, of which approximately $0.3 billion were invested in through notes, $0.6 billion were invested in through certificates and $1.0 billion were invested in through whole loan sales." Ms. Dolan further admits that the Form 10-Q also stated that "originations are a key indicator of the adoption rate of our marketplace, growth of our brand, scale of our business, strength of our network effect, economic competitiveness of our products and future growth. Loan originations have grown significantly over time due to increased awareness of our brand, our high borrower and investor satisfaction rates, the effectiveness of our borrower acquisition channels, a strong track record of loan performance and the expansion of our capital resources." Ms. Dolan otherwise denies the allegations in paragraph 75.

76.     Ms. Dolan admits that in LendingClub's Q2 2015 Form 10-Q, LendingClub stated the following: "We do not assume credit risk or use our own capital to invest in loans facilitated by our marketplace, except in limited circumstances and in amounts that are not material." Ms. Dolan otherwise denies the allegations in paragraph 76.

77.     The quoted material in paragraph 77 speaks for itself and requires no response. Ms. Dolan otherwise denies the allegations in paragraph 77.

78.     The quoted material in paragraph 78 speaks for itself and requires no response. To the extent a response is required or the Amended Complaint misquotes LendingClub's response to the U.S. Treasury Department, Ms. Dolan denies the allegations in paragraph 78.

79.     The quoted material in paragraph 79 speaks for itself and requires no response. Ms. Dolan otherwise denies the allegations in paragraph 79.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

1  80.     The material purportedly quoted from LendingClub's October 29, 2015 earnings

2  call speaks for itself and requires no response.  To the extent a response is required or the

3  Amended Complaint misquotes Mr. Laplanche, Ms. Dolan denies the allegations in paragraph 80.

4  81.     The material purportedly quoted from LendingClub's October 29, 2015 earnings

5  call speaks for itself and requires no response.  To the extent a response is required or the

6  Amended Complaint misquotes Mr. Laplanche, Ms. Dolan denies the allegations in paragraph 81.

7  82.     The quoted material in paragraph 82 speaks for itself and requires no response.

8  Ms. Dolan otherwise denies the allegations in paragraph 82.

9  83.     The quoted material set forth in paragraph 72 and referenced in paragraph 83

10  speaks for itself and requires no response.  Ms. Dolan otherwise denies the allegations in

11  paragraph 83.

12  84.     The quoted material in paragraph 84 speaks for itself and requires no response.

13  Ms. Dolan otherwise denies the allegations in paragraph 84.

14  85.     Ms. Dolan denies the allegations in paragraph 85.

15  86.     The material purportedly quoted in paragraph 86 speaks for itself and requires no

16  response.  To the extent a response is required or the Amended Complaint misquotes Mr.

17  Laplanche, Ms. Dolan denies the allegations in this paragraph.

18  87.     The material purportedly quoted in paragraph 87 speaks for itself and requires no

19  response.  To the extent a response is required or the Amended Complaint misquotes Mr.

20  Laplanche, Ms. Dolan denies the allegations in this paragraph.

21  88.     The quoted material in paragraph 88 speaks for itself and requires no response.

22  Ms. Dolan denies the remaining allegations in paragraph 88.

23  89.     Ms. Dolan admits that on February 11, 2016, LendingClub hosted a conference

24  call to discuss Q4 2015 earnings.  The material purportedly quoted from that call speaks for itself

25  and requires no response.  To the extent a response is required or the Amended Complaint

26  misquotes Mr. Laplanche, Ms. Dolan otherwise denies the allegations in paragraph 89.

27  90.     The quoted material in paragraph 90 speaks for itself and requires no response.

28  Ms. Dolan otherwise denies the allegations in paragraph 90.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

91.     The quoted material in paragraph 91 speaks for itself and requires no response. Ms. Dolan otherwise denies the allegations in paragraph 91.

92.     The quoted material in paragraph 92 speaks for itself and requires no response. Ms. Dolan otherwise denies the allegations in paragraph 92.

93.     The quoted material in paragraph 93 speaks for itself and requires no response. Ms. Dolan otherwise denies the allegations in paragraph 93.

94.     Ms. Dolan denies the allegations in paragraph 94.

95.     Ms. Dolan admits that LendingClub's May 2016 Form 8-K disclosed that LendingClub's board of directors accepted the resignation of Mr. Laplanche as Chairman and CEO following "an internal review of sales of $22 million in near-prime loans to a single investor, in contravention of the investor's express instructions as to a non-credit and non-pricing element, in March and April 2016."  Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 95, and on that basis denies them.

96.     Ms. Dolan admits that LendingClub's May 2016 Form 8-K disclosed that LendingClub discovered "a failure to inform the board's Risk Committee of personal interests held in a third party fund while the Company was contemplating an investment in the same fund." Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 96, and on that basis denies them.

97.     Ms. Dolan admits that on May 9, 2016, LendingClub's stock price closed at $4.62 per share.  Ms. Dolan further admits that LendingClub's stock price continued to fall for the next four days.  Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97, and on that basis denies them.

98.     Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98, and on that basis denies them.

99.     Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99, and on that basis denies them.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

1    100.    Ms. Dolan lacks knowledge or information sufficient to form a belief about the

2  truth of the allegations in paragraph 100, and on that basis denies them.

3    101.    Ms. Dolan admits that on May 16, 2016, LendingClub filed a Form 10-Q with the

4  SEC.  The material purportedly quoted from LendingClub's Form 10-Q requires no response.

5  Ms. Dolan denies the remaining allegations in paragraph 101.

6    102.    The material purportedly quoted from LendingClub's Form 10-Q requires no

7  response.  Ms. Dolan denies the remaining allegations in paragraph 102.

8    103.    Ms. Dolan admits that on May 9, 2016, LendingClub received a grand jury

9  subpoena from the Department of Justice.  Ms. Dolan lacks knowledge or information sufficient

10  to form a belief about the truth of the other allegations in paragraph 103, and on that basis denies

11  them.

12    104.    Ms. Dolan lacks knowledge or information sufficient to form a belief about the

13  truth of the allegations in paragraph 104, and on that basis denies them.

14    105.    Ms. Dolan lacks knowledge or information sufficient to form a belief about the

15  truth of the allegations in paragraph 105, and on that basis denies them.

16    106.    The unsourced quotation speaks for itself, and Ms. Dolan lacks knowledge or

17  information sufficient to form a belief about whether the purported quotation is

18  accurate.  Ms. Dolan admits that Jeff Bogan started working at LendingClub in April 2012; that

19  Adelina Grozdanova started working at LendingClub in July 2013 and worked as the Vice

20  President of its Institutional Group; that Matt Wierman started working at LendingClub in

21  October 2011 and worked as its Senior Vice President of Marketing; and that each of them was

22  involved to some degree in preparing LendingClub for its IPO and each departed LendingClub in

23  2016.  Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the

24  other allegations in paragraph 106, and on that basis denies them.

25    107.    Ms. Dolan admits that on June 28, 2016, LendingClub disclosed that it determined

26  that adjustments were made to the valuation of certain fund assets that were not consistent with

27  generally accepted accounting principles, and that remedial measures were being taken.

28  Ms. Dolan denies the remaining allegations in paragraph 107.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

108.   Ms. Dolan admits that LendingClub reported in its 2016 Form 10-K that "the Company identified 32 loans made in the second half of December 2009 through the Lending Club platform, totaling approximately $722,800 in originations and $25,000 in revenue, to the Company's former CEO, Renaud Laplanche, and three of his family members."  LendingClub further reported that "[t]he Company's review has found that these loans were issued in order to help increase reported platform loan volume for December 2009."  The remaining allegations in paragraph 108 are directed at other Defendants, so no response is required.  To the extent that a response is required to allegations directed at other Defendants, Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108, and on that basis denies them.

109.   Ms. Dolan admits that LendingClub reported in its 2016 Form 10-K that Mr. Laplanche "pledged some of [his] Company shares to secure personal loans from a third-party financial institution, which was not disclosed to the board during subsequent deliberations . . . ."  The remaining allegations in paragraph 109 are directed at other Defendants, so no response is required.  To the extent that a response is required to allegations directed at other Defendants, Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 109, and on that basis denies them.

110.   Ms. Dolan admits that LendingClub disclosed material weaknesses in internal controls in May 2016, and those disclosures speak for themselves.  Ms. Dolan further admits that she and Mr. Laplanche executed certifications pursuant to the Sarbanes-Oxley Act in 2014 and 2015, which likewise speak for themselves.  Separately, the footnote in paragraph 110 contains legal conclusions to which no response is required.  Ms. Dolan denies the remaining allegations in paragraph 110.

111.   Ms. Dolan admits that LendingClub disclosed material weaknesses in internal controls in May 2016, and those disclosures speak for themselves.  Ms. Dolan further admits that she and Mr. Laplanche executed certifications pursuant to the Sarbanes-Oxley Act in 2014 and 2015, which likewise speak for themselves.  Ms. Dolan denies the remaining allegations in paragraph 111.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

112.   Ms. Dolan admits that at certain points in time, she, Mr. Laplanche, and Jason Altieri constituted LCA's Investment Policy Committee, and that this committee was responsible for managing LCA's investments in loans.  Ms. Dolan denies the remaining allegations in paragraph 112.

113.   Ms. Dolan admits that she resigned from LendingClub in August 2016 and that, in early 2016, she discussed with LendingClub's management and its Board her intent to resign, but in May 2016, Lending Club's then-Acting CEO Scott Sanborn asked Ms. Dolan to remain at LendingClub.  Ms. Dolan further admits that between November 3, 2015 and December 14, 2015, she sold 135,000 shares of LendingClub stock for over $1.8 million.  Ms. Dolan lacks knowledge or information regarding the Bloomberg report and on that basis denies those allegations. Ms. Dolan denies the remaining allegations in paragraph 113.

114.   Ms. Dolan admits that LendingClub has implemented changes in internal controls over financial reporting, including remedial efforts in response to weaknesses identified by LendingClub.  Ms. Dolan otherwise denies the allegations in paragraph 114.

115.   Ms. Dolan admits that Mr. Laplanche and several senior managers either resigned or were terminated in 2016 and LendingClub's disclosures regarding those events speak for themselves.  Ms. Dolan further admits that LendingClub hired an outside consulting firm to support management processes.  The unsourced quotation speaks for itself, and Ms. Dolan lacks knowledge or information sufficient to form a belief about whether the purported quotation is accurate.  Ms. Dolan otherwise denies the allegations in paragraph 115.

116.   Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 116, and on that basis denies them.

117.   Ms. Dolan denies the allegations in paragraph 117.

118.   Paragraph 118 contains legal conclusions to which no response is required.  To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.

119.   Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 119, and on that basis denies them.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

120.    Paragraph 120 contains legal conclusions to which no response is required.  To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.

121.    Paragraph 121 contains legal conclusions to which no response is required.  To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.

122.    Paragraph 122 contains legal conclusions to which no response is required.  To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.

123.    Paragraph 123 contains legal conclusions to which no response is required.  To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.

124.    Paragraph 124 contains legal conclusions to which no response is required.  To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.

125.    Paragraph 125 contains legal conclusions to which no response is required.  To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.

126.    Paragraph 126 requires no response.

127.    Paragraph 127 contains legal conclusions to which no response is required.  To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.

128.    Ms. Dolan admits that she signed the Registration Statement for the IPO.  Paragraph 128 further contains legal conclusions to which no response is required.  To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.

129.    Ms. Dolan admits that LendingClub is the registrant for the IPO and issuer of its shares.  Paragraph 129 further contains legal conclusions to which no response is required.  To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.

130.    Paragraph 130 contains legal conclusions to which no response is required.  To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.

131.    Paragraph 131 contains legal conclusions to which no response is required.  To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.  To the extent that any allegations are directed at other Defendants, no response is required.  To the extent that a response is required as to any allegations directed at other Defendants, Ms. Dolan lacks

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

132.    Paragraph 132 contains legal conclusions to which no response is required. To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.

133.    Paragraph 133 contains legal conclusions to which no response is required. To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.

134.    Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 134, and on that basis denies them.

135.    Paragraph 135 contains legal conclusions to which no response is required. To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.

136.    Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 136, and on that basis denies them.

137.    Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 137, and on that basis denies them.

138.    Paragraph 138 requires no response.

139.    Paragraph 139 requires no response.

140.    Paragraph 140 contains legal conclusions to which no response is required. To the extent a response is required, Ms. Dolan denies the allegations in this paragraph. To the extent that any allegations are directed at other Defendants, no response is required. To the extent that a response is required as to any allegations directed at other Defendants, Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

141.    To the extent that any allegations are directed at other Defendants, no response is required. To the extent that a response is required as to any allegations directed at other Defendants, Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

142.    Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 142, and on that basis denies them.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

143.    The Court's May 25, 2017 Order (Docket No. 181) dismissed the Section 10(b) of the 1934 Act claims regarding the loan-approval process as to all Defendants, the Section 10(b) of the 1934 Act claims regarding data security and integrity as to all Defendants, and the Section 10(b) of the 1934 Act claims regarding Cirrix as to Ms. Dolan for lack of scienter.  Therefore, no response is required to claims based on such allegations.

144.    Ms. Dolan denies the allegations in paragraph 144.

145.    Ms. Dolan denies the allegations in paragraph 145.  To the extent that any allegations are directed at other Defendants, no response is required.  To the extent that a response is required as to any allegations directed at other Defendants, Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

146.    Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 146, and on that basis denies them.

147.    Paragraph 147 requires no response.

148.    Paragraph 148 contains legal conclusions to which no response is required.  To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.  To the extent that any allegations are directed at other Defendants, no response is required.  To the extent that a response is required as to any allegations directed at other Defendants, Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

149.    Paragraph 149 contains legal conclusions to which no response is required.  To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.  To the extent that any allegations are directed at other Defendants, no response is required.  To the extent that a response is required as to any allegations directed at other Defendants, Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

150.    Paragraph 150 contains legal conclusions to which no response is required.  To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

151.    Paragraph 151 contains legal conclusions to which no response is required.  To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.  To the extent that any allegations are directed at other Defendants, no response is required.  To the extent that a response is required as to any allegations directed at other Defendants, Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

152.    Paragraph 152 contains legal conclusions to which no response is required.  To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.

153.    Paragraph 153 contains legal conclusions to which no response is required.  To the extent a response is required, Ms. Dolan denies the allegations in this paragraph.  To the extent that any allegations are directed at other Defendants, no response is required.  To the extent that a response is required as to any allegations directed at other Defendants, Ms. Dolan lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

Ms. Dolan denies that Lead Plaintiff is entitled to any of the requested relief and denies all allegations in the Amended Complaint's Prayer for Relief.

No response is required to the Amended Complaint's demand for a jury trial.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Ms. Dolan alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, subject to her responses above, Ms. Dolan specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery or further investigation in this action.

## FIRST AFFIRMATIVE DEFENSE
(Due Diligence)

Lead Plaintiff's and the putative class's claims are barred, in whole or in part, because, as contemplated in Section 11(b)(3) of the 1933 Act, Ms. Dolan exercised due diligence in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

1   connection with the IPO.  Ms. Dolan acted at all times in good faith and had no knowledge, was

2   not reckless in not knowing, and in the exercise of reasonable care could not have known of any

3   alleged misstatements or omissions of material fact in the prospectus filed with the United States

4   Securities and Exchange Commission (the "SEC") on December 11, 2014 (the "Prospectus") and

5   the Registration Statement, and all prior versions or subsequent amendments thereof (including

6   materials incorporated by reference) (collectively, the "Offering Documents"), identified in the

7   Amended Complaint.  At all relevant times, Ms. Dolan conducted a reasonable and diligent

8   investigation and had reasonable grounds to believe, and did believe at the time the Offering

9   Documents became effective, that the statements in the Offering Documents were true and that

10  there were no omissions of material fact.

11          This reasonable and diligent investigation included Ms. Dolan's participation in and

12  awareness of an extensive review of LendingClub's business and business practices, including a

13  review of numerous LendingClub financial, business, and operational documents;

14  communications with LendingClub employees regarding the business; the use of experts and

15  consultants to advise Ms. Dolan and LendingClub in connection with the IPO; and a review of

16  other available information regarding LendingClub's business and operations.  With respect to

17  portions of the Offering Documents purporting to be made on the authority of accounting,

18  financial, or other experts retained to assist in preparing the Offering Documents, Ms. Dolan had

19  no reasonable grounds to believe, and did not believe, that such statements were untrue, that there

20  was any omission of material fact necessary to make the statements therein not misleading, or that

21  such part of the Offering Documents did not fairly represent the statements of the experts.

**SECOND AFFIRMATIVE DEFENSE**
(Good Faith)

24          Pursuant to Section 15 of the 1933 Act, Lead Plaintiff's and the putative class's claims

25  are barred, in whole or in part, because Ms. Dolan had no knowledge of or reasonable grounds to

26  believe in the existence of the purported facts by reason of which the liability of any defendant is

27  alleged in the Amended Complaint to exist, including but not limited to any of the alleged

28  misstatements and omissions in Paragraphs 32-37, 43-45, and 49-50 of the Amended Complaint

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

1  because, among other reasons, Ms. Dolan relied in good faith upon professionals, including legal

2  and finance professionals, as well as auditors, who advised Ms. Dolan and LendingClub in

3  connection with the IPO and subsequent matters alleged in the Amended Complaint.  Pursuant to

4  Section 20(a) of the 1934 Act, Lead Plaintiff's and the putative class's claims are barred, in

5  whole or in part, because Ms. Dolan acted in good faith and did not directly or indirectly induce

6  any acts which are alleged in the Amended Complaint to establish the liability of any defendant,

7  including but not limited to the purported making of the alleged misstatements or omissions

8  referenced above, because, among other reasons, Ms. Dolan relied in good faith upon

9  professionals, including legal and finance professionals, as well as auditors, who advised

10  Ms. Dolan and LendingClub in connection with the IPO and subsequent matters alleged in the

11  Amended Complaint.

12  **THIRD AFFIRMATIVE DEFENSE**
    (Reasonable Reliance on Professionals)

13

14  There were numerous professionals involved in preparing the Offering Documents, and

15  in preparing subsequent public statements and disclosures by LendingClub, including those

16  alleged in the Amended Complaint to be misstatements and/or omissions.  As discussed above,

17  Ms. Dolan and LendingClub used experts and consultants to advise them in connection with the

18  IPO and subsequent matters alleged in the Amended Complaint.  Lead Plaintiff's and the

19  putative class's claims are barred, in whole or in part, because Ms. Dolan reasonably relied in

20  good faith on the relevant professional judgments, opinions, and advice of such professionals,

21  including legal and finance professionals, as well as auditors.

22  **FOURTH AFFIRMATIVE DEFENSE**
    (Lead Plaintiff's Knowledge & Reliance)

23

24  Lead Plaintiff's and the putative class's claims are barred, in whole or in part, to the extent

25  that they purchased LendingClub stock with actual or constructive knowledge of the facts that

26  they allege were misrepresented or omitted in the Amended Complaint.  For example, certain

27  putative class members were employed by LendingClub or were investors on or otherwise had

28  knowledge of the LendingClub platform or business.  In addition, the complaint publicly filed in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

1   California Superior Court on February 26, 2016 in *Geller v. LendingClub Corp., et al.*, Case No.

2   CIV-537300 ("*Geller*"), alleged misstatements based on credit risk in connection with loans and

3   the transparency between LendingClub and platform participants (*see, e.g.*, *Geller* Compl. at

4   ¶¶ 49, 54, 57), subjects that the Amended Complaint also alleges were the basis for purported

5   misstatements (*see, e.g.*, Am. Compl. ¶¶ 33, 35).  Putative class members who purchased

6   LendingClub stock with knowledge of the facts they allege were misrepresented or omitted

7   assumed the risk that the value of those securities would decline.  To the extent Lead Plaintiff or

8   the putative class relied on the alleged misrepresentations or omissions, if any were in fact made,

9   such reliance was unreasonable in light of, among other reasons, information that was publicly

10  disclosed or available or because specific putative class members were privy to information

11  regarding LendingClub's business or platform, as set out above.

12                            **FIFTH AFFIRMATIVE DEFENSE**
                                 (Forward-Looking Statements)
13

14          Lead Plaintiff's and the putative class's claims are barred, in whole or in part, because

15  certain alleged misstatements, including in the Offering Documents, were forward-looking

16  statements, were identified as such, and were accompanied by meaningful cautionary statements

17  identifying important factors that could cause actual results to differ materially from those in the

18  forward-looking statements and are thus non-actionable under the bespeaks caution doctrine, as

19  well as, for any alleged misstatements that were not issued in connection with the IPO, under the

20  Private Securities Litigation Reform Act of 1995's safe harbor provision, 15 U.S.C. § 78u-5(c).

21  The Registration Statement makes clear on page 42 that it includes "forward-looking statements"

22  and that "[t]he words 'believe,' 'may,' 'will,' 'potentially,' 'estimate,' 'continue,' 'anticipate,'

23  'intend,' 'could,' 'would,' 'predict,' 'plan' and 'expect,' and similar expressions that convey

24  uncertainty of future events or outcomes, are intended to identify forward-looking statements."

25  The Registration Statement also identifies factors that could cause actual results to differ from

26  the contents of such statements, such as its reference on page 14 to "navigating complex and

27  evolving regulatory and competitive environments."

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

1

## SIXTH AFFIRMATIVE DEFENSE
(Negative Causation)

2

3      Pursuant to Section 11(e) of the 1933 Act, Lead Plaintiff's and the putative class's claims

4   are barred, in whole or in part, because the damages for which Lead Plaintiff claims Ms. Dolan is

5   responsible represent something other than the depreciation in value of the offered securities

6   resulting from such part of the Offering Documents, with respect to which liability is asserted in

7   the Amended Complaint, not being true or omitting a material fact required to be stated therein

8   or necessary to make the statements therein not misleading.  Ms. Dolan intends to present expert

9   testimony regarding other plausible causes of the depreciation in value of LendingClub

10  securities, including but not limited to market forces and unrelated developments in

11  LendingClub's industry and business.

12

## SEVENTH AFFIRMATIVE DEFENSE
(Damages Under Section 11)

13

14     Lead Plaintiff's and the putative class's claims are barred, in whole or in part, because

15  Ms. Dolan is not liable under Section 11(e) of the 1933 Act for alleged damages in excess of the

16  total price at which the securities were offered to the public.

17

## EIGHTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

18

19     Section 13 of the 1933 Act requires an action to be brought within one year "after the

20  discovery of the untrue statement or the omission, or after such discovery should have been made

21  by the exercise of reasonable diligence."  Lead Plaintiff's and the putative class's 1933 Act

22  claims are therefore barred to the extent that the purported misstatements or omissions alleged in

23  the Amended Complaint were discovered, or should have been discovered by the exercise of

24  reasonable diligence, before May 16, 2015, one year before Ms. Dolan was first named as a

25  defendant in this action, including because specific putative class members were privy to the

26  LendingClub information that Lead Plaintiff contends was misrepresented or omitted through

27  employment by LendingClub, investment on or other knowledge of the LendingClub platform or

28  business, or otherwise.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

1   Lead Plaintiff's and the putative class's claims under the 1934 Act and Rule 10b-5 are

2   barred pursuant to 28 U.S.C. § 1658(b) to the extent that the purported misstatements or

3   omissions alleged in the Amended Complaint were discovered, or should have been discovered

4   by the exercise of reasonable diligence, before May 16, 2014, two years before Ms. Dolan was

5   first named as a defendant in this action, including because specific putative class members were

6   privy to the LendingClub information that Lead Plaintiff contends was misrepresented or

7   omitted, through employment by LendingClub, investment on or other knowledge of the

8   LendingClub platform, or business, or otherwise.  28 U.S.C. § 1658(b) requires an action to be

9   brought no later than two years after "the plaintiff did discover or a reasonably diligent plaintiff

10  would have 'discover[ed] the facts constituting the violation'—whichever comes first," *Merck &*

11  *Co. v. Reynolds*, 559 U.S. 633, 653 (2010); *see also* 28 U.S.C. § 1658(b).

12                          **NINTH AFFIRMATIVE DEFENSE**
                                (Truth on the Market)

13

14  Lead Plaintiff's and the putative class's claims are barred, in whole or in part, because the

15  matters alleged in the Amended Complaint to be the subject of misrepresentations and omissions,

16  including but not limited to alleged misstatements and omissions in Paragraphs 32-37, 43-45,

17  and 49-50 of the Amended Complaint, were publicly disclosed or were in the public domain,

18  including, but not limited to, via disclosures and information made available to the public by

19  LendingClub and via allegations in the complaint filed in California Superior Court on February

20  26, 2016 in *Geller*, alleging misstatements based on credit risk in connection with loans and the

21  transparency between LendingClub and platform participants (*see, e.g.*, *Geller* Compl. at ¶¶ 49,

22  54, 57), subjects that the Amended Complaint also alleges were the basis for purported

23  misstatements (*see, e.g.*, Am. Compl. ¶¶ 33, 35), and, as such, were available to Lead Plaintiff

24  and other alleged members of the putative class and were at all times reflected in the price of

25  LendingClub securities purchased or acquired after such information was made public.

26                          **TENTH AFFIRMATIVE DEFENSE**
                                (Proportionate Liability)

27

28  Any recovery to which Lead Plaintiff or the putative class may be entitled from

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25
DEFENDANT CARRIE DOLAN'S AMENDED ANSWER TO THE
AMENDED CONSOLIDATED COMPLAINT
CASE NO. 3:16-CV-02627-WHA

1  Ms. Dolan is limited to the percentage of responsibility of Ms. Dolan in proportion to the total

2  fault of all covered persons, pursuant to the proportionate liability provisions of the Private

3  Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f).

4  Dated:  July 27, 2017                        MORGAN, LEWIS & BOCKIUS LLP

5

6                                               By:  /s/ Charlene S. Shimada
                                                     Charlene S. Shimada
7                                                    Attorneys for Defendant Carrie Dolan

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28