IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LENDINGCLUB SECURITIES LITIGATION | No. C 16-02627 WHA<br>No. C 16-02670 WHA<br>No. C 16-03072 WHA |
| | (Consolidated) |
| This Document Relates to:<br>ALL ACTIONS. | **ORDER RE DISCOVERY DISPUTE** |

On September 7, lead plaintiff Water and Power Employees' Retirement, Disability and Death Plan of the City of Los Angeles filed a discovery dispute letter. In short, lead plaintiff objects that defendant Lending Club Corporation and director defendants "are raising broad reliance-on-counsel defenses . . . while withholding all or portions of nearly 5,000 relevant documents," many of which are withheld on the grounds of attorney-client privilege or work product protection (Dkt. No. 217 at 1). To the extent defendants rely upon counsel's advice as a defense, lead plaintiffs argue, they may not shield these communications from discovery as such reliance waives attorney-client privilege. Lead plaintiff requests that defendants either "(1) produce all documents that they have withheld or redacted; or (2) abandon their 'good faith' and 'reliance on professionals' defenses" (*id.* at 3).

In attached correspondence, defense counsel notified lead plaintiff that "the defense at issue is reliance on professionals, which includes professionals other than counsel" and that defendants will "clarify whether (and if so, to what extent) any [defendants] will rely on any

advice of counsel as an element of [their] defense" (Dkt. No. 217-2 at 1). It went on to state that if defendants "intend to rely on advice of counsel, [they] will produce the appropriate documents and confer with [lead plaintiff] on the scope of that production" (*Ibid.*).

To the extent defendants rely upon the advice of counsel at trial or on summary judgment, they must produce the relevant communications upon which they rely. Any waiver of attorney-client privilege in this case must be made by **SEPTEMBER 29 AT NOON** in writing, and all documents to be relied upon by the waiving party must be produced by that date along with any other documents (whether or not previously requested) that, but for the waiver, would have been privileged. Selective waiver will not be allowed. Any waiver will extend to the full scope of the subject matter of the waiver.

**IT IS SO ORDERED.**

Dated: September 8, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE