JOHN T. JASNOCH (281605)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

- and -

BETH A. KASWAN (*pro hac vice*)
WILLIAM C. FREDERICKS (*pro hac vice*)
SEAN T. MASSON (*pro hac vice*)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6464

MARK C. MOLUMPHY (168009)
ALEXANDRA P. SUMMER (266485)
COTCHETT, PITRE & MCCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000

Counsel for Proposed Intervenors and Certified Plaintiff
Class in *In re LendingClub Corp. S'holder Litig.*,
No. CIV 537000 (Cal. Super. Ct., San Mateo Cty.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LENDINGCLUB SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No. 3:16-cv-02627-WHA<br><br>CLASS ACTION<br><br>**MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER REGARDING SUBPOENA TO DYLAN YOUNGBLOOD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   November 16, 2017<br>Time:   8:00 a.m.<br>Judge:  Hon. William Alsup<br>Courtroom:   8, 19th Floor |

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................... 1

I.  STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(a)(3)) ............................................ 1

II.  INTRODUCTION ....................................................................................................................... 2

III.  STATEMENT OF FACTS.......................................................................................................... 4

IV.  ARGUMENT ............................................................................................................................... 6

   A.  Rule 45(c)(1) Requires the Youngblood Subpoena to Be Quashed, and Even if Not Required to Do so This Court Should Also Quash the Subpoena and Issue a Protective Order on Multiple Additional Grounds ................................................................................ 6

      1.  The Subpoena Was Issued in Violation of Civ. L.R. 7-6.................................................. 6

      2.  The Subpoena Was Issued in Patent Violation of Rule 45(c)(1) ..................................... 7

      3.  The Subpoenas Were Not Timely Served ........................................................................ 9

      4.  The Subpoena Should Also Be Quashed Because It Is Calculated to Intimate and Harass the State Class Representatives into Withdrawing Their Limited Objection to Class Certification in This Action, and Otherwise Impose Undue Burden .................... 10

V.  CONCLUSION .......................................................................................................................... 10

i

MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER REGARDING SUBPOENA TO
DYLAN YOUNGBLOOD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:16-cv-02627-WHA

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Dietz v. Spangenberg*,
   Civ. No. 11-2600, 2014 WL 537753 (D. Minn. Feb. 11, 2014) ...................................................8

*Fed. Trade Comm'n v. Directv, Inc.*,
   No. 15-cv-01129, 2016 WL 1741137 (N.D. Cal. May 3, 2016) ..................................................6

*Godfrey v. Iversen*,
   No. 05-2044, 2007 WL 1748706 (D.D.C. June 15, 2007) ...........................................................8

*In re LendingClub Corp. S'holder Litig.*,
   Master File No. CIV 537000 (Cal. Super. Ct., San Mateo Cty) ..................................................2

*In re Sulfuric Acid Antitrust Litig.*,
   231 F.R.D. 320, 327 (N.D. Ill. 2005) ...........................................................................................9

*M'Baye v. New Jersey Sports Production, Inc.*,
   246 F.R.D. 205 (S.D.N.Y. 2007)..................................................................................................8

*Oculu, LLC v. Oculus VR, Inc.*,
   2015 WL 1926646 (N.D. Cal. Apr. 28, 2015) .............................................................................9

*Regents of Univ. of Cal. v. Kohne*,
   166 F.R.D. 464 (S.D. Cal. 1996) .................................................................................................7

*Schwartz v. Thomas*,
   222 F.2d 305 (D.C. Cir. 1995) .....................................................................................................8

*Stewart v. Ramsay*,
   242 U.S. 128 (1916) .....................................................................................................................8

**Statutes, Rules, and Regulations**

Federal Rules of Civil Procedure
   Rule 26(c)................................................................................................................................1, 6
   Rule 32(a) ....................................................................................................................................9
   Rule 37(d)(1) ...............................................................................................................................9
   Rule 45(c)............................................................................................................................1, 5, 6
   Rule 45(c)(1) ...................................................................................................................1, 2, 6, 7
   Rule 45(c)(1)(A)......................................................................................................................7, 9
   Rule 45(c)(1)(B) ..........................................................................................................................8
   Rule 45(c)(3)(A)(ii) .....................................................................................................................9
   Rule 45(d).................................................................................................................................1, 9

ii
MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER REGARDING SUBPOENA TO
DYLAN YOUNGBLOOD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:16-cv-02627-WHA

Rule 45(d)(3)(A) ................................................................................................................6
Rule 45(d)(3)(A)(ii)............................................................................................................9

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that State Class Representative and proposed intervenor Dylan Youngblood, will and hereby does move, on November 16, 2017 at 8:00 a.m., or as soon as the matter may be heard,[1] by the Court in the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 8, 19th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102, for the issuance of an order:

(1) quashing the subpoena issued by counsel for the Lead Plaintiff in this action (the "Federal Plaintiff") to Dylan Youngblood for his personal attendance at the October 12, 2017 hearing on class certification in this matter; and

(2) issuing an appropriate Protective Order.

This motion is supported by the following memorandum of points and authorities, the accompanying Declaration of John T. Jasnoch ("Jasnoch Decl.") with annexed exhibits, the contemporaneously filed form of proposed order, and any other arguments of counsel as may be presented at the hearing on this motion. A copy of the subpoena that is the subject of this Motion is attached as Ex. 1 to the Jasnoch Decl.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(a)(3))**

**Issue:** Whether the Court should issue a protective order and quash the subpoena served by the Lead Plaintiff in this action (the "Federal Plaintiff") on State Class Representative Dylan Youngblood when the subpoena was issued: (i) in violation of Civ. L.R. 7-6; (ii) in violation of the geographical limitations of Rule 45(c)(1); (iii) without allowing reasonable time to comply; and (iv) without any need for personal testimony and, instead, to harass, intimidate, retaliate, and/or otherwise cause undue burden.

---

[1] Given the short period of time between service of the subpoenas and the October 12, 2017 hearing date on class certification, State Class Representatives were unable to even move for an order shortening time pursuant to this Court's local rules to hear this motion prior to the class certification hearing date, and federal plaintiff would not stipulate to such relief.

1

MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER REGARDING SUBPOENA TO DYLAN YOUNGBLOOD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:16-cv-02627-WHA

## II.     INTRODUCTION

Pursuant to Rules 26(c), 45(c), and 45(d) of the Federal Rules of Civil Procedure, and Civ. L.R. 7-6, proposed limited intervenor Dyan Youngblood ("Officer Youngblood" or "Movant"), who has been duly-appointed a Class Representative in the already certified Securities Act of 1933 ("1933 Act") class action pending in San Mateo County Superior Court before the Hon. Marie S. Weiner and captioned *In re LendingClub Corp. S'holder Litig.*, Master File No. CIV 537000 (Cal. Super. Ct., San Mateo Cty),[2] hereby moves to quash the subpoena that the Federal Plaintiff issued to him late Monday, October 2, 2017, to try to compel his personal appearance at the October 12, 2017 class certification hearing in this matter.[3]  The subpoena to Officer Youngblood was one of four subpoenas issued by the Federal Plaintiff to the State Court Representatives and Dr. Scott Hakala, their retained consulting expert on damages. The Federal Plaintiff has agreed to withdraw the subpoena it issued to appear at the October 12, 2017 hearing to Alton Consulting, LLC, a New York company with no offices in California, and Dr. Hakala, who works and resides in Texas.

Movant seeks to have the subpoena quashed on multiple grounds.  First, the Federal Plaintiff's counsel issued the subpoena − which seeks to compel Officer Youngblood to give testimony at a "hearing" scheduled for October 12 − without having first taken any steps to comply with Civ. L.R. 7-6, which expressly states that "[n]o oral testimony will be received in connection with any motion, unless otherwise ordered by the assigned Judge."  Civ. L.R. 7-6. The October 12 hearing for which the subpoenas were issued is calendared as a ***motion*** hearing, not an evidentiary hearing, and the Court has not ordered that testimony will be received in connection with the motion.  Second, the subpoena was issued in violation of the express

---

[2]    Officer Youngblood and the other appointed State Class Representatives, Kathy Geller, Ph.D. and Alton Consulting LLC (collectively, "the State Court Representatives") have moved to intervene for the limited purpose of objecting to the scope of the proposed Class in this action.

[3]    The undersigned counsel for the State Class Representatives agreed to accept service by email for them on the condition that such service would be deemed the equivalent of each respective State Class Representative having been served by the subpoena in the place where that State Class Representative resides.  In so doing, the State Representatives expressly reserved all of their rights to otherwise object to the subpoenas.

geographical restrictions set forth in Fed. R. Civ. P. 45(c)(1), which provide that a subpoena to compel attendance at a hearing is invalid unless the subpoenaed person "resides, is employed, or regularly transacts business in person" within 100 miles of the place of the hearing specified in the subpoena (here, San Francisco).  Third, the subpoena was not timely served so as to reasonably permit compliance by an out-of-town witness, and Federal Plaintiff's counsel − despite being aware of the State Class Representatives' limited objection to class certification and motion to intervene by no later than September 21, 2017 − did not even give notice of its intent to issue such subpoenas until October 2.  Fourth, and relatedly, Movant is employed as a police officer more than 100 miles away, near Santa Barbara, California.  Thus, the subpoena imposes an undue burden on Movant – *particularly considering the inability of Federal Plaintiff's Counsel to provide any basis for Officer Youngblood's personal testimony at the October 12 hearing nor assurance that the Court has duly authorized the taking of testimony at the hearing*.

      Finally, the subpoena appears to be part of a poorly disguised attempt to launch an improper collateral attack on Judge Weiner's class certification order in the State Class Action, which found that the State Class Representatives, including Officer Youngblood, were adequate and typical plaintiffs under C.C.P. §382.  At its core – and particularly when considered together with its obvious facial defects – it appears that the subpoena was issued to harass, intimidate, and retaliate against Movant for having filed (based on the best interests of the members of the Class that they have already been duly appointed to represent in the State Court) his limited objection to the certification of the more narrow 1933 Act claims at issue in this federal action.  This conclusion is further reinforced by the Federal Plaintiff's counsel's refusal to withdraw the subpoena at issue, even after being advised in writing of its patently defective nature, and even after Federal Plaintiff's counsel agreed to withdraw the similarly defective subpoenas issued to Alton Consulting LLC and Dr. Hakala.  For all of the foregoing reasons, the subpoena should be quashed and a protective order should be issued.

3
MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER REGARDING SUBPOENA TO
DYLAN YOUNGBLOOD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:16-cv-02627-WHA

### III. STATEMENT OF FACTS

On September 7, 2017, the Lead Plaintiff in this action, the Power Employees' Retirement, Disability and Death Plan of Los Angeles (the "Federal Plaintiff") filed a motion for class certification, seeking to certify claims that Defendants[4] violated the Securities Exchange Act of 1934 and the Securities Act of 1933. ECF No. 215. On September 21, 2017, the deadline for filing oppositions to the class certification motion, the State Class Representatives filed a motion to intervene for the limited purpose of asserting a limited objection to the class certification motion.[5] In their limited objection, the State Class Representatives made clear that they supported the Federal Plaintiff's certification of a §10(b) and §20(a) Class in this action, but that on the particular facts here, this Court should *decline* to certify that subset of claims in this action that have been under the 1933 Act, on the grounds that a broader and more valuable set of 1933 Act claims have already been certified in the State Class Action, and that this federal action (in light of the already certified State Class Action) is not the superior vehicle for the litigation of those claims. ECF No. 221.

More than ten days after the filing of the State Class Representatives' limited objection on September 21, counsel for the Federal Plaintiff ("Federal Counsel") emailed the undersigned Class Counsel in the State Class Action on October 2, 2017 to inquire whether they would accept service of subpoenas on the State Class Representatives, including Movant. The email was silent as to what type of subpoenas would be issued (the email did not specify whether the subpoenas

---

[4] Defendants in this suit are: (1) LendingClub; (2) the "Individual Defendants," consisting of the LendingClub officers and/or directors who signed the defective Offering Materials for LendingClub's IPO (namely Renaud Laplanche and Carrie Dolan, plus the eight "Director Defendants" consisting of Daniel Ciporin, Jeffrey Crowe, Rebecca Lynn, John Mack, Mary Meeker, John Morris, Lawrence Summers and Simon Williams); and (3) the nine "Underwriter Defendants" that underwrote the IPO.

[5] To the extent that the State Class Representatives filed their motion on behalf of persons who are (a) members of a certified Class in the State Action but (b) absent class members in the as-yet uncertified class in this Action, it is not even clear that the State Class Representatives are required to intervene or seek to formally appear in order to have their limited objection considered by this Court. Nonetheless, in an abundance of caution, the State Class Representatives filed a motion to intervene for the limited purpose of asserting their limited objection.

would be for document productions, depositions, or something else), but State Class Counsel obtained some clarification later that afternoon from Federal Counsel that the subpoenas would seek to compel the State Class Representatives' personal attendance at the October 12 hearing.

Later that evening, State Class Counsel emailed Federal Counsel, advising them that as a courtesy, the State Class Counsel would accept service of the subpoenas on behalf of the State Class Representatives as if those subpoenas had been served on each such State Class Representative where he, she, or it resided, but without otherwise waiving any of their rights to object to the subpoenas. To avoid unnecessary motion practice, in exchange for withdrawing the subpoenas, State Class Counsel also offered to produce the deposition transcripts of the three State Class Representatives in lieu of their personal appearance at the October 12 hearing – a compromise that would have allowed the Federal Plaintiff access to the prior confidential sworn testimony of each State Class Representative as to their adequacy from the class certification depositions that Defendants took in the State Court Action. Federal Counsel, however, did not accept the offers of compromise, and Federal Counsel instead demanded that the State Class Representatives withdraw their limited objection to class certification in this Action (filed September 21) as the condition for the Federal Plaintiff to withdraw its subpoenas. Later that night, the Federal Plaintiff served the three subpoenas by email on the undersigned counsel for the State Class Representatives.

Over the course of the next week, State Class Counsel repeatedly informed Federal Counsel that the subpoenas to three of the four State Class Representatives, including Officer Youngblood, and Dr. Hakala were defective including, *inter alia*, because they required compliance beyond the geographical limits specified in Fed. R. Civ. P. 45(c). During the evening of October 9, 2017, Federal Counsel informed State Class Counsel that they would agree to withdraw the subpoena to Dr. Hakala based on his representation that he had not been to the San Francisco Bay area more than four times over the last five years. In addition, Federal Counsel stated that they would agree to withdraw the subpoenas to Alton Consulting LLC and Officer Youngblood, but only if they agreed to make themselves available telephonically on

5

October 12 at 8:00 a.m. PDT. While the subpoenas should have been withdrawn because they were patently defective, in order to avoid wasteful motion practice, State Class Counsel agreed to explore whether the principal of Alton Consulting, Mr. Cummings, and Officer Youngblood could make themselves available as requested by Federal Counsel. After being informed that Mr. Cummings could be available telephonically, Federal Counsel withdrew the subpoena to Alton Consulting. However, since Officer Youngblood was not able to make himself available telephonically, Federal Counsel refused to withdraw its defective subpoena.

## IV.   ARGUMENT

### A.   Rule 45(c)(1) Requires the Youngblood Subpoena to Be Quashed, and Even if Not Required to Do so This Court Should Also Quash the Subpoena and Issue a Protective Order on Multiple Additional Grounds

Rule 45(d)(3)(A) ("*Quashing or Modifying a Subpoena*") provides as follows:

(A)   *When Required.*   On timely motion, the court for the district where compliance is required **_must_** quash or modify a subpoena that:

   (i)   fails to allow a reasonable time to comply;

   (ii)   requires a person to comply beyond the geographical limits specified in Rule 45(c);

   (iii)   requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

   (iv)   subjects a person to undue burden.

*Id.*[6] In addition, above and beyond the mandatory requirements of Rule 45(d)(3)(A), Rule 26(c) "'confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" *Fed. Trade Comm'n v. Directv, Inc.*, No. 15-cv-01129, 2016 WL 1741137, at *1 (N.D. Cal. May 3, 2016).

### 1.   The Subpoena Was Issued in Violation of Civ. L.R. 7-6

Although the subpoena purports to compel the Movant's personal attendance at the October 12 hearing, Federal Counsel have failed to provide any authority to establish that the October 12 proceedings have been scheduled as an evidentiary hearing, and have simply argued

---

[6]   Unless otherwise indicated, all emphasis is added and citations are omitted.

that the Federal Plaintiff should be allowed to *compel* Movant to attend the hearing because, in Federal Counsel's opinion, the Court *might* allow him to be examined at the October 12 hearing.

Civil Local Rule 7-6 provides: "No oral testimony will be received in connection with any motion, unless otherwise ordered by the assigned Judge." Civ. L.R. 7-6. Here, the October 12 hearing for which the subpoenas were issued is calendared as a *motion* hearing, not an evidentiary hearing, and the Court has not ordered that testimony will be received in connection with the motion.

The subject subpoena should be quashed on this ground alone.

### 2. The Subpoena Was Issued in Patent Violation of Rule 45(c)(1)

The Youngblood subpoena is invalid on its face as it violates Rule 45(c)(1), which provides as follows:

> A subpoena may command a person to attend a trial, hearing, or deposition *only* as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]

Fed. R. Civ. P. 45(c)(1)(A).

Mr. Youngblood resides in Orcutt, CA, and serves as a police officer near Santa Barbara, CA. *See* Declaration of Dylan Youngblood, attached as Ex. 2 to the accompanying Jasnoch Decl. The Court can take judicial notice of the fact that Orcutt, CA and Santa Barbara, CA, are both more than 100 miles from the Court's address in San Francisco. In addition, Officer Youngblood does not "regularly transact[] business in person" within 100 miles of this Court, does not recall ever "transacting business" in person within that area within the last five years. Jasnoch Decl., Ex. 2.

In response, Federal Plaintiff has asserted − without citing any authority – that a Class Representative should be deemed as "regularly transacting business in person" within 100 miles of a federal courthouse within the meaning of Rule 45(c)(1)(A) whenever they have been appointed to serve as a Class Representative by any state or federal court (here, the San Mateo County Courthouse) that operates within 100 miles of the federal courthouse. That would certainly come as a considerable surprise to class representatives in cases across the country, for

whom service as a class representative involves undertaking fiduciary duties rather than "conducting business" in the ordinary and natural sense of that word. *See Regents of Univ. of Cal. v. Kohne*, 166 F.R.D. 464, 465 (S.D. Cal. 1996) "regularly conducts business in person" means "just what it says"); *Dietz v. Spangenberg*, Civ. No. 11-2600, 2014 WL 537753, at *4 (D. Minn. Feb. 11, 2014) (courts examine "the frequency and duration of a person's *business trips* . . . to determine whether the visits are sufficient to qualify as regularly transacting business'"). Moreover, if involvement in a *single* litigation in any given courthouse is enough to be deemed "*regularly* transacting business in person" in that courthouse, the floodgates would be opened to having *any* litigant (and not just class representatives) subjected to subpoenas to give testimony far from home in other matters simply because they happened to be involved in a single litigation in a distant state. Given the other reasonable options available for seeking to take testimony of persons under the Federal Rules, the Federal Plaintiff's purported "interpretation" of the statute is not merely unsupported, it is frivolous. *See, e.g.*, *Godfrey v. Iversen*, No. 05-2044, 2007 WL 1748706, at *1 (D.D.C. June 15, 2007) (argument of plaintiff that person served with subpoena "regularly conducts business in Maryland" because of his participation as party in a lawsuit brought in that state was "frivolous"); *see also Stewart v. Ramsay*, 242 U.S. 128, 129 (1916) (non-resident plaintiffs and witnesses are immune from service of process "while in attendance upon court[] and during a reasonable time in coming and going"); *Schwartz v. Thomas*, 222 F.2d 305, 306-07 (D.C. Cir. 1995) (non-resident witnesses and parties are exempt from service of process while attending a trial).[7]

---

[7] In meet and confer correspondence, Federal Counsel asserted that the subpoena served on Officer Youngblood was not necessarily invalid, on the grounds that Officer Youngblood was a "party" and could thus be subpoenaed consistent with Fed. R. Civ. P. 45(c)(1)(B), which permits a "party" to be subpoenaed to testify anywhere in the state [here, California] where the person resides, is employed, or regularly transacts business in person. However, Federal Plaintiff has cited no authority to State Class Counsel holding that a person who seeks to file a limited objection to class certification − for the purpose of ensuring that they (or similarly situated persons) do ***not*** have their claims litigated in this Court – can or should be deemed "parties" to the action in this Court, or otherwise lose the normal rights of third-party witnesses to be compelled to testify only within 100 miles of where they reside. Moreover, Federal Counsel's argument that the State Class Representatives were somehow "parties" at the time they were served simply because they had filed a limited motion to intervene ignores the fact that – even assuming that the type of limited intervention sought would render a person a "party" − the
(continued...)

Accordingly, the Youngblood Subpoena is patently invalid under Rule 45(c)(1)(A), and is required to be quashed under Rule 45(d)(3)(A)(ii).

### 3. The Subpoenas Were Not Timely Served

The court "must" quash or modify a subpoena that fails to allow a reasonable time to comply. Fed. R. Civ. P. 45(d). For service of a subpoena to be valid, "ten business days' notice generally is considered reasonable," but "'the analysis is necessarily case-specific and fact-intensive.'" *Oculu, LLC v. Oculus VR, Inc.*, 2015 WL 1926646, at *1 (N.D. Cal. Apr. 28, 2015) (citing *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005)). The Advisory Committee Notes to Rule 32(a), which governs the use of deposition testimony in court proceedings, are also instructive here:

> [A] party receiving less than 11 days notice of a deposition can, provided its motion for a protective order is filed promptly, be spared the risks resulting from nonattendance at the deposition held before its motion is ruled upon. Although the revision of Rule 32(a) covers only the risk that the deposition could be used against the non-appearing movant, it should also follow that, when the proposed deponent is the movant, the deponent would have "just cause" for failing to appear for purposes of Rule 37(d)(1). Inclusion of this provision is not intended to signify that 11 days' notice is the minimum advance notice for all depositions or that greater than 10 days should necessarily be deemed sufficient in all situations.

Advisory Committee Notes to Fed. R. Civ. P. 32(a). As contemplated by these Notes, Officer Youngblood is moving to quash the subpoena to avoid the risk of non-compliance before the limited motion to intervene is ruled upon. In *Oculu*, *supra*, a plaintiff emailed to defense counsel the subpoena for the defendants' deposition on the evening of February 5, 2015 and required Facebook to appear for deposition 11 days later, on February 16, 2015. The Court found this not to be a "reasonable time" for notice of a deposition." *Oculu*, *supra*, at *2-*3.

---

(...continued from previous page)

Federal Plaintiff refused to consent to the State Class Representatives' limited intervention request, so that they were still not "parties" in any sense of the word at the time the subpoenas were issued and served. *See, e.g.*, *M'Baye v. New Jersey Sports Production, Inc.*, 246 F.R.D. 205, 207 (S.D.N.Y. 2007) ("The plain language of Rule 45(c)(3)(A)(ii) is clear that unless a person is a party to the litigation . . . he cannot be compelled to travel more than 100 miles," and rejecting argument that a non-party's "demonstrated [financial] interest in the outcome of the case" and role in funding it somehow justified an exception to the Rule's "plain language").

Moreover, the extremely short notice – less than ten business days (approximately ten *calendar* days including a federal court holiday) – that the Federal Counsel gave of a purported obligation to attend an out-of-town hearing is particularly inappropriate here as, not surprisingly, Officer Youngblood is unable to appear due to pre-existing work obligations (and as noted above, should hardly be expected to time off from work without any indication that the Court requests oral testimony or will hold an evidentiary hearing on October 12).

### 4. The Subpoena Should Also Be Quashed Because It Is Calculated to Intimate and Harass the State Class Representatives into Withdrawing Their Limited Objection to Class Certification in This Action, and Otherwise Impose Undue Burden

For all of the foregoing reasons – including the Federal Plaintiff's refusal to simply withdraw the subpoena when confronted with its myriad defects – it is hard to escape the conclusion that the subpoena was issued by Federal Counsel in retaliation for the State Class Representatives' efforts to object to the certification of the 1933 Act claims asserted in this action, and in an attempt to intimidate the State Class Representatives into withdrawing their objection.

## V. CONCLUSION

As set forth herein, the subpoena for the personal appearance of Officer Youngblood at the October 12 hearing on the Motion for Class Certification should be quashed and the Court should enter the proposed form of Protective Order submitted herewith.

Dated:  October 10, 2017

Respectfully submitted,

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

 *s/* John T. Jasnoch
JOHN T. JASNOCH (281605)
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

Attorneys for Proposed Intervenors, Kathy Geller, Dylan Youngblood, and Alton Consulting, LLC and the Certified Plaintiff Class in
*In re LendingClub Corp. S'holder Litig.*,
No. CIV 537000 (Cal. Super. Ct., San Mateo Cty.)

**CERTIFICATE OF SERVICE**

I, Mark Molumphy, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that John T. Jasnoch has concurred in this filing. I hereby certify that on October 10, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*s/ Mark C. Molumphy*
MARK C. MOLUMPHY (168009)
ALEXANDRA P. SUMMER (266485)
COTCHETT, PITRE & MCCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000

Attorneys for Proposed Intervenors and Certified Plaintiff Class in *In re LendingClub Corp. S'holder Litig.*, No. CIV 537000 (Cal. Super. Ct., San Mateo Cty.)