ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
JASON A. FORGE (181542)
SCOTT H. SAHAM (188355)
RACHEL L. JENSEN (211456)
MICHAEL ALBERT (301120)
CARISSA J. DOLAN (303887)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
jforge@rgrdlaw.com
scotts@rgrdlaw.com
rachelj@rgrdlaw.com
malbert@rgrdlaw.com
cdolan@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LENDINGCLUB SECURITIES LITIGATION ) ) ) | Case No. 3:16-cv-02627-WHA <br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS. ) ) ) ) ) ) | LEAD PLAINTIFF'S SUBMISSION RE: CLASS NOTICE IN THE PARALLEL ACTIONS |

1327579_1

## I. INTRODUCTION

On October 20, 2017, the Court entered an order certifying this case as a class action, appointing lead plaintiff Water and Power Employees' Retirement, Death and Disabilities Plan ("WPERP") to serve as class representative, and appointing lead counsel to serve as class counsel. Dkt. 252 (the "Class Cert Order"). The Class Cert Order declined without prejudice WPERP's request to enjoin a parallel state case (the "State Case" in "State Court") brought by two individuals and an LLC (the "State Plaintiffs") represented by four law firms (two class counsel and two members of an "executive committee" (collectively, the "State Lawyers")). *Id*. at 26-27. And the Class Cert Order directed the parties and the State Plaintiffs to reform (State Plaintiffs) or prepare (WPERP) joint class notices to inform class members of the two parallel class actions, their overlap, and the important differences between them. *Id*. at 26.

Despite class counsel's efforts, WPERP has been unable to reach agreement with the State Plaintiffs on the appropriate content of a joint class notice. Specifically, class counsel voiced concerns that the State Plaintiffs' proposed class notice failed to comply with this Court's guidelines as set forth in the Class Cert Order. Nevertheless, the State Plaintiffs advanced to the State Court a "joint" notice without informing the State Court of WPERP's specific objections to it. Instead, they merely noted that WPERP had not approved their purported "joint" notice and attached a draft of WPERP's proposed class notice. *See* Declaration of Jason A. Forge, Exs. 1 and 2. The next day, on November 7, the State Court entered the State Plaintiffs' proposed order, approving a "joint" notice to which WPERP has not agreed. *Id*., Ex. 3 (the "State Notice").

The defendants take no position on the timing of the dissemination of the class notice, and the State Plaintiffs declined to ask for a delay beyond the State Court and this Court's approval of a joint notice, but dissemination now would present a likelihood of confusion among, and potential prejudice to, class members relating to certain issues concerning the differences between the parallel actions that will be resolved in six-to-eight months. The class would also risk paying twice for notice if the Court requires an opt-out opportunity at the settlement stage. WPERP's responsibility to act in the best interests of the class compels it to ask the Court to preclude the dissemination of notices at this time in either this action or the State Case.

## II. CLASS NOTICES SHOULD NOT BE DISSEMINATED AT THIS TIME

At the most basic level, engaging in the notice dissemination and administration process at this time will waste nearly $300,000 of class resources. *See* Forge Decl., Ex. 4. The Court's class-certification order mandates that the class notice include the following provision: "Class members will be notified of any settlement in either action, at which point they will have an opportunity to opt out of the settlement if they elect to do so." Dkt. 252 at 27. WPERP is unclear as to whether this provision is intended to ensure a second class opt-out opportunity in the event of a settlement, or if it merely allows class members to not participate in any settlement *without* restoring their right to bring their own lawsuit(s) against defendants. If the former interpretation reflects the Court's intentions, WPERP believes that such a provision would be counter-productive and contrary to the primary goal of achieving "global peace" through settlement:

> In a class action settlement setting, defendants seek and pay for global peace-i.e., the resolution of as many claims as possible. Accordingly, allowing plaintiffs to opt out of a class action after the deadline and during a period of active settlement negotiations so that they can pursue their claims individually can make settlement less valuable to defendants and less likely to occur. Such opt-outs can in turn reduce the leverage of the plaintiffs class and the settlement value of the case.

*Klein v. O'Neal, Inc.*, No. CIV.A. 7:03-CV-102-D, 2009 WL 1174638, at *3 (N.D. Tex. Apr. 29, 2009).

If there must be a class opt-out opportunity in the event of a settlement, it is waste of class resources to pay to disseminate notices right now – before the parties have even explored the possibility of settling this class action – because the class would bear an *additional* $300,000 of expenses for disseminating and processing notices of such a settlement. The class should not have to pay twice to do something that would be even more effective if done only once – months from now, after the parties have either reached a settlement or resolved to try this case.

On a somewhat more complex level, notice dissemination at this time is counter-productive due to the uncertainties regarding the legal landscape (and viability) of the State Case. The most prominent uncertainty regarding the State Case concerns the Supreme Court's consideration of *Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund*, _U.S._, 137 S. Ct. 2325 (2017). The Supreme Court will decide *Cyan* by the end of June 2018, at the latest. Waiting until after a decision in *Cyan* will spare

class members from having to pay $300,000 to be confused over possible outcomes in, and consequences from, *Cyan*. If the State Case survives *Cyan*, then notices could be disseminated without any mention of it, and if the State Case does not survive *Cyan*, then notices could be disseminated without any mention of the State Case.

In addition, disseminating notices for the State Case at this time risks confusion over the application of the damages cutoff under 15 U.S.C. §77k(e). Defendants contend that the §77k(e) cuts off damages in the State Case based on LendingClub's trading price when the State Case was filed on February 27, 2016. The State Plaintiffs disagree. Presumably, this is another issue that will be resolved by the end of June 2018, which would enable the class notice to avoid confusion over the over possible outcomes of, and consequences from, this dispute.

Regarding the State Plaintiffs' "joint" notice that the State Court approved, the process was flawed because the State Plaintiffs did not inform the State Court of WPERP's specific concerns, and the State Notice remains objectively deficient. Consider the following examples:

- The State Notice does not comply with this Court's order, which provides that the notice must inform class members that "class members in the federal action are potentially entitled to a greater recovery based upon the date federal lead plaintiff filed its action." DKt. 252 at 27. Instead of stating that class members in the federal action "are potentially entitled to a greater recovery," as ordered, the State Notice simply provides that it is possible damages will "not be lower" in the federal action. Ex. 3 at 5.

- The State Notice provides conflicting statements as to whether class members will have the further opportunity to seek exclusion from the class at the time of any settlement.

- The State Notice does not explain that, if class members opt out of the federal action, a subsequent dismissal of the State Case on jurisdictional grounds because of an adverse decision in *Cyan* could prevent them from recovering damages in any action.

- The State Notice does not mention that defendants have reserved their right to argue that class members who do not elect to opt out of the State Case will be subject to a statutory cap on damages even in the federal action. *Cf. In re Fortune Sys. Sec. Litig.*, 680 F. Supp. 1360, 1369 (N.D. Cal. 1987) (plaintiff who first brought suit on June 15 in state court, and then filed suit in federal court on July 15 held to June 15 filing date for damages cutoff). WPERP does not concede the merits of such an argument, particularly given the distinct facts here, but the fact that defendants have reserved their right to make this argument poses a risk of which class members should be informed.

- The State Plaintiffs submitted to the State Court WPERP's proposed notice, but conveyed only that WPERP did not approve their proposed notice, failing to bring to the State Court's attention any of the specific concerns WPERP had raised with them, including the above issues, as well as the following additional issues:

  - the risk of forcing the class to pay twice to disseminate notices that invite opt-outs; and

  - the fact that there are several contingencies that will be resolved over the next 6-8 months, which would make a single later notice be far more informative and far less confusing than one now.

- The State Notice also fails to inform class members of the gaping disparity between the process for selecting class counsel in this case versus the State Case. Specifically, prior to appointing class counsel, this Court considered the terms of counsel's contingent-fee retainer agreement to ensure that these terms were fair to class members relative to proposals from competing law firms that Lead Plaintiff had requested and considered. In contrast, prior to appointing state class counsel, the State Court did not consider the terms of state class counsel's contingent-fee retainer agreement to ensure that these terms were fair to state class and state subclass members, and it does not appear that the state class and subclass representatives requested or considered proposals from any other law firms competing to serve as state class counsel.

Notwithstanding WPERP's objections to disseminating any class notices at this time, and particularly any class notices concerning the state case, WPERP does not want to run afoul of the Court's order. Accordingly, subject to all of the foregoing objections and concerns, WPERP submits the attached joint class notices for the Court's consideration, ***as well as proposed notices limited to this case***, notice plan, and stipulation regarding class notice procedures (Forge Decl. Exs 5-8), but respectfully requests that the Court order the parties and the State Plaintiffs to refrain from disseminating any class notices for either action until further order of this Court or to hold a status conference to discuss these issues further.

DATED:  November 10, 2017         ROBBINS GELLER RUDMAN
                                                                                                    & DOWD LLP

                                                                                                     s/ Jason A. Forge
                                                                                                      JASON A. FORGE

| | |
|---|---|
| 1 | |
| 2 | 655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058<br>619/231-7423 (fax) |
| 3 | |
| 4 | Lead Counsel for Lead Plaintiff |

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 10, 2017.

                                                s/ Jason A. Forge
                                                JASON A. FORGE

                                                ROBBINS GELLER RUDMAN
                                                     & DOWD LLP
                                                655 West Broadway, Suite 1900
                                                San Diego, CA  92101-8498
                                                Telephone:  619/231-1058
                                                619/231-7423 (fax)
                                                E-mail:  jforge@rgrdlaw.com

1327579_1

**Mailing Information for a Case 3:16-cv-02627-WHA In re LENDINGCLUB SECURITIES LITIGATION**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com

- **Kyle Kenneth Batter**
  kylebatter@gmail.com,valerielozano@quinnemanuel.com,kylebatter@quinnemanuel.com,calendar@quinnemanuel.com

- **Lee S. E. Brand**
  lee.brand@stblaw.com,nanderson@stblaw.com

- **Brittany Nicole DeJong**
  dejong@whafh.com

- **Carissa Jasmine Dolan**
  cdolan@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Diane M. Doolittle**
  dianedoolittle@quinnemanuel.com,sandramorones@quinnemanuel.com

- **Scott Alexander Edelman**
  sedelman@milbank.com

- **Adam Joshua Fee**
  afee@milbank.com,CClaxton@milbank.com,SNoschese@milbank.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com,susanw@rgrdlaw.com,scotts@rgrdlaw.com,malbert@rgrdlaw.com

- **William C. Fredericks**
  wfredericks@scott-scott.com

- **David Michael Grable**
  davegrable@quinnemanuel.com,david-grable-1680@ecf.pacerpro.com

- **Robert J. Gralewski , Jr**
  bgralewski@kmllp.com,fbrizuela@kmllp.com

- **Richard Martin Heimann**
  rheimann@lchb.com

- **John T Jasnoch**
  jjasnoch@scott-scott.com,efile@scott-scott.com

- **Rachel Lynn Jensen**
  rachelj@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Frank James Johnson**
  frankj@johnsonfistel.com,michaelf@johnsonfistel.com,ceciliar@johnsonfistel.com,paralegal@johnsonfistel.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com

- **Robert John Liubicic**
  RLIUBICIC@MILBANK.COM,SRothenberg@milbank.com,SPayne@milbank.com,AFee@milbank.com

- **Marisa C. Livesay**
  livesay@whafh.com,boyles@whafh.com

- **Betsy Carol Manifold**
  manifold@whafh.com,tuazon@whafh.com,cabrera@whafh.com,boyles@whafh.com,loritsch@whafh.com

- **Adam Christopher McCall**
  amccall@zlk.com

- **Mark Cotton Molumphy**
  mmolumphy@cpmlegal.com,zagudelo@cpmlegal.com,jacosta@cpmlegal.com,gjensen@cpmlegal.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,james.napier@lacity.org,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Blair Allen Nicholas**
  blairn@blbglaw.com,Benjamin.Riesenberg@blbglaw.com,denab@blbglaw.com,ashley.lee@blbglaw.com,Scott.Foglietta@blbglaw.com,AdamW@blbglaw.com,Avi@b

- **Lisa Marie Damm Northrup**
  lnorthrup@milbank.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Victoria Blohm Parker**
  vickiblohm@quinnemanuel.com,robinramirez@quinnemanuel.com,vickiparker@quinnemanuel.com,calendar@quinnemanuel.com

- **Thomas Harry Peters**
  thom.peters@lacity.org

- **John Mark Potter**
  johnpotter@quinnemanuel.com,amberburns@quinnemanuel.com,amber-burns-quinn-emanuel-1787@ecf.pacerpro.com,calendar@quinnemanuel.com

- **Susan Diane Resley**
  sresley@morganlewis.com,margaret.thomasian@morganlewis.com,yandrada@morganlewis.com

- **Rachele R. Rickert**
  rickert@whafh.com,tuazon@whafh.com,cabrera@whafh.com,boyles@whafh.com,loritsch@whafh.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **Sarah L. Rothenberg**
  srothenberg@milbank.com

- **Scott H. Saham**
  scotts@rgrdlaw.com

- **Joseph Caldwell Sarles**
  josephsarles@quinnemanuel.com,shawnaallison@quinnemanuel.com,calendar@quinnemanuel.com

- **Charlene Sachi Shimada**
  charlene.shimada@morganlewis.com

- **Simona Gurevich Strauss**
  sstrauss@stblaw.com,lsoboleva@stblaw.com,janie.franklin@stblaw.com,sblake@stblaw.com

- **Robert Patrick Vance , Jr**
  bobbyvance@quinnemanuel.com

- **Jacob Allen Walker**
  jake@blockesq.com,4836372420@filings.docketbird.com

- **Lucy Han Wang**
  lucy.wang@morganlewis.com

- **Lesley Elizabeth Weaver**
  lweaver@bfalaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jonathan K. Youngwood**
  ManagingClerk@stblaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Beth                A. Kaswan
Scott & Scott Attorneys at Law LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169

Sean                Masson
Scott & Scott Attorneys At Law
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169

Alexandra           P. Summer
Cotchett, Pitre & McCarthy, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
```