IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>LENDINGCLUB SECURITIES<br>LITIGATION.<br>_____/<br><br>This Document Relates to:<br><br>ALL ACTIONS.<br>_____/ | No. C 16-02627 WHA<br>No. C 16-02670 WHA<br>No. C 16-03072 WHA<br><br>(CONSOLIDATED)<br><br>**ORDER RE CLASS NOTICE** |

An October 20 order granted federal plaintiff Water and Power Employees' Retirement, Disability and Death Plan of the City of Los Angeles' ("WPERP") motion for class certification (Dkt. No. 252). That same order required counsel for federal and state plaintiffs to jointly submit an agreed-upon form of notice, which incorporates certain information regarding the parallel actions. Specifically, the notice was required to inform class members of the following (*id.* at 26–27):

> (1) There are two lawsuits proceeding in parallel, one in state and one in federal court, which overlap in certain respects and not in others; (2) Some important differences between these suits include: (a) the state action maintains certain theories of liability under which the class may be granted relief including as a result of LendingClub's allegedly usurious loan rates, and alleged problems with LendingClub's loan application procedures. The federal action does not contain these theories of liability and, therefore, risks a lower recovery depending upon whether defendants can successfully show that damages should be attributed to the state theories; (b) class members in the federal action are potentially entitled to a greater recovery based upon the date federal lead plaintiff filed its action. Whether the state class members are entitled to this recovery remains uncertain; and, (c) the state action may be subject to dismissal depending upon the outcome of Cyan, Inc. v. Beaver Cty. Employees Ret.

Fund, \_U.S. \_, 137 S. Ct. 2325 (2017), a case currently pending before the United States Supreme Court, which challenges state courts' jurisdiction over the claims that state plaintiffs have asserted in this action; and, (3) Class members will be notified of any settlement in either action, at which point they will have an opportunity to opt out of the settlement if they elect to do so.

That order further instructed state plaintiffs to notify Judge Marie Weiner, who is presiding over the state action, of the order, and present her an amended notice for approval (*id.* at 27).

On October 25, Judge Weiner granted state plaintiffs' *ex parte* application to defer dissemination of the notice she had previously approved in the state action and directed the parties to submit a revised notice for her review by November 6, with a hearing on that notice to be held on November 7 (Dkt. No. 258 at 2).[1]

State plaintiffs then prepared and distributed a proposed *joint* notice to defendants and federal plaintiffs (*i.e.* a notice that they intended the plaintiffs in both the state and federal actions to jointly disseminate to class members in both actions). Federal plaintiffs did not comment on state plaintiffs' notice, but instead prepared a separate notice, which they intended for distribution in the federal action alone (though that notice also informed class members of the parallel state action, and incorporated the information set forth in the class certification order) (*id.* at 2–3).

Both federal plaintiff and defendants submitted proposed revisions to the state joint notice, which revisions state plaintiffs incorporated for the most part. Despite these changes, counsel for federal plaintiff remained dissatisfied with the form of notice, and proposed their own notice, which applied only to the federal action. State plaintiffs submitted both their proposed joint notice as well as the separate federal-only notice submitted by the federal plaintiffs to Judge Weiner (*ibid.*; Dkt. No. 258-1 ¶¶ 7–9).

On November 7, the parties in the state action appeared before Judge Weiner, who approved state plaintiffs' joint notice with minor edits, and ordered that it be sent to the

---

[1] The state plaintiffs submitted their application *ex parte* to ensure that the state court would have time to review the joint notice prior to submitting it to this Court, but apprised the federal plaintiffs of the application and the hearing in order to ensure that they too would have an opportunity to be heard by the state court (Dkt. No. 258 at 2 n.1).

undersigned judge for review and consideration (*ibid.*; Molumphy Decl. Exh. E). Counsel for federal plaintiff did not appear at the hearing or file any objections with the state court. Only after Judge Weiner's approval of that notice, and the day before the parties were required to submit a proposed notice to the undersigned judge, did counsel for federal plaintiff circulate a proposed *joint* notice to the state plaintiffs (Dkt. No. 258 at 4; Molumphy Delc. Exh. F).

Counsel for federal plaintiff now seek a delay of six to eight months before any notice is sent in order to resolve certain pending issues, or in the alternative asks that the proposed notice they provided be approved instead of the state notice.

### 1. REQUEST TO DELAY NOTICE.

Counsel for federal plaintiff requests that notice in both this action and the state action be delayed until the culmination of several events, each of which, they acknowledge, is still months away. *First*, they ask that notice be delayed until the Supreme Court issues a decision in *Cyan, Inc. v. Beaver Cty. Employees Ret. Fund*, __U.S.__, 137 S. Ct. 2325 (2017), which decision could result in the dismissal of the entire state court action. *Second*, counsel for federal plaintiff ask that class notice be delayed until the state court resolves the issue of the damages cutoff date in that action — *i.e.* whether Section 77k(e) requires that damages be limited by LendingClub's share price on the date the lawsuit was filed, or whether state plaintiffs may recover a higher amount of damages based upon later declines in LendingClub's share price. *Third*, counsel for federal plaintiff requests the Court delay dissemination of the notice until after the parties have had an opportunity to discuss settlement, which, if a settlement is reached, could avoid the need for two separate notices (*id.* at 2).

Federal plaintiffs request to delay notice is **DENIED**. *Cyan* has not yet been fully briefed, and a decision is not likely to issue for at least six months, and possibly much later. Nor is there a deadline by which the damages cutoff issue is set to be resolved in the state action. Moreover, though a settlement conference is scheduled for the end of this month, there have been no settlement talks to date and there is no showing that settlement is imminent. These lengthy delays — which would require the undersigned judge to interfere with the state court's schedule — are unreasonable.

3

**2.     COMPETING NOTICES.**

Counsel for federal plaintiff next request that the undersigned judge order distribution of one of the notices submitted by federal plaintiff (either its "joint notice" or "federal-only notice"), which vary in certain respects from the state plaintiffs' notice, approved by Judge Weiner. The state plaintiffs, on the other hand, request approval of the notice they already submitted to Judge Weiner as the sole notice distributed to all class members.

Having reviewed both notices, and the objections submitted by counsel for federal plaintiffs, state plaintiffs' notice is **CONDITIONALLY APPROVED** subject to the revisions set forth below and in the appended red-lined copy of state plaintiffs' proposed joint notice. These revisions take into account federal plaintiffs' objections to the state notice. This order also adopts Judge Weiner's revisions.

**3.     AMENDMENTS TO NOTICE.**

Plaintiffs shall amend the proposed notice as follows:

- Remove the word "Proposed" from the heading on the first page.

- Under the first bullet point on page 2, insert the words "(not included in the State Action)" after the words "does include claims under §§ 10(b) and 20(a) of the Exchange Act."

- Break the second bullet point on page 5 into two bullet points, the second one beginning with the sentence "However, it is also possible that the amount recoverable . . ."

- Under the second bullet point on page 5, delete the words "would not be lower," and replace them with the words "may be higher."

- Under the second bullet point on page 5, delete the words "(to the extent that they have claims under § 11)."

- Under the second bullet point on page 5, delete the words "a court would find that the true value of LendingClub shares on the date that the State Action was first brought," and replace them with the words "recovery could be lower based upon the share price on the date the State Action was filed."

- Under number 8 on page 7, delete the sentence "Opting out of the settlement, however, is not the same as opting out of the Class, and doing so will NOT restore your right to bring your own lawsuit against these defendants based on the same, or similar, facts and circumstances related to LendingClub" and replace it with the sentences, "Opting out of the settlement will preserve your right to bring a later action based upon the same, or similar facts and circumstances, if this right is not otherwise barred by a statute of limitations or repose. You may want to consult an attorney prior to opting out to determine whether you will have the right to pursue an individual claim."

4

- Under number 16 on page 10, delete the words "so it is *received*" and fill in an opt-out date of "February 2, 2018."

- Under number 17 on page 10, fill in the contact information for the Robbins Geller attorneys.

- Under number 20 on page 11, fix the formatting throughout so there are no gaps or extra spaces between words as in the current draft, and fill in the address of the San Mateo courthouse and the clerk's office of the San Francisco courthouse.

- Fill in the missing notice administrator phone number and email address throughout.

- On page 12, remove the judges' names and signature blocks.

**4. AMENDMENTS TO SUMMARY NOTICE.**

Plaintiffs shall amend the proposed summary notice as follows:

- Remove the word "Proposed" from the heading on the first page.

- In the all caps paragraph on page one, delete "June 8, 2015," and replace it with "May 6, 2016."

- On page 2, change the phrase "omitted to disclose" to simply "omitted."

- On page 3, delete the words "promulgated thereunder."

- On page 4, insert the phone number of the class administrator and the contact information of the Robbins Deller attorney.

- Bold the all caps paragraph on page 5, and fill in the date as February 2, 2018.

- On page 5, remove the judges' names and signature blocks.

After having made these changes, plaintiffs in both actions shall jointly file the revised notice for final approval by no later than **NOVEMBER 17, AT NOON**. Although the Court has thoroughly reviewed the proposed notice to identify typographical and formatting errors, the parties must proofread the next version carefully, particularly since the edits above could introduce new errors. Please highlight any new modifications.

**4. DISTRIBUTION OF NOTICE.**

Counsel for state and federal plaintiffs also disagree as to which claims administrator they will use. Judge Weiner previously approved KCC as the notice administrator in the state court action (Dkt. No. 257-8 ¶ 3). Counsel for federal plaintiff seeks appointment of Girardi & Co. LLC to supervise and administer the notice procedure in the federal action. Using two

5

separate notice administrators to send out a single form of notice, however, would be duplicative, and would waste resources. Aside from this deficiency, the plan for administering class notice submitted by counsel for federal plaintiffs is acceptable. Accordingly, all parties to this action and the state action shall meet and confer and **SHALL SUBMIT** a joint plan for class notice procedures by no later than **FRIDAY, NOVEMBER 17, AT 5:00 P.M.**

**IT IS SO ORDERED.**

Dated: November 14, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE