# EXHIBIT 1

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN MATEO**

| | |
|---|---|
| IN RE LENDINGCLUB CORPORATION SHAREHOLDER LITIGATION | Master File No.: CIV 537300 |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE LENDINGCLUB CORPORATION SECURITIES LITIGATION | Case No.: 3:16-cv-02627-WHA |

**NOTICE OF PENDENCY OF CLASS ACTIONS**

*Courts have authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*

**NOTICE OF PENDENCY OF CLASS ACTIONS: Please be advised that your rights may be affected by (1) a class action lawsuit pending in a state court if you purchased or otherwise acquired shares of the common stock of LendingClub Corporation, Inc. ("LendingClub" or the "Company") between December 11, 2014 and June 8, 2015, and (2) by a class action lawsuit pending in a federal court if you purchased or otherwise acquired shares of the common stock of LendingClub between December 11, 2014 and May 6, 2016, inclusive. This Notice explains important rights you may have. Please read it carefully.**

- Class action lawsuits are pending in the Superior Court of the State of California, San Mateo County (the "State Court") and in the United States District Court for the Northern District of California (the "Federal Court") alleging violations of the Securities Act of 1933 (the "1933 Act") against (1) LendingClub, (2) certain of LendingClub's officers and directors (the "Individual Defendants") who signed the Registration Statement and incorporated Prospectus (the "Offering Materials") for LendingClub's December 11, 2014 Offering, and (3) the underwriters of the Offering (the "Underwriter Defendants").[1] In addition, the class action in the Federal Court asserts claims against LendingClub and Individual Defendants Laplanche

---

[1] The Individual Defendants consist of Renaud Laplanche (former CEO and director) and Carrie Dolan (former CFO), and current or former Company directors Daniel Ciporin, Jeffrey Crowe, Rebecca Lynn, John Mack, Mary Meeker, John Morris, Lawrence Summers, and Simon Williams. The Underwriter Defendants consist of Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC (formerly known as Goldman, Sachs & Co.), Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc., Allen & Company LLC, Stifel, Nicolaus & Company, Incorporated, BMO Capital Markets Corp., William Blair & Company, L.L.C., and Wells Fargo Securities, LLC. LendingClub, the Individual Defendants, and the Underwriter Defendants are collectively referred to as "Defendants."

and Dolan under the Exchange Act of 1934 (the "Exchange Act").

- By orders dated June 22, 2017 and September 19, 2017, the State Court has decided that the lawsuit pending before it (the "State Action") should proceed as a class action on behalf of a "class" and a "subclass" (*i.e.*, a group and a sub-group of people and entities) that could include you.  Subject to certain exclusions discussed below, the State Court has certified a Class (the "State Class") that consists of "all persons and entities who, between December 11, 2014 and June 8, 2015, inclusive, purchased or otherwise acquired shares of the common stock of LendingClub . . . pursuant to and/or traceable to the Registration Statement and Prospectus."  The December 11, 2014 through June 8, 2015 time period is known as the "1933 Act Class Period."  The State Court has also certified a subclass (the "State Subclass") which, subject to certain exclusions discussed below, consists of "all persons and entities who purchased shares of the common stock of LendingClub directly in the December 11, 2014 Initial Public Offering."  The State Action asserts claims under §§ 11 and 15 of the "1933 Act" on behalf of the State Class, and claims under §§ 12(a)(2) and 15 of the 1933 Act on behalf of the State Subclass.

  By order dated October 20, 2017, the Federal Court also decided that the lawsuit pending before it (the "Federal Action") should proceed as a class action on behalf of a class that could include you.  Subject to certain exclusions discussed below, the Federal Court has certified a class (the "Federal Class") that consists of "All persons and entities who purchased or otherwise acquired the common stock of LendingClub Corporation during the period from December 11, 2014 through May 6, 2016 (for claims under the Exchange Act of 1934) and all those who purchased or acquired LendingClub common stock during the period from December 11, 2014 through June 8, 2015 (for claims under the 1933 Securities Act) and were damaged thereby."  The December 11, 2014 through May 6, 2016 time period is known as the "Exchange Act Class Period."  The Federal Action, like the State Action, also asserts claims under §§ 11 and 15 of the 1933 Act on behalf of all persons and entities who, during the shorter 1933 Act Class Period, purchased or otherwise acquired shares of LendingClub common stock.  Unlike the State Action, however, the Federal Action (a) does not assert any claims under § 12(a)(2) of the 1933 Act, but (b) does include claims under §§ 10(b) and 20(a) of the Exchange Act (not included in the State Action) on behalf of those who purchased LendingClub shares during the longer Exchange Act Class Period.

- To the extent that you purchased LendingClub shares only during the period between June 9, 2015 and May 6, 2016, inclusive (*i.e.*, during the broader Exchange Act Class Period but after the shorter 1933 Act Class Period), you are NOT a member of the State Class, but may be a member of the Federal Class.

- The two actions overlap in some respects and differ in others.  *See* "To what extent are the State and Federal actions the same or different?" at item 3 of the "Basic Information" section below.

- Class members will be notified of any settlement or recovery in either the State or the Federal Action, at which point they will have an opportunity to opt out of the settlement if they elect to do so.  Class members will also be notified of any other recovery in either action which

may affect them.  To date, however, no settlement or recovery has been obtained in either action, nor can there be any assurance that any settlements or recovery will be reached.

| YOUR LEGAL RIGHTS AND OPTIONS IN THESE LAWSUITS ||
|---|---|
| **Do Nothing** | *Stay in both lawsuits.  Await the outcomes.  Share in possible benefits.  Give up certain rights.*<br><br>By doing nothing, you are choosing to stay in both the State Class (and State Subclass) and the Federal Class (as applicable).  You will be permitted to share in any applicable recoveries that may result from the class actions, but you will give up your rights to sue Defendants in a separate lawsuit for (a) the claims asserted in the State Action to the extent you are a member of the State Class, and (b) the claims asserted in the Federal Action to the extent you are a member of the Federal Class.  In addition, as a State and/or Federal Class member (as applicable), you will be bound by past and any future court rulings on, or the settlement of, the claims against Defendants in the State and/or Federal Actions (as applicable).  The Federal and State Actions are scheduled to go to trial in September and October, 2018, respectively, and to the extent you do nothing, you will be bound by any judgment(s) that are entered following any trial. |
| **Ask to Be Excluded from the State Class (and Subclass) and/or the Federal Class** | *Get out of these lawsuits.  Get no benefits.  Keep your rights*.<br><br>If you opt out of the State Class and Subclass and the Federal Class (meaning you say in writing that you do not want to be included in this lawsuit), you will <u>not</u> be entitled to any recovery that may result from either of these class actions, but you will <u>not</u> be bound by any past or future rulings for or against Defendants.  You will be free to pursue your own claims against Defendants on your own or as part of a different lawsuit.  You may also opt out of the Class in one action, while staying in the Class in the other – in which case you will be bound only by any future rulings entered in the action that you do not opt-out of (but will not be entitled to any recovery that may result from the action you do opt out of). |

These rights and options, and the deadlines to exercise them, are further explained in this Notice.

<strong><u>BASIC INFORMATION ABOUT THE LAWSUITS</u></strong>

**1.     Why did I get this Notice?**

Records indicate that you may have purchased LendingClub common stock between December 11, 2014 and May 6, 2016, inclusive, and/or that you may have purchased shares of

LendingClub common stock directly in LendingClub's December 11, 2014 Offering. This Notice explains that both the State and Federal Courts have allowed, or "certified," classes in lawsuits that may affect you. You have legal rights and options that you may exercise. Judge Marie S. Weiner of the Superior Court of California for San Mateo County is overseeing the State Action pending in State Court. That case is captioned *In re LendingClub Corporation Shareholder Litigation,* Case No. CIV537300. Judge William H. Alsup of the United States District Court for the Northern District of California is overseeing the Federal Action pending in Federal Court. That case is captioned *In re LendingClub Corporation Securities Litigation,* Case No. 3:16-cv-02627-WHA.

**2.     What are these lawsuits about?**

The Federal Action alleges that Defendants LendingClub, Laplanche and Dolan defrauded investors who purchased LendingClub common stock during the Exchange Act Class Period by making certain misstatements and omissions concerning LendingClub's internal controls, data integrity and security, and related-party transactions, and that these Defendants violated § 10(b) of the Exchange Act, as well as SEC Rule 10b-5 promulgated thereunder, by making such statements or omissions knowingly or with extreme recklessness, and caused the price of LendingClub common stock to be artificially inflated during the period from December 11, 2014 through May 6, 2016. Lead Plaintiff in the Federal Action also asserts claims on behalf of investors who purchased LendingClub common stock during the shorter 1933 Act Class Period which allege that all Defendants violated §§ 11 and 15 of the 1933 Act because LendingClub's Offering Materials contained material misstatements and/or omissions concerning LendingClub's internal controls, data integrity and security, and related-party transactions.

The State Action also alleges that all Defendants violated § 11 of the federal Securities Act of 1933 (the "1933 Act") because the Offering Materials, pursuant to which LendingClub shares were sold in the Offering, allegedly contained materially false or misleading statements and/or omitted to disclose material information required to be disclosed concerning (a) LendingClub's internal controls, data integrity and security, and related-party transactions, as well as (b) LendingClub's allegedly usurious loan rates and defective loan underwriting practices. The State Action also alleges that LendingClub and Defendant Renaud Laplanche violated § 12(a)(2) of the 1933 Act, and that, pursuant to § 15 of the 1933 Act, all of the Individual Defendants are liable for LendingClub's alleged violations of § 11 and § 12(a)(2) as "controlling persons" of LendingClub. The State Action does not assert claims under the Exchange Act.

Defendants deny that they made any false or misleading statements or omissions that violated the Exchange Act or that LendingClub's Offering Documents contained any untrue statements of material fact or material omissions in violation of the 1933 Act, or that they otherwise violated the Exchange Act or 1933 Act.

**3.     To what extent are these lawsuits the same or different?**

The two actions overlap in some respects and differ in others.

- ○ Both the State and Federal Actions assert claims under §§ 11 and 15 of the 1933 Act on behalf of those who purchased LendingClub common stock during the 1933 Act Class Period (*i.e.*, between December 11, 2014 and June 8, 2015, inclusive), based on allegations that the Defendants made misrepresentations and omitted material information in the Offering Materials used to conduct LendingClub's initial public offering in December 2014.

- ○ The State Action asserts certain additional theories of liability under the 1933 Act on behalf of purchasers during the 1933 Act Class Period that are not contained in the Federal Action.  More particularly, the State Action asserts additional 1933 Act theories and claims based on (a) Defendants' failure to adequately disclose LendingClub's allegedly usurious loan rates and defective loan underwriting practices in the Offering Materials; and (b) certain Defendants' alleged violations of § 12(a)(2) of the 1933 Act.  The Federal Action does not contain such claims or theories of liability.  For this reason, it is possible that the amount recoverable at trial on behalf of persons with 1933 Act claims may be higher in the State Action.

- ○ However, it is also possible that the amount recoverable at trial on behalf of persons with 1933 Act claims may be higher in the Federal Action because (1) such persons are presumptively entitled to calculate certain damages based upon the trading value of LendingClub shares on the date that the Federal Action was first brought (May 16, 2016), whereas (2) in the State Action there is a risk that recovery could be lower based upon the share price on the date the State Action was filed (February 26, 2016), which was less favorable to 1933 Act claimants.  Ultimately, whether a greater amount of damages is recoverable in the State or in the Federal Action on a given class member's 1933 Act claims (if any) is a complex question, which depends on the resolution of complex issues of law and the timing of particular class members' purchases and sales of LendingClub shares.

- ○ The State Action may also be subject to dismissal depending upon the outcome of a case currently pending before the United States Supreme Court (*Cyan, Inc. v. Beaver Cty. Employees Ret. Fund*), which challenges whether state courts have jurisdiction over the 1933 Act claims that have been brought in the State Action.  In such an event, those who purchased during the 1933 Act Class Period would continue to be entitled to share in any recovery on 1933 Act claims that may be obtained in the Federal Action, *provided* that they do not "opt out" of the Federal Class (see item 15 below).

- ○ Only the Federal Action asserts claims under the Exchange Act.

- ○ To the extent that you purchased LendingClub shares only during the period between June 9, 2015 and May 6, 2016, inclusive (*i.e.*, during the broader Exchange Act Class Period but after the shorter 1933 Act Class Period), you are NOT a member of the State Class but may be a member of the Federal Class.

4. **What is a class action and who is involved?**

In a class action, one or more people or entities called "class representatives" sue on

behalf of themselves and other persons or entities who have the same or similar claims (with such persons or entities referred to collectively as the "class" or "class members"). In the State Action, the [State] Class Representatives are Kathy Geller, Dylan Youngblood, and Alton Consulting LLC, and the Subclass Representative is Dylan Youngblood. In the Federal Action, the [Federal] Class Representative is the Water and Power Employees' Retirement Disability and Death Plan of the City of Los Angeles. The persons and entities that filed the suits are called "plaintiffs" and the persons or entities being sued are called "defendants." The State and Federal Courts will resolve the issues for all class and subclass members, except for those who exclude themselves, or "opt out," from the Class and Subclass (as discussed below).

The rulings by the respective Courts certifying the Federal and State Classes did not address the merits of these Actions. Rather, certification means only that the ultimate outcomes of the Actions—whether favorable or unfavorable to Federal and State Plaintiffs and the relevant classes and Defendants—will apply in like manner to each class member in each Action who does not timely elect to be excluded from the Class in that Action.

**5.     What has happened so far?**

<u>**The State Action**</u>.  On February 26, 2016, State Class Representative Geller filed, in State Court, the first complaint against Defendants on behalf of a putative class. The Action alleged that Defendants had violated §§ 11, 12(a)(2) and 15 of the Securities Act by selling, or offering to sell, LendingClub shares pursuant to Offering Materials that contained materially false or misleading statements and/or omitted to disclose material information required to be disclosed therein. All three State Class Representatives filed an amended consolidated complaint on August 26, 2016.

On September 30, 2016, in response to Defendants' demurrers the State Court sustained all of the State Plaintiffs' section 11 claims, but initially dismissed their section 12(a)(2) claims. Fact discovery commenced in the fall of 2016 and remains ongoing. On January 17, 2017, the State Class Representatives filed a Second Amended Consolidated Complaint (the "State Complaint"), which repled the § 12(a)(2) claims that the State Court had dismissed. On March 17, 2017, the State Court sustained in part and denied in part Defendants' demurrers to the repled § 12(a)(2) claims. Pursuant to the September 30, 2016 and March 17, 2017 Orders, and as previously described above, the § 11 claims are proceeding against all Defendants, and the § 12(a)(2) claims are proceeding against only Defendants LendingClub and Laplanche. The § 15 claims, based upon LendingClub's underlying alleged violations of §§ 11 and 12(a)(2), are proceeding against the Individual Defendants. On June 22, 2017, the State Court certified the State Class and the State Subclass.

<u>**The Federal Action.**</u> On May 16, 2016, the first federal complaint against LendingClub on behalf of a putative class for violations of the federal securities laws was filed in the Federal Court, and the Lead Plaintiff filed its Consolidated Complaint on December 9, 2016. By order dated May 25, 2017, the Defendants' motions to dismiss the Consolidated Complaint were granted in part and denied in part. On June 15, 2017 the Lead Plaintiff filed the operative Amended Complaint for Violation of the Federal Securities Laws, asserting claims under §§ 11 and 15 of the 1933 Act and § 10(b) of the Exchange Act, as well as SEC Rule 10b-5 promulgated thereunder, as described above. On July 27, 2017, Defendants answered the Amended

Complaint.

On September 21, 2017, the State Class Representatives filed a motion to intervene and limited objection in the Federal Court, arguing that the State Court (which had already certified a 1933 Act class) was the superior forum for litigating all 1933 Act claims. The Federal Class Representative opposed the motion to intervene and the limited objection. On October 20, 2017 the Federal Court granted the motion to intervene, denied the limited objection, and directed the parties in both cases to meet and confer and prepare a joint notice, and to request the State Court's participation in a joint notice program to potential class members. Both Courts have since approved the issuance of this Notice.

**6.   What type of recovery are the Class Representatives asking for?**

Both the State and Federal Class Representatives are asking for money to compensate the State Class and Federal Class Members, respectively, for the losses they allegedly suffered as a result of Defendants' conduct, as well as pre-judgment and post-judgment interest. Members of the State Subclass may also be entitled to rescission of their purchases of LendingClub shares.

**7.   Is there any money available now?**

No money or benefits are available now because neither Court has yet decided whether Defendants did anything wrong, and no settlements have been reached. There is no guarantee that any money or benefits ever will be obtained. If they are, you will receive a notice describing how to receive a share of any recovery in which you may be eligible to participate.

**8.   What happens if there is a settlement in either of these actions?**

You will be notified of any settlement in either action. At that time, you will have an opportunity to opt out of the settlement. Opting out of the settlement will preserve your right to bring a later action based upon the same, or similar facts and circumstances, if this right is not otherwise barred by a statute of limitations or repose. You may want to consult an attorney prior to opting out to determine whether you will have the right to pursue an individual claim.

**DETERMINING IF YOU ARE A MEMBER OF THE CLASS OR SUBCLASS**

**9.   How do I know if I am a Class or Subclass Member?**

You are a member of the State Class in the State Action if you purchased shares of LendingClub common stock pursuant to and/or traceable to the Registration Statement and Prospectus on or between December 11, 2014 and June 8, 2015, inclusive (the "1933 Act Class Period").

You are a member of the State Subclass in the State Action (which asserts claims under § 12(a)(2)) if you purchased shares of LendingClub common stock directly in LendingClub's December 11, 2014 Offering. In general, this means that you or your agent must have purchased LendingClub common stock at the $15.00 (exactly) per share offering price, with a "trade date"

of December 10 or December 11, 2014, directly from one of the Defendants.[2]

You are a member of the Federal Class in the Federal Action if you purchased or otherwise acquired the common stock of LendingClub Corporation during the period from December 11, 2014 through May 6, 2016, inclusive (the "Class Period"), and were damaged thereby. However, only class members who purchased shares of LendingClub common stock pursuant to and/or traceable to the Registration Statement and Prospectus during the 1933 Act Class Period are eligible to recover on the 1933 Act claims that have been asserted in the Federal Action.

Please note that to the extent that you purchased LendingClub shares only during the period between June 9, 2015 and May 6, 2016, inclusive (*i.e.*, during the broader Exchange Act Class Period but after the shorter 1933 Act Class Period), you are NOT a member of the State Class, but may be a member of the Federal Class.

If one of your mutual funds purchased or otherwise acquired LendingClub shares, that does not make you a class or subclass member in either action; instead, you are a State Class, State Subclass, and/or Federal Class member only if you (or your broker on your behalf) purchased LendingClub shares for your own account. If you are the legal representative or fiduciary of a person or legal entity that purchased LendingClub shares (*e.g.*, if you are the trustee of a trust that purchased LendingClub shares), then the person or entity that you represent will be the State Class, State Subclass, and/or Federal Class member, but it may be legally bound by your decisions.

10. **Are there exceptions to being included in the State Class (including the State Subclass) and Federal Class?**

Yes. There are also some people and entities that are excluded from the State Class, State Subclass and/or the Federal Class by definition. The excluded Persons are: each of the Defendants; their respective successors and assigns; past and current executive officers and directors of LendingClub and the Underwriter Defendants; the legal representatives, heirs, successors or assigns of the Individual Defendants; and any entity in which any of the above excluded persons have or had a majority ownership interest. Short sellers who incurred losses during the class period as a result of their short sales are excluded from the Federal Class. Also excluded from the State Class, State Subclass, and/or the Federal Class will be any Person who timely and validly seeks exclusion from the State Class, State Subclass, and Federal Class in accordance with the requirements of this Notice.

11. **Are you still not sure if you're included?**

If you are still not sure whether you are included in the State Class, State Subclass, or Federal Class you can get free help at www.[StateLendingClubLitigationWebsite].com or www.[FederalLendingClubLitigationWebsite].com or by calling or writing to Co-Lead Counsel

---

[2] If you did *not* purchase LendingClub shares directly in LendingClub's December 11, 2014 Offering, but rather, purchased shares on the open market, including at a price *other than* the $15.00 per share offering price, then you are not a member of the State Subclass.

for either the State or Federal Class at the phone numbers or addresses provided in response to question 15 below.

## YOUR OPTIONS AS A CLASS MEMBER

**12.   What are my options as a State Class, State Subclass, and/or Federal Class Member?**

You may decide to stay in the State Class (and State Subclass, if applicable[3]), in the Federal Class, or in both Classes.  You may also decide to opt out of one Class (but stay in the other), or you may opt out of both Classes.

**13.   What happens if I choose to stay in the State Class (including the Subclass, if applicable) and the Federal Class?**

If you stay in the State Class (including the State Subclass, if applicable) and the Federal Class, you will be permitted to share in a recovery, if any, that may occur in those Actions if you suffered compensable losses, subject to the terms of any plan of allocation that may be approved in such Actions by the relevant Court.  But you give up any rights to sue Defendants separately about the same legal claims in these lawsuits.  You will also be legally bound by the Orders issued by either Court as well as any Judgments made by either Court in the respective class actions, even if there are no recoveries.  The Federal and State Actions are scheduled to go to trial in September and October, 2018, respectively, and to the extent you do nothing you will be bound by any judgment(s) that are entered following any trial.[4]

**14.   How do I stay in the State Class (including the State Subclass, if applicable) and the Federal Class?**

You do not have to do anything at this time to stay in both the State Class (including the State Subclass, if applicable) and the Federal Class.

**15.   What happens if I "opt out" (exclude myself) from the State Class (including the State Subclass, if applicable) and/or the Federal Class?**

If you opt out of the State Class (which will also automatically cause you to opt out of the State Subclass) and the Federal Class – which you can do by stating in writing that you do not want to be included in the State Class, the Federal Class, or both (*see* item 16 below) – you will give up the right to participate in any recoveries that may occur in the action(s) that you opt out of.  If you opt out of both actions, you will keep any rights you may currently have to sue Defendants regarding the legal claims at issue, and you will also *not* be bound by the Orders

---

[3] *If* you are a member of the State Subclass, you may stay in both the State Class and the Subclass, or opt out of both, but you cannot stay in one and opt out of the other.

[4] To the extent that you purchased LendingClub shares only during the period between June 9, 2015 and May 6, 2016, inclusive (*i.e.,* during the broader Exchange Act Class Period but after the shorter 1933 Act Class Period), you are NOT a member of the State Class, and would therefore only be bound by any judgments entered in the Federal Action.

issued by either Court and the Judgments made by either Court in these class actions.

You may also opt out of the Class in one action, while staying in the Class in the other, in which case you will give up the right to participate in any recoveries that may occur in the action(s) that you opt out of, but will only be bound by Orders and Final Judgments issued by (including any settlements approved by) the Court in the action that you do not opt out of.

16. **How do I "opt out" (exclude myself) from the State Class (and State Subclass, if applicable) and/or the Federal Class?**

If you do not want to be a State Class and/or Federal Class Member, **you must send** a signed, written "Request to Opt Out" to the Notice Administrator no later than February 2, 2018. Your written request must include:

- Your name, address, and telephone number;
- A statement that you request exclusion from the Classes in *In re LendingClub Corporation Shareholder Litigation,* Case No. CIV537300 **and/or** *In re LendingClub Corporation Securities Litigation,* Case No. 3:16-cv-02627; and
- Your signature

You must mail your Request to Opt Out by First-Class Mail to the following address:

*LendingClub Shareholder Litigation - Exclusions*
c/o KCC Class Action Services
3301 Kerner Blvd.
San Rafael, CA 94901

If you are potentially a member of both the State Class and the State Subclass, you cannot "opt out" of one and remain in the other, and any "opt out" request for the State Class or State Subclass will be deemed a request for exclusion from both.

**THE LAWYERS REPRESENTING YOU**

17. **As a State Class, Federal Class, and/or (if applicable) Subclass member, do I have a lawyer representing my interests in this case?**

Yes. The State Court has appointed lawyers to represent the members of State Class and State Subclass, and the Federal Court has appointed lawyers to represent the members of the Federal Class. These lawyers are called "Class Counsel." The following lawyers have been appointed Class Counsel to represent the State Class and State Subclass in the State Action: Scott+Scott, Attorneys at Law, LLP (c/o John T. Jasnoch at jjasnoch@scott-scott.com, or 1-800-332-2259) and Cotchett, Pitre & McCarthy LLP (c/o Alexandra Summer) at asummer@cpmlegal.com, or 650-697-6000). The following lawyers have been appointed Class Counsel to represent the Federal Class in the Federal Action: Robbins Geller Rudman & Dowd, LLP (c/o Michael Albert (655 W. Broadway, Suite 1900, San Diego, CA 92101) at MAlbert@rgrdlaw.com, or 619-231-1058).

If you have questions about this Notice, you can contact any of the Class Counsel at the contact emails or phone numbers listed above.  For additional questions about the State Action or the Federal Action, you can contact the respective Class Counsel in those actions at the contact emails or phone numbers listed above.  You will not be separately charged for these lawyers, or for the services of any other counsel representing the State Class or the Federal Class.

18. **How will the lawyers for the State Class (including the State Subclass) and Federal Class be compensated?**

If any recoveries are obtained for the State Class or Federal Class, Class Counsel will submit one or more applications to the State and/or Federal Court for an award of attorneys' fees and for reimbursement of litigation expenses that plaintiffs' counsel have incurred in pursuing the claims at issue.  Counsel may also ask the Court to approve a reasonable service award for one or more of the Class Representatives.  If approved, any such attorneys' fees, expenses or awards will either be paid from any recoveries obtained or separately by Defendants.  Neither the State Class nor Federal Class members will be liable for any such fees, expenses or awards.

19. **Should I get my own lawyer?**

You do not need to hire your own lawyer.  However, you are free to hire your own lawyer at your own expense.  If you hire a lawyer to speak for you or to appear in either the State Court or the Federal Court, your lawyer must file a Notice of Appearance.

**GETTING MORE INFORMATION**

20. **Where do I get more information?**

This Notice contains only a summary of the State Action, the Federal Action, and proceedings to date.  Complete copies of public pleadings, Court rulings and other filings in the State Action are available for review and copying at the Clerk's office at the California Superior Court for the County of San Mateo at the following address: 400 County Center, Redwood City CA, 94063.  Complete copies of public pleadings, Court rulings and other filings in the Federal Action are available for review and copying at the Clerk's office at the United States District Court for the Northern District of California, at the following address: 450 Golden Gate Avenue San Francisco, CA 94102-3489.  Additional information is also available at www.[StateLendingClubLitigationWebsite].com and www.[FederalLendingClubLitigationWebsite].com, or by contacting the Notice Administrator at *LendingClub Shareholder Litigation,* c/o KCC Class Action Services, P.O. Box 404019, Louisville, KY 40233-4019, tel. (866) 798-2031, or by email to: Info@LendingClubShareholderLitigation.com

*Please do not contact the Courts, the Clerks of the Courts, or Defendants for additional information.  They cannot answer any questions or discuss the Action.*

**SPECIAL NOTICE TO BANKS, SECURITIES BROKERS, AND OTHER NOMINEES**

If you purchased LendingClub shares (ticker: LC) between December 11, 2014 and June 8, 2015 inclusive or purchased LendingClub shares directly in the December 11, 2014 Offering at the $15.00 per share Offering price for the beneficial interest of a person or entity other than yourself, the Court has directed that, ***WITHIN FOURTEEN (14) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE***, you must either: (A) provide to the Notice Administrator the name and last known address of each person or entity for whom or which you purchased such shares (preferably in electronic format (MS Excel or CSV file); or (B) request from the Notice Administrator additional copies of this Notice (which will be provided to you free of charge) and send them, within fourteen (14) calendar days of receipt, by First-Class mail directly to the beneficial owners/purchasers of those LC shares.  All communications concerning the foregoing should be addressed to the Notice Administrator at: *LendingClub Shareholder Litigation,* c/o KCC Class Action Services, P.O. Box 404019, Louisville, KY 40233-4019, tel. (866) 798-2031, or by email to Nominees@LendingClubShareholderLitigation.com.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding this Notice and which would not have been incurred but for the obligation to forward this Notice, upon submission of appropriate documentation to the Notice Administrator.

**PLEASE DO *NOT* CONTACT THE COURTS OR THE CLERKS' OFFICES REGARDING THIS NOTICE**.