quinn emanuel  trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3888**

WRITER'S EMAIL ADDRESS
**josephsarles@quinnemanuel.com**

November 24, 2017

<u>VIA ECF</u>

The Honorable William Alsup
United States District Court for the
Northern District of California
San Francisco Courthouse, Courtroom 8
450 Golden Gate Avenue, 19th Floor
San Francisco, CA 94102

Re: <u>*In re LendingClub Securities Litigation,*</u> Case No. 3:16-cv-02627-WHA (N.D. Cal.)

Dear Judge Alsup:

Lead Plaintiff's discovery letter brief (Dkt. No. 270.) seeks production not of documents relevant to this case or even responsive to Plaintiff's document requests, but instead production of literally every document LendingClub has "provided to the DOJ and the SEC on or after May 9, 2016," regardless of subject matter or relevance in this action. Tellingly, Lead Plaintiff's letter brief does not cite a Request for Production to which it contends such documents would be responsive or even to which it contends LendingClub has not adequately responded. Lead Plaintiff's grossly overbroad request—far broader than its own discovery requests—should be denied.

Lead Plaintiff attempts to distract from its overbroad request by accusing LendingClub of seeking to "delay discovery," but the record proves the opposite. LendingClub has cooperated at every stage. Before receiving a single document request from Lead Plaintiff, LendingClub voluntarily produced in this action (1) *every* document it had previously produced in the parallel state action; and (2) many of the documents it had previously produced to the SEC and DOJ, where such documents were relevant here as well. In all, LendingClub produced over 538,000 pages of documents *before* ever receiving a document request in this action. LendingClub fully disclosed the search terms and custodians from which these documents were gathered, and Lead Plaintiff has not raised a *single complaint* about LendingClub's search terms or custodians used to produce documents in this action. *See* Exhibit 3 to Lead Plaintiff's letter brief.

Honorable William Alsup
November 24, 2017


With no complaints to make about LendingClub's productions in this case, Lead Plaintiff seeks to manufacture disputes by demanding *other* document productions from *other* matters regardless of relevance or responsiveness.  There is no basis to compel production of irrelevant, non-responsive documents simply because they were provided at some point to the DOJ or SEC.  Numerous facts—all detailed in LendingClub's meet and confer correspondence—demonstrate that LendingClub's production in this case has been thorough and appropriate:

*First*, LendingClub has produced *all the same documents* here that it produced to the SEC and DOJ in response to *eighteen* subpoena requests because those particular requests fully overlapped with issues in this case.  *See* Exhibit 3 to Lead Plaintiff's Letter Brief at 2.  Lead Plaintiff has raised no issues with the completeness of that production, which consists of over 140,000 pages of documents.

*Second*, LendingClub produced to Lead Plaintiff an additional nearly 400,000 pages of documents that overlap significantly with other SEC and DOJ requests.  LendingClub already provided a detailed comparison of the documents in this set to those requested in DOJ and SEC subpoenas.  *See* Exhibit 3 to Lead Plaintiff's Letter Brief at 2-3.  Lead Plaintiff raised one issue as to this set of documents—production of additional personnel files—and LendingClub agreed to produce to Plaintiff *all* of the *exact* documents provided to the government on that issue.  Lead Plaintiff did not respond, instead filing this letter brief without any further discussion.

*Third*, LendingClub confirmed that it did not apply *any* additional limiting search terms or custodian limitations when producing documents to Plaintiff that had previously been provided to the SEC, DOJ, or in the parallel state action.  That is, for all documents in the categories discussed above that were first produced to the SEC, DOJ, or in the parallel state action, and then produced in this action, the documents were produced *to the full extent previously produced*.

*Fourth*, Lead Plaintiff has yet to articulate a theory of relevance as to any additional categories of documents that it seeks to have produced, nor has it identified a Request for Production to which it claims such documents are responsive.  It cannot do so.  Just as there are documents responsive to the government's subpoenas but not Plaintiff's complaint, there are documents relevant to the complaint that are not responsive to the government subpoenas.  For example, documents concerning LendingClub's IPO are relevant to the complaint and Plaintiff's document requests, but the SEC's and DOJ's subpoenas do not seek documents on this topic.  It is no surprise that document productions in these matter, while to some extent overlapping, are not co-extensive.

Lead Plaintiff argues these irrelevant, non-responsive documents should be produced because there would be "no burden," but lack of burden is not the first step—the first question is whether the documents are relevant and responsive to Lead Plaintiff's document requests.  Lead Plaintiff's failure to articulate any relevance theory ends the inquiry.  *See, e.g. Miller v. Pancucci*, 141 F.R.D. 292, 295 (C.D. Cal. 1992) ("The first analysis, by necessity, encompasses relevance. If the requested information is not relevant . . . the inquiry ends."); *Medimmune, LLC*

Honorable William Alsup
November 24, 2017

*v. PDL Biopharma, Inc.*, No. C08-05590 JF(HRL), 2010 WL 1929583, at *1 (N.D. Cal. May 12, 2010) (finding document request overbroad and ordering only the production of documents from a prior litigation for which plaintiff articulated relevance).  Likewise, Lead Plaintiff's failure to identify any Request for Production to which the documents would be responsive similarly ends the inquiry.  *See, e.g. Aranda v. NTH Telecom, Inc.*, 2007 WL 4531785, at *2 (N.D. Cal. Dec. 18, 2007), objections overruled sub nom. *Aranda v. Nth Connect Telecom, Inc.*, 2008 WL 276400 (N.D. Cal. Jan. 31, 2008) (denying motion to compel where plaintiff had not shown defendant failed to produce documents responsive to requests for production).

None of Lead Plaintiff's cited authorities support the notion that documents from another matter should be produced regardless of relevance or responsiveness to the case at hand. In *Turocy v. El Pollo Loco*, No. SA CV 15-1343-DOC (KESx), 2017 U.S. Dist. LEXIS 71662 (C.D. Cal. May 10, 2017), cited in Lead Plaintiff's letter, the documents at issue had been previously produced to *civil litigants* in a related derivative action, and there was *no dispute* they were relevant.  *Id.* at *4-5.  Here, Lead Plaintiff has not even *attempted* to show relevance, and LendingClub has *already produced* to Lead Plaintiff all of the documents previously produced in the parallel state class action.  Lead Plaintiff also relies on *In re New Century*, No. CV 07-0931 DDP (FMOX), 2009 WL 9568860 (C.D. Cal. July 8, 2009), but there again was no relevance issue because the court found the government investigation in *In re New Century* involved "the same restatement and accounting errors that are alleged in the Complaint."  *Id.* at *5.  Here, there are significant differences between the scope of the government investigation and Plaintiff's allegations.  This is simply not a case in which one production fits all, and Lead Plaintiff does not argue otherwise.

LendingClub is not improperly withholding any documents.  Far from it.  To date, LendingClub has produced 59,292 documents totaling nearly 550,000 pages in all and has agreed to produce additional documents during good faith meet and confer efforts.  By contrast, Lead Plaintiff (which has produced only 2,191 documents) has failed to articulate a basis for requiring blanket production of documents it has not even requested, and for which it cannot demonstrate relevance.  LendingClub respectfully requests that the Court deny Lead Plaintiff's request to compel production of all documents, regardless of relevance or responsiveness, that were provided to SEC or DOJ since May 2016.

Respectfully Submitted,

Joseph C. Sarles
Counsel for LendingClub Corporation

Enclosures
cc: All Counsel of Record

Honorable William Alsup
November 24, 2017

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Joseph C. Sarles.

/s/Victoria Parker