ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
JASON A. FORGE (181542)
SCOTT H. SAHAM (188355)
RACHEL L. JENSEN (211456)
MICHAEL ALBERT (301120)
CARISSA J. DOLAN (303887)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
jforge@rgrdlaw.com
scotts@rgrdlaw.com
rachelj@rgrdlaw.com
malbert@rgrdlaw.com
cdolan@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LENDINGCLUB SECURITIES LITIGATION | Case No. 3:16-cv-02627-WHA |
| | CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | NOTICE OF MOTION AND LEAD PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF WITHHELD DOCUMENTS FROM THE UNDERWRITER DEFENDANTS |
| | DATE:   December 7, 2017<br>TIME:   8:00 a.m.<br>CTRM:  8, 19th Floor<br>JUDGE:  The Honorable William Alsup |

**REDACTED VERSION**

1332163_1

**NOTICE OF MOTION AND RELIEF SOUGHT**

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that, on December 7, 2017, at 8:00 a.m., or as soon thereafter as the matter may be heard by the Court, in the courtroom of The Honorable William Alsup, Courtroom 8, 19th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, Lead Plaintiff Water and Power Employees Retirement, Disability and Death Plan of the City of Los Angeles ("WPERP" or "Lead Plaintiff") will and hereby does move to compel the production of documents that the Underwriter Defendants[1] have withheld based on their assertions of the attorney-client, work product, and common interest privileges.

The Underwriter Defendants' lone complete defense, on which they bear the burden of proof, is that each of them conducted a reasonable investigation and that each of them acted in good faith. Nevertheless, they are withholding on privilege grounds over one-thousand documents that directly relate to the reasonableness of their supposed investigation, as well as on their state of mind at the time of LendingClub's December 11, 2014 initial public offering ("IPO"). By design, the Underwriter Defendants' withholding of these relevant documents prevents the Class from identifying and fully examining deponents, or otherwise meaningfully contesting their defense. Having affirmatively elected to place at issue the reasonableness of their supposed investigation and the pureness of their subjective state of mind, the Underwriter Defendants cannot foreclose discovery as to these issues. And by doing so, despite this Court's rejection of the same tactic in *In re Charles Schwab Corp. Sec. Litig.*, No. 3:08-cv-01510, Order re Waiver of Attorney-Client and Work-Product Privileges (N.D. Cal. Feb. 23, 2010) ("*Charles Schwab*"), the Underwriter Defendants have managed to waste weeks of fact discovery by simply defying the law.

---

[1] The "Underwriter Defendants" are Morgan Stanley & Co. LLC ("Morgan Stanley"), Goldman, Sachs & Co. ("Goldman Sachs"), Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc., Allen & Company LLC, Stifel, Nicolaus & Company, Incorporated, BMO Capital Markets Corp., William Blair & Company, L.L.C., and Wells Fargo Securities, LLC.

1  Accordingly, Lead Plaintiff respectfully requests that the Court order each Underwriter
2  Defendant to either drop their First Defense (*see* Dkt. 201 at 16)[2] or to immediately produce all
3  documents that fall within the scope of the waiver that this Court articulated in *Charles Schwab*.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT BACKGROUND

On July 21, 2017, this Court entered the First Amended Case Management Order (Dkt. 195), adopting Lead Plaintiff's proposal for a non-expert discovery cut-off date of April 25, 2018, instead of the Underwriter Defendants' proposal to cut off fact discovery two months earlier. *See* Dkt. 195 at 1. That same day, Morgan Stanley and Goldman Sachs produced the documents that they had previously produced in a parallel state court action. *See* Dkt. 269 at 1; Declaration of Michael Albert ("Albert Decl."), filed concurrently, ¶3.

On July 27, 2017, the nine Underwriter Defendants filed their joint Amended Answer asserting nine affirmative defenses to Lead Plaintiff's §11 claim. *See* Dkt. 201 at 16-19. The only complete substantive defense among these is the statutory "due diligence" defense:

**FIRST DEFENSE**

Lead Plaintiff and the putative class are not entitled to any recovery from the Underwriter Defendants because, as contemplated in Section 11(b)(3) of the Securities Act, the Underwriter Defendants exercised due diligence in connection with their underwriting of the IPO. ***The Underwriter Defendants acted at all times in good faith and had no knowledge, were not reckless in not knowing, and in the exercise of reasonable care could not have known of any alleged misstatements or omissions of material fact in the Offering Documents. At all relevant times, the Underwriter Defendants conducted a reasonable and diligent investigation and had reasonable grounds to believe, and did believe at the time the Offering Documents became effective, that the statements in the Offering Documents were true and that there were no omissions of material fact***.

The Underwriter Defendants' reasonable and diligent investigation included an extensive review of LendingClub's business and business practices, including a review of numerous LendingClub financial, business, and operational documents; communications with LendingClub employees regarding the business; the use of experts and consultants to advise the Underwriter Defendants in connection with the IPO; and a review of other available information regarding LendingClub's business and operations. With respect to portions of the Offering Documents purporting to be made on the authority of accounting, financial, or other experts retained to assist in preparing the Offering Documents, the Underwriter Defendants had no reasonable

---

[2] Page numbers in citations to docket entries ("Dkt.") refer to the page numbers generated by the electronic case filing (CM/ECF) system.

> grounds to believe, and did not believe, that such statements were untrue, that there was any omission of material fact necessary to make the statements therein not misleading, or that such part of the Offering Documents did not fairly represent the statement of the expert.

*Id.* at 16 ("First Defense").[3]

On August 30, 2017, Lead Plaintiff served separate sets of requests for production ("RFPs") on each Underwriter Defendant. *See* Albert Decl., ¶4 & *see, e.g.*, Exs. 1-2.[4]

On September 29, 2017, the Underwriter Defendants served joint objections and responses to the RFPs ("Joint Responses") that failed to comply with the Federal Rules of Civil Procedure ("Rules") and this Court's Standing Order. *See* Albert Decl., ¶5 & Ex. 3 (Underwriter Defs' Joint Responses & Objections to RFPs). The Underwriter Defendants adopted their prior state court production as their document production here without indicating the extent to which responsive documents were being produced. *See id.*, ¶6. Further, none of the Underwriter Defendants produced a privilege log or otherwise indicated it was withholding documents based on a privilege assertion. *See id.*

On October 19, 2017, counsel for the Underwriter Defendants represented that "we do plan to provide you with a privilege log at the time that we assert the privilege as to any documents redacted or withheld from production in this action." Ex. 4 at 5 & Albert Decl., ¶9. Lead Plaintiff requested a meet-and-confer regarding this baffling position, particularly in light of this Court's September 8, 2017 Order prohibiting the use of sword-and-shield affirmative defenses and holding that "[a]ny waiver of attorney-client privilege in this case must be made by **SEPTEMBER 29 AT NOON** in writing." Dkt. 218 at 2 (emphasis in original); Albert Decl., ¶9 & Ex. 4.

On November 10, 2017, two Underwriter Defendants represented that they were "voluntarily producing . . . privilege logs recently produced in the state court action in order to facilitate coordination between the two actions" (Ex. 17 at 1), which listed over 1,200 communications with information withheld on the basis of attorney-client privilege, attorney work product protection, and

---

[3] Here, and throughout, emphasis is supplied and citations and internal quotations are omitted, unless otherwise noted.

[4] Here, and throughout, references to "Ex." are to the Albert Decl., unless otherwise noted.

common interest privilege. *See* Albert Decl., ¶12 & Exs. 5-6. All but eight of these communications occurred on or before the IPO, and 1,031 were described as concerning "due diligence" or "compliance." *See* Albert Decl., ¶12. Promptly after receiving the privilege logs, Lead Plaintiff informed the Underwriter Defendants that their sword-and-shield use of the due diligence/good-faith defenses entitled the Class to the same relief this Court afforded the plaintiffs in *Charles Schwab*. *See id.*, ¶13 & Ex. 7. Lead Plaintiff indicated that it would notify the Court as to the impasse regarding the improper privilege assertions absent the Underwriter Defendants' commitment to produce the rest of the documents reflecting their state of mind at the time of the IPO. *See id.* On November 13, 2017, the Underwriter Defendants confirmed their disagreement and did not commit to producing any of the withheld communications. *See* Albert Decl., ¶14 & Ex. 7.

On November 16, 2017, Lead Plaintiff submitted a discovery letter to the Court regarding the parties' disputes over: (1) the so-called "junior" underwriters' self-proclaimed immunity from discovery in this action (which the Court resolved on November 27, 2017); and (2) the Underwriter Defendants' simultaneous assertions of privilege and due-diligence/good-faith defenses. *See* Dkt. 261.

## II. APPLICABLE LEGAL STANDARDS

The burden of establishing that the attorney-client privilege shields a particular communication from discovery lies squarely with the party asserting the privilege, including the element of non-waiver. *See Weil v. Inv./Indicators, Research & Mgmt.*, 647 F.2d 18, 25 (9th Cir. 1981).

Each Underwriter Defendant's lone complete affirmative defense expressly places at issue the reasonableness of its supposed investigation and its supposed good-faith state of mind. "Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). A court may find that the attorney-client privilege is implicitly waived where: "(1) the party asserts the privilege as a result of some affirmative act, such as filing suit; (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the

privilege would deny the opposing party access to information vital to its defense." *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995).

Given the breadth of the Underwriter Defendants' first affirmative defense and the corresponding breadth of documents that they have withheld on privilege grounds, it is imperative that each Underwriter Defendant choose now, before depositions, whether to drop its affirmative defense or produce the related documents. *See United States ex. rel Tina Calilung & Jamie Kell v. Ormat Indus., Ltd.*, No. 3:14-CV-00325-RCJ-VPC, 2016 WL 4107682, at *4 (D. Nev. Aug. 1, 2016) ("[W]hile Ormat has not confirmed that it plans to rely on attorney-client communications in proving its defenses . . . it wishes to retain its option to do so. The court finds this posture untenable in light of the deposition schedule and document-intensive nature of this case.").

### III. THE UNDERWRITER DEFENDANTS' SWORD-AND-SHIELD USE OF THE PRIVILEGE CONSTITUTES A SUBJECT-MATTER WAIVER

This Court has already carefully considered and decided this same issue. Specifically, in *Charles Schwab*, this Court articulated the proper scope of waiver for a defendant asserting a "due diligence" defense to a §11 claim:

> When a defendant asserts the affirmative defense, he places in issue his subjective state of mind as to the contested disclosures at the time in question and therefore ***all*** information, whether privileged or not, received by him on those matters during or before the time in question are discoverable. This is because all information received by him on those matters would have, or at least arguably should have, informed his belief as to the reasonableness of the investigation and the accuracy of the registration statement . . . .
>
> \* \* \*
>
> As to such communications, the waiver extends to the following subjects: (i) the investigative process used to prepare the registration statement, including the scope of engagement, the qualifications and experience of those involved; (ii) the registration statement itself, and (iii) the specific topics (such as the duration issue) challenged in this action. An example of the latter would be communications regarding the duration question whether or not the communication came upon in the specific context of the registration statement.
>
> Also waived are any communications ***from*** said defendant ***to*** counsel made during or before the time in question bearing upon the registration statement or the investigative process used to prepare it or the particular topics challenged as misleading (such as the duration question) since these statements would or could reasonably be expected to have influenced or revealed said defendant's beliefs. And, the adequacy of the client disclosure to counsel may be a factor in evaluating the reasonableness of reliance on counsel's response or investigation.

1332163_1

NOTICE OF MOTION AND LEAD PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF
WITHHELD DOCUMENTS FROM THE UNDERWRITER DEFENDANTS - 3:16-cv-02627-WHA - 5 -

*See* Ex. 8, *Charles Schwab* Order at 1-2 (emphasis in original).

This Court's sound reasoning in *Charles Schwab* applies with equal or greater force here. First, this Court was hardly alone in recognizing that a due diligence defense to a §11 claim places at issue a defendant's state of mind; indeed, other courts have found that a ***successful*** due diligence defense negates scienter for a §10(b) claim against the same defendant. *See, e.g.*, *In re Int'l Rectifier Sec. Litig.*, No. CV91-3357-RMT (BQRx), 1997 WL 529600, at *12 (C.D. Cal. Mar. 31, 1997) ("Simply stated, the Underwriters' establishment of a due diligence defense under Sections 11 and 12(2) of the 1933 Act negates the existence of scienter under Section 10(b) of the 1934 Act."); *In re Software Toolworks, Inc. Sec. Litig.*, 50 F.3d 615, 626-27 (9th Cir. 1994) ("[B]ecause we conclude that the underwriters acted with due diligence in investigating Toolworks' Nintendo business and OEM revenues, we also hold that the underwriters did not act with scienter regarding those claims.); *see also* National Association of Securities Dealers, Inc., *Special Report: Due Diligence Seminars*, at 5 (July 1981) ("This is the essence of due diligence: a reasonable investigation resulting in reasonable grounds to believe and an actual state of mind in which the underwriter [or other person] does believe that the registration statement was correct.").

Here, a waiver finding is doubly appropriate because each Underwriter Defendant has doubled the ways it has placed its state of mind at issue by asserting both: (1) a due diligence defense; and (2) that it "***acted at all times in good faith and had no knowledge, were not reckless in not knowing, and in the exercise of reasonable care could not have known*** of any alleged misstatements or omissions of material fact in the Offering Documents." Dkt. 201 at 16 (First Defense). There can be no honest debate about the fact that each Underwriter Defendant has expressly placed its state of mind at issue by asserting its First Defense.

And second, the Court was also not alone in its determination that injecting a defendant's subjective state of mind to avoid §11 liability should, in fairness, result in "***all*** information, whether privileged or not, received by him on those matters during or before the time in question [being] discoverable." Ex. 8, *Charles Schwab* Order at 1 (emphasis in original); *see also Regents of Univ. of Cal. v. Micro Therapeutics, Inc.*, No. C 03-05669 JW(RS), 2007 WL 2069946, at *3 (N.D. Cal. July

13, 2007) ("Courts frequently conclude that a party waives the protection of the attorney-client privilege when the party voluntarily injects into suit a question that turns on state of mind.").

Here, too, this is true even though the Underwriter Defendants scrubbed the word "counsel" from their due-diligence/good-faith defenses. *See, e.g., Olvera v. Cty. of Sacramento*, No. CIV. 10–550 WBS CKD, 2012 WL 273158, at *3 (E.D. Cal. Jan. 30, 2012) ("Courts in other cases, however, have found implied waiver of attorney-client privilege in instances in which the magic words 'advice of counsel' are not used but where the circumstances underlying an affirmative defense necessarily rely on otherwise privileged material."). As is typically the case, the center of the 'due-diligence' universe for LendingClub's IPO was a law firm, O'Melveny & Myers LLP ("O'Melveny"). This fact amply is demonstrated by the Underwriting Agreement itself[5]; documents that the LendingClub Defendants have produced[6]; documents that the "Senior" Underwriters have produced[7]; documents the Senior Underwriters have improperly redacted[8]; and the sheer volume of O'Melveny's documents listed on the Senior Underwriters' privilege logs. *See* Exs. 5-6. It is apparent that each

---

[5] *See* Ex. 9, Underwriting Agreement at 19 ("The Underwriters shall have received on the Closing Date or the applicable Option Closing Date, as the case may be, an opinion of O'Melveny & Myers LLP, counsel for the Underwriters, dated the Closing Date or the applicable Option Closing Date, as the case may be, covering such matters as the Underwriters may reasonably request.").

[6] *See* Ex. 10 at LC_FEDERAL_478703 ▮▮▮▮); *see* Ex. 11 at MS_LC_00065637 ▮▮▮▮.

[7] *See* Ex. 12 at GS_LC_00001688 ▮▮▮▮; *see* Ex. 13 at MS_LC_00026952 ▮▮▮▮.

[8] *See* Ex. 14 at MS_LC_00065620 ▮▮▮▮; *see* Ex. 15 at MS_LC_00064625 ▮▮▮▮); *see* Ex. 16 at MS_LC_00062325 ▮▮▮▮).

Underwriter Defendant's state of mind at the time of the IPO is inextricably intertwined with the very communications it seeks to withhold.

As this and other courts have held, now that the Underwriter Defendants have raised an affirmative defense that implicitly and explicitly places their state of mind at issue, fairness demands that Lead Plaintiff have access to all discovery related to their First Defense. *See, e.g.*, *Olvera*, 2012 WL 273158, at *4 ("For plaintiffs to be able to respond to defendants' affirmative defense, it is critical that they be able to investigate the subjective good faith beliefs and mental states of those defendants responsible for issuing the warrants. Having elected to assert a good faith defense, defendants must live with the consequences."); *In re Broadcom Corp. Sec. Litig.*, Nos. SA CV 01-275-GLT (MLGx), SA CV 02-301-GLT(ANx), 2005 U.S. Dist. LEXIS 44424, at *10-*11 (C.D. Cal. Feb. 10, 2005) ("Defendants have injected an issue that requires examination of the attorneys' communications with defendants to see if defendants are corroborated. . . . Plaintiffs are now entitled to review the attorneys' communications on the subject topics to see if defendants are telling the truth."); *In re Lidoderm Antitrust Litig.*, No. 14-MD-02521-WHO, 2016 WL 4191612, at *5 (N.D. Cal. Aug. 9, 2016) ("Relatedly, defendants cannot avoid waiver by offering to rely at summary judgment or trial solely on non-legal justifications for certain subjective beliefs."); *Mushroom Assoc. v. Monterey Mushrooms, Inc.*, No. C-91-1092 BAC (PJH), 1992 U.S. Dist. LEXIS 19664, at *10 (N.D. Cal. May 19, 1992) (Indeed, "[a] party should not be allowed to rely on self-serving documents in its defense while withholding potentially damaging information under the guise of the attorney-client privilege.").

## IV.    CONCLUSION

For all the foregoing reasons, Lead Plaintiff respectfully requests that the Court order each Underwriter Defendant to either withdraw its First Defense or immediately produce all documents that each: (1) received (whether purportedly privileged or not) regarding the following subjects prior to the IPO: (i) the investigative process used to prepare the LendingClub Registration Statement, including the scope of engagement and the qualifications and experience of those involved; (ii) the LendingClub Registration Statement itself; and (iii) the specific topics challenged in this action; or (2) sent to counsel before or at the time of the IPO relating to the LendingClub Registration

1  Statement or the investigative process used to prepare it or any of the topics that Lead Plaintiff has
2  challenged as misleading.

3  DATED: November 27, 2017   Respectfully submitted,

   ROBBINS GELLER RUDMAN
     & DOWD LLP
   DARREN J. ROBBINS
   JASON A. FORGE
   SCOTT H. SAHAM
   RACHEL L. JENSEN
   MICHAEL ALBERT
   CARISSA J. DOLAN

   s/ Michael Albert
   MICHAEL ALBERT

   655 West Broadway, Suite 1900
   San Diego, CA  92101
   Telephone:  619/231-1058
   619/231-7423 (fax)

   Lead Counsel for Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 27, 2017.

    s/ Michael Albert
MICHAEL ALBERT

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:malbert@rgrdlaw.com

1332163_1

**Mailing Information for a Case 3:16-cv-02627-WHA In re LENDINGCLUB SECURITIES LITIGATION**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com,mbacci@rgrdlaw.com,hbrown@rgrdlaw.com

- **Kyle Kenneth Batter**
  kylebatter@gmail.com,valerielozano@quinnemanuel.com,kylebatter@quinnemanuel.com,calendar@quinnemanuel.com

- **Lee S. E. Brand**
  lee.brand@stblaw.com,nanderson@stblaw.com

- **Brittany Nicole DeJong**
  dejong@whafh.com

- **Carissa Jasmine Dolan**
  cdolan@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Diane M. Doolittle**
  dianedoolittle@quinnemanuel.com,sandramorones@quinnemanuel.com

- **Scott Alexander Edelman**
  sedelman@milbank.com

- **Adam Joshua Fee**
  afee@milbank.com,mbenerofe@milbank.com,CClaxton@milbank.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William C. Fredericks**
  wfredericks@scott-scott.com

- **David Michael Grable**
  davegrable@quinnemanuel.com,david-grable-1680@ecf.pacerpro.com

- **Robert J. Gralewski , Jr**
  bgralewski@kmllp.com,fbrizuela@kmllp.com

- **Richard Martin Heimann**
  rheimann@lchb.com

- **John T Jasnoch**
  jjasnoch@scott-scott.com,efile@scott-scott.com

- **Rachel Lynn Jensen**
  rachelj@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Frank James Johnson**
  frankj@johnsonfistel.com,michaelf@johnsonfistel.com,ceciliar@johnsonfistel.com,paralegal@johnsonfistel.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com

- **Robert John Liubicic**
  RLIUBICIC@MILBANK.COM,SRothenberg@milbank.com,SPayne@milbank.com,AFee@milbank.com

- **Marisa C. Livesay**
  livesay@whafh.com,boyles@whafh.com

- **Betsy Carol Manifold**
  manifold@whafh.com,tuazon@whafh.com,cabrera@whafh.com,boyles@whafh.com,loritsch@whafh.com

- **Adam Christopher McCall**
  amccall@zlk.com

- **Mark Cotton Molumphy**
  mmolumphy@cpmlegal.com,zagudelo@cpmlegal.com,jacosta@cpmlegal.com,gjensen@cpmlegal.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,james.napier@lacity.org,3045517420@filings.docketbird.com,e_file_sd@rgrdlaw.com

- **Blair Allen Nicholas**
  blairn@blbglaw.com,Benjamin.Riesenberg@blbglaw.com,denab@blbglaw.com,ashley.lee@blbglaw.com,Scott.Foglietta@blbglaw.com,AdamW@blbglaw.com,Avi@b

- **Lisa Marie Damm Northrup**
  lnorthrup@milbank.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Victoria Blohm Parker**
  vickiblohm@quinnemanuel.com,robinramirez@quinnemanuel.com,vickiparker@quinnemanuel.com,calendar@quinnemanuel.com

- **Thomas Harry Peters**
  thom.peters@lacity.org

- **John Mark Potter**
  johnpotter@quinnemanuel.com,amberburns@quinnemanuel.com,amber-burns-quinn-emanuel-1787@ecf.pacerpro.com,calendar@quinnemanuel.com

- **Susan Diane Resley**
  sresley@morganlewis.com,margaret.thomasian@morganlewis.com,yandrada@morganlewis.com

- **Rachele R. Rickert**
  rickert@whafh.com,tuazon@whafh.com,cabrera@whafh.com,boyles@whafh.com,loritsch@whafh.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **Sarah L. Rothenberg**
  srothenberg@milbank.com

- **Scott H. Saham**
  scotts@rgrdlaw.com

- **Joseph Caldwell Sarles**
  josephsarles@quinnemanuel.com,shawnaallison@quinnemanuel.com,calendar@quinnemanuel.com

- **Charlene Sachi Shimada**
  charlene.shimada@morganlewis.com

- **Simona Gurevich Strauss**
  sstrauss@stblaw.com,sblake@stblaw.com

- **Robert Patrick Vance , Jr**
  bobbyvance@quinnemanuel.com

- **Jacob Allen Walker**
  jake@blockesq.com,4836372420@filings.docketbird.com

- **Lucy Han Wang**
  lucy.wang@morganlewis.com

- **Lesley Elizabeth Weaver**
  lweaver@bfalaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jonathan K. Youngwood**
  ManagingClerk@stblaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Beth              A. Kaswan
Scott & Scott Attorneys at Law LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169

Sean              Masson
Scott & Scott Attorneys At Law
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169

Alexandra         P. Summer
Cotchett, Pitre & McCarthy, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
```