ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
JASON A. FORGE (181542)
SCOTT H. SAHAM (188355)
RACHEL L. JENSEN (211456)
MICHAEL ALBERT (301120)
CARISSA J. DOLAN (303887)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
jforge@rgrdlaw.com
scotts@rgrdlaw.com
rachelj@rgrdlaw.com
malbert@rgrdlaw.com
cdolan@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LENDINGCLUB SECURITIES LITIGATION | Case No. 3:16-cv-02627-WHA |
| | <u>CLASS ACTION</u> |
| This Document Relates To:<br><br>ALL ACTIONS. | DECLARATION OF MICHAEL ALBERT IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF WITHHELD DOCUMENTS FROM THE UNDERWRITER DEFENDANTS |
| | DATE: December 7, 2017<br>TIME: 8:00 a.m.<br>CTRM: 8, 19th Floor<br>JUDGE: The Honorable William Alsup |

1332227_1

1  I, MICHAEL ALBERT, declare as follows:

2  1. I am an attorney duly licensed to practice before all of the courts of the State of California. I am associated with the law firm of Robbins Geller Rudman & Dowd LLP, one of the counsel of record for Lead Plaintiff Water and Power Employees Retirement, Disability and Death Plan of the City of Los Angeles ("WPERP" or "Lead Plaintiff") in the above-entitled action. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. I submit this declaration in support of Lead Plaintiff's Motion to Compel Production of Withheld Documents from the Underwriter Defendants, filed concurrently herewith.

3. On July 21, 2017, Morgan Stanley and Goldman Sachs produced approximately 82,880 pages of documents previously produced in the State Court Action.

4. On August 30, 2017, my office on behalf of Lead Plaintiff served a set of requests for production of documents ("RFPs") to each of the Underwriter Defendants. *See, e.g.*, Ex. 1 (Lead Plaintiff's 22 RFPs to Goldman Sachs); Ex. 2 (Lead Plaintiff's 23 RFPs to Wells Fargo).

5. On September 29, 2017, counsel for the Underwriter Defendants served one joint set of objections and responses on behalf of all Underwriter Defendants to Lead Plaintiff's nine separate sets of document requests ("Joint Responses"). *See* Ex. 3 (Underwriter Defendants' Joint Responses).

6. Contrary to this Court's Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup ("Standing Order"), the Underwriter Defendants' Joint Responses failed to specify: (1) the extent to which any Underwriter Defendant would produce responsive documents to all but one RFP (*compare* Ex. 3 at 6-7, 9-22, 24, *with id.* at 23); or (2) whether any Underwriter Defendant was withholding documents based on a privilege assertion and none of the Underwriter Defendants provided a privilege log with their Joint Responses. *See id.* In addition, 15 of the 22 RFPs stated: "[T]he Underwriter Defendants state that they have already produced the entirety of their production in *In re LendingClub Corporation Shareholder Litigation* (Case No. CIV 537300, San Mateo County Superior Court) (the "State Court Action"), which production contains documents responsive to this Request. The Underwriter

Defendants are willing to meet and confer with Lead Plaintiff regarding the need for any additional production in response to this Request." *Id.* at 6; *see also id.* at 7, 9, 12, 14-23.

7. On October 6, 2017, I emailed counsel for the Underwriter Defendants, requesting a time to meet and confer telephonically concerning the Joint Responses' failure to satisfy the standards set forth in the Federal Rules of Civil Procedure ("Rules") and this Court's Standing Order.

8. On October 12, 2017, I participated in a telephonic meet and confer with Lee Brand and Jonathan Sanders, counsel for the Underwriter Defendants, regarding the Joint Responses. On the call, counsel for the Underwriter Defendants asked us to review the production in the State Court Action and identify gaps to determine whether any additional documents needed to be produced. I reiterated that the State Court Action production did not excuse the Underwriter Defendants' discovery obligations under the Rules and the Court's Standing Order, but agreed to continue to meet and confer in an effort to avoid burdening this Court with motion practice.

9. On October 18, 2017, and October 19, 2017, I exchanged emails with Messrs. Brand and Sanders regarding whether the Underwriter Defendants were withholding documents based on privilege claims, the potential of a waiver, and privilege logs. Mr. Sanders' October 19, 2017 email confirmed that the Underwriter Defendants were planning to redact and/or withhold documents, but refused to provide a privilege log at that time. On October 25, 2017, I explained Lead Plaintiff's position that the Underwriter Defendants had asserted privileges at the time that the responses to the RFPs were due and requested a meet and confer on their "understanding as to the scope of the Court's September 8, 2017 Order regarding sword-and-shield affirmative defenses" and their view that a party can withhold documents as privileged without asserting a privilege. *See* Ex. 4 (email string between counsel for Lead Plaintiff and Underwriter Defendants culminating with November 10, 2017 email).

10. On October 30, 2017, I participated in a further meet-and-confer call with Messrs. Brand and Sanders regarding the Joint Responses, the Underwriter Defendants' privilege assertions, and scope of production in this litigation. On the call, counsel for the Underwriter Defendants indicated that the privilege log was almost complete and that counsel would try to provide it on

Monday, November 6, 2017, and no later than November 10, 2017. Counsel for the Underwriter Defendants also indicated that the log would address Lead Plaintiff's concerns regarding waiver. On the call, counsel for the Underwriter Defendants also sought an agreement from Lead Plaintiff to excuse seven of the nine Underwriter Defendants from document discovery. I indicated that Lead Plaintiff would be unlikely to agree to accept any stipulation to that effect.

11. On November 1, 2017, I sent an email to Messrs. Brand and Sanders confirming that Lead Plaintiff did not agree to a stipulation immunizing seven of the nine Underwriter Defendants from document discovery. *See* Ex. 4 (email string between counsel for Lead Plaintiff and Underwriter Defendants culminating with November 10, 2017 email).

12. On November 10, 2017, Morgan Stanley and Goldman Sachs produced privilege logs which listed over 1,200 communications with information withheld on the basis of attorney-client privilege, attorney work product protection and common interest privilege. *See* Exs. 5-6. I analyzed the privilege logs and determined that 1,145 of the 1,253 logged communications were dated prior to December 11, 2014, and that 1,031 of those communications had the words "due diligence" or "compliance" in their descriptions. *See id.*

13. On November 11, 2017, I sent an email to Messrs. Brand and Sanders regarding Lead Plaintiff's position that the Underwriter Defendants' offensive use of their state of mind at the time of the LendingClub IPO by their due diligence defense entitled the Class to certain categories of documents listed on Morgan Stanley and Goldman Sachs' privilege logs. *See* Ex. 7 (email string between counsel for Lead Plaintiff and Underwriter Defendants culminating with November 13, 2017 email). In that email, I indicated that Lead Plaintiff intended to notify the Court if the Underwriter Defendants would not commit to producing such documents by the following Monday.

14. On November 13, 2017, counsel for the Underwriter Defendants sent an email confirming their disagreement with Lead Plaintiff's position and did not commit to producing any of the withheld communications. *See* Ex. 7 (email string between counsel for Lead Plaintiff and Underwriter Defendants culminating with November 13, 2017 email).

1332227_1

DECLARATION OF MICHAEL ALBERT IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS - 3:16-cv-02627-WHA - 3 -

15. Attached are true and correct copies of the following Exhibits:

Exhibit 1: Lead Plaintiff's First Set of Requests for Production of Documents to Defendant Goldman Sachs & Co., dated August 30, 2017;

Exhibit 2: Lead Plaintiff's First Set of Requests for Production of Documents to Defendant Wells Fargo Securities, LLC, dated August 30, 2017;

Exhibit 3: Underwriter Defendants' Responses and Objections to Lead Plaintiff's First Set of Requests for Production of Documents, dated September 29, 2017;

Exhibit 4: November 10, 2017 email string from Lee Brand to Michael Albert, Jonathan Sanders regarding In re LendingClub Securities Litigation, Case No. 3:16-cv-02627-WHA (N.D. Cal.);

Exhibit 5: PDF of Goldman Sachs' Privilege Log, dated November 10, 2017 **(filed under seal)**;

Exhibit 6: PDF of Morgan Stanley's Privilege Log, dated November 10, 2017 **(filed under seal)**;

Exhibit 7: November 13, 2017 email string from Jonathan Sanders to Michael Albert, Lee Brand regarding In re LendingClub Securities Litigation, Case No. 3:16-cv-02627-WHA (N.D. Cal.);

Exhibit 8: *In re Charles Schwab Corp. Sec. Litig.*, No. 3:08-cv-02983-WHA, Order re Waiver of Attorney-Client and Work-Product Privileges (N.D. Cal. Feb. 23, 2010);

Exhibit 9: LendingClub Corporation Underwriting Agreement;

Exhibit 10: LC_FEDERAL_478701-05 **(filed under seal)**;

Exhibit 11: MS_LC_00065637-39 **(filed under seal)**;

Exhibit 12: GS_LC_00001687-88 **(filed under seal)**;

Exhibit 13: MS_LC_00026952-55 **(filed under seal)**;

Exhibit 14: MS_LC_00065620-24 **(filed under seal)**;

Exhibit 15: MS_LC_00064625-27 **(filed under seal)**;

Exhibit 16: MS_LC_00062325-26 **(filed under seal)**; and

Exhibit 17: November 10, 2017 letter to Jason Forge from Simona Strauss re *In re LendingClub Sec. Litig.*, Case No. 3:16-cv-02627 (N.D. Cal.).

1332227_1

DECLARATION OF MICHAEL ALBERT IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS - 3:16-cv-02627-WHA - 4 -

1  I declare under penalty of perjury under the laws of the United States of America that the
2 foregoing is true and correct. Executed on November 27, 2017, at San Diego, California.

                                                s/ MICHAEL ALBERT
                                                 MICHAEL ALBERT

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 27, 2017.

    s/ Michael Albert
MICHAEL ALBERT

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:malbert@rgrdlaw.com

1332227_1

# Mailing Information for a Case 3:16-cv-02627-WHA In re LENDINGCLUB SECURITIES LITIGATION

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com,mbacci@rgrdlaw.com,hbrown@rgrdlaw.com

- **Kyle Kenneth Batter**
  kylebatter@gmail.com,valerielozano@quinnemanuel.com,kylebatter@quinnemanuel.com,calendar@quinnemanuel.com

- **Lee S. E. Brand**
  lee.brand@stblaw.com,nanderson@stblaw.com

- **Brittany Nicole DeJong**
  dejong@whafh.com

- **Carissa Jasmine Dolan**
  cdolan@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Diane M. Doolittle**
  dianedoolittle@quinnemanuel.com,sandramorones@quinnemanuel.com

- **Scott Alexander Edelman**
  sedelman@milbank.com

- **Adam Joshua Fee**
  afee@milbank.com,mbenerofe@milbank.com,CClaxton@milbank.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William C. Fredericks**
  wfredericks@scott-scott.com

- **David Michael Grable**
  davegrable@quinnemanuel.com,david-grable-1680@ecf.pacerpro.com

- **Robert J. Gralewski , Jr**
  bgralewski@kmllp.com,fbrizuela@kmllp.com

- **Richard Martin Heimann**
  rheimann@lchb.com

- **John T Jasnoch**
  jjasnoch@scott-scott.com,efile@scott-scott.com

- **Rachel Lynn Jensen**
  rachelj@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Frank James Johnson**
  frankj@johnsonfistel.com,michaelf@johnsonfistel.com,ceciliar@johnsonfistel.com,paralegal@johnsonfistel.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com

- **Robert John Liubicic**
  RLIUBICIC@MILBANK.COM,SRothenberg@milbank.com,SPayne@milbank.com,AFee@milbank.com

- **Marisa C. Livesay**
  livesay@whafh.com,boyles@whafh.com

- **Betsy Carol Manifold**
  manifold@whafh.com,tuazon@whafh.com,cabrera@whafh.com,boyles@whafh.com,loritsch@whafh.com

- **Adam Christopher McCall**
  amccall@zlk.com

- **Mark Cotton Molumphy**
  mmolumphy@cpmlegal.com,zagudelo@cpmlegal.com,jacosta@cpmlegal.com,gjensen@cpmlegal.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,james.napier@lacity.org,3045517420@filings.docketbird.com,e_file_sd@rgrdlaw.com

- **Blair Allen Nicholas**
  blairn@blbglaw.com,Benjamin.Riesenberg@blbglaw.com,denab@blbglaw.com,ashley.lee@blbglaw.com,Scott.Foglietta@blbglaw.com,AdamW@blbglaw.com,Avi@b

- **Lisa Marie Damm Northrup**
  lnorthrup@milbank.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Victoria Blohm Parker**
  vickiblohm@quinnemanuel.com,robinramirez@quinnemanuel.com,vickiparker@quinnemanuel.com,calendar@quinnemanuel.com

- **Thomas Harry Peters**
  thom.peters@lacity.org

- **John Mark Potter**
  johnpotter@quinnemanuel.com,amberburns@quinnemanuel.com,amber-burns-quinn-emanuel-1787@ecf.pacerpro.com,calendar@quinnemanuel.com

- **Susan Diane Resley**
  sresley@morganlewis.com,margaret.thomasian@morganlewis.com,yandrada@morganlewis.com

- **Rachele R. Rickert**
  rickert@whafh.com,tuazon@whafh.com,cabrera@whafh.com,boyles@whafh.com,loritsch@whafh.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **Sarah L. Rothenberg**
  srothenberg@milbank.com

- **Scott H. Saham**
  scotts@rgrdlaw.com

- **Joseph Caldwell Sarles**
  josephsarles@quinnemanuel.com,shawnaallison@quinnemanuel.com,calendar@quinnemanuel.com

- **Charlene Sachi Shimada**
  charlene.shimada@morganlewis.com

- **Simona Gurevich Strauss**
  sstrauss@stblaw.com,sblake@stblaw.com

- **Robert Patrick Vance , Jr**
  bobbyvance@quinnemanuel.com

- **Jacob Allen Walker**
  jake@blockesq.com,4836372420@filings.docketbird.com

- **Lucy Han Wang**
  lucy.wang@morganlewis.com

- **Lesley Elizabeth Weaver**
  lweaver@bfalaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jonathan K. Youngwood**
  ManagingClerk@stblaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Beth             A. Kaswan
Scott & Scott Attorneys at Law LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169

Sean             Masson
Scott & Scott Attorneys At Law
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169

Alexandra        P. Summer
Cotchett, Pitre & McCarthy, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
```