IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

LENDINGCLUB SECURITIES LITIGATION.

_____/

This Document Relates to:

ALL ACTIONS.

_____/

No. C 16-02627 WHA
No. C 16-02670 WHA
No. C 16-03072 WHA

(CONSOLIDATED)

**ORDER DENYING MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

## INTRODUCTION

In this PSLRA action, the lead plaintiff moves to compel the underwriter defendants to produce documents withheld under claims of privilege. The motion is **DENIED**.

## STATEMENT

By way of introduction, on September 7, 2017, the lead plaintiff filed a discovery letter complaining that the LendingClub and director defendants raised broad reliance-on-counsel defenses while withholding nearly five thousand documents under claims of privilege. In correspondence, those defendants had told the lead plaintiff that the defense at issue also relied on *non-attorney* professionals, and that defendants would decide later whether and to what extent to rely on advice of counsel. The lead plaintiff sought to force those defendants to either produce the withheld documents or abandon their "good faith" and "reliance on professionals" defenses entirely (Dkt. No. 217). An order issued the next day, not granting the requested relief but holding (Dkt. No. 218):

> To the extent defendants rely upon the advice of counsel at trial or on summary judgment, they must produce the relevant communications upon which they rely. Any waiver of attorney-client privilege in this case must be made by **SEPTEMBER 29 AT NOON** in writing, and all documents to be relied upon by the waiving party must be produced by that date along with any other documents (whether or not previously requested) that, but for the waiver, would have been privileged.

The lead plaintiff now complains in a similar vein that the underwriter defendants have also asserted a broad "due diligence" defense pursuant to Section 11(b)(3) of the Securities Act, *see* 15 U.S.C. 77k(b)(3), while withholding under claims of attorney-client privilege approximately one thousand documents reflecting communications dated on or before the IPO at issue and pertaining to "due diligence" or "compliance" (*see* Dkt. Nos. 279-1 ¶ 12, 278-5–278-6). The first defense in the underwriter defendants' operative answer, reproduced here in its entirety, states (Dkt. No. 201 at 15):

> Lead Plaintiff and the putative class are not entitled to any recovery from the Underwriter Defendants because, as contemplated in Section 11(b)(3) of the Securities Act, the Underwriter Defendants exercised due diligence in connection with their underwriting of the IPO. The Underwriter Defendants acted at all times in good faith and had no knowledge, were not reckless in not knowing, and in the exercise of reasonable care could not have known of any alleged misstatements or omissions of material fact in the Offering Documents. At all relevant times, the Underwriter Defendants conducted a reasonable and diligent investigation and had reasonable grounds to believe, and did believe at the time the Offering Documents became effective, that the statements in the Offering Documents were true and that there were no omissions of material fact.
>
> The Underwriter Defendants' reasonable and diligent investigation included an extensive review of LendingClub's business and business practices, including a review of numerous LendingClub financial, business, and operational documents; communications with LendingClub employees regarding the business; the use of experts and consultants to advise the Underwriter Defendants in connection with the IPO; and a review of other available information regarding LendingClub's business and operations. With respect to portions of the Offering Documents purporting to be made on the authority of accounting, financial, or other experts retained to assist in preparing the Offering Documents, the Underwriter Defendants had no reasonable grounds to believe, and did not believe, that such statements were untrue, that there was any omission of material fact necessary to make the statements therein not misleading, or that such part of the Offering Documents did not fairly represent the statement of the expert.

Based on the underwriter defendants' assertion of this due diligence defense, the lead plaintiff moves to compel production of all documents received by the underwriter defendants or sent to deal counsel during or before the IPO at issue regarding (1) the LendingClub Registration Statement, (2) the investigative process used to prepare it, or (3) the specific topics challenged as misleading in this action. Another prior order dated November 17 calling for briefing on this issue warned the underwriter defendants that "a privilege can be waived by asserting reliance upon the opinions sought to be withheld" (Dkt. No. 262). This order follows full briefing, oral argument, and supplemental briefing, including a comprehensive offer of proof submitted by the underwriter defendants after the motion hearing. (Non-privileged materials — for example, communications with non-attorney professionals — have already been produced. Privilege logs have also been produced for withheld materials (*see, e.g.*, Dkt. No. 287 at 3–4).)

**ANALYSIS**

The attorney-client privilege "may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). A party implicitly waives the attorney-client privilege when it asserts that privilege as a result of some affirmative act, thereby putting the privileged information at issue, and allowing the privilege would deny the opposing side access to information vital to its case. *See, e.g.*, *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999). "Because a waiver is required so as to be fair to the opposing side, the rationale [of implied waiver] only supports a waiver broad enough to serve that purpose," so "the court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003).

The lead plaintiff primarily relies on the undersigned judge's prior order in *In re Charles Schwab Corporation Securities Litigation*, Case No. 08-01510. The defendants in that case, like the underwriter defendants here, attempted to withhold documents under claims of privilege by arguing, among other things, that they had asserted a "due diligence" defense pursuant to Section 11(b)(3) but *not* a reliance-on-counsel defense specifically. *Id.* (Dkt. No. 361). *Charles Schwab*

3

nevertheless held that the defendants' assertion of a Section 11(b)(3) defense placed at issue their "subjective state of mind as to the contested disclosures at the time in question and therefore *all* information, whether privileged or not, received by him on those matters during or before the time in question are discoverable." *Id.* (Dkt. No. 424).

The underwriter defendants' best authority on point is *Kaiser Foundation Health Plan, Inc. v. Abbott Labs., Inc.*, 552 F.3d 1033 (9th Cir. 2009). *Kaiser* involved a Sherman Act restraint-of-trade claim based on allegations that a defendant had agreed with a competitor to delay marketing of the defendant's product. *Id.* at 1040–41. At trial, the defendant presented evidence that the agreement did not actually cause any delay because it would not have brought its product to market anyway without an appellate decision invalidating the competitor's patent. The plaintiff argued that this theory stemmed from advice given by defense counsel, and that the defendant had waived attorney-client privilege as a result. *Id.* at 1042. Our court of appeals agreed that the defendant would have waived attorney-client privilege had it actually based its defense on counsel's advice. *Kaiser* nevertheless held that the district court did not abuse its discretion in finding no waiver where the defendant did not actually rely on an advice-of-counsel defense and instead argued that, regardless of what counsel said, its board of directors would have been unwilling to risk infringing its competitor's patent. In other words, the record in *Kaiser* showed that the defendant acted without regard to, or even contrary to, what counsel advised. Under those circumstances, implied waiver was not required. *Id.* at 1042–43.

Here, the underwriter defendants stress that, in light of the September 8 and November 17 orders, they have decided to forgo reliance on any advice-of-counsel defense or opinion of counsel and instead rely only on *non-attorney* professionals, including accountants, auditors, financial experts, and investigative firms, to prove their Section 11(b)(3) defense. During oral argument, the underwriter defendants also offered to mitigate any concern of unfairness by agreeing to inform the jury via a Court-given instruction that they had withheld privileged communications with counsel, and that such withheld communications could potentially be favorable (or unfavorable) to either side. Indeed, the underwriter defendants went a step further and also agreed that plaintiff's counsel can actually point out to the jury that the underwriter

4

defendants could have waived the privilege but chose not to, and further argue before the jury that parts of the story concealed under claims of privilege would have been *unfavorable* to the underwriter defendants (*see* Dkt. No. 299 at 18:3–19, 62:21–63:13).

After the motion hearing, the underwriter defendants submitted a comprehensive offer of proof explaining how they would implement their due diligence defense without relying on advice of counsel (Dkt. No. 310). The underwriter defendants also offered to make available for *in camera* review any materials they have withheld or redacted as privileged so the Court can confirm that no assertion of privilege is being unfairly used as both sword and shield (*id.* at 3). The lead plaintiff filed a short response to the offer of proof essentially arguing that, despite all of the aforementioned measures, the playing field still had not been sufficiently leveled (Dkt. No. 314). Based on the underwriter defendants' offer of proof and multiple concessions to ensure fairness in this litigation, this order disagrees.

As described, this case presents a number of factors not present in *Charles Schwab*. The underwriter defendants' agreement to a jury instruction about their assertions of privilege mitigates the danger that presentation of their defense at trial will mislead the jury into thinking it is getting the whole picture about the due diligence process. Any unfairness to the opposing side is similarly diminished because the underwriter defendants have agreed that the lead plaintiff's counsel may argue that withheld communications would have been adverse to the underwriter defendants. These concessions sufficiently safeguard the fairness of these proceedings such that implied waiver is not required, at least at this time. *See Bittaker*, 331 F.3d at 720.

In addition, as stated, the underwriter defendants have offered to submit their withheld communications to *in camera* review by the Court to ensure the continued fairness of these proceedings. So if the lead plaintiff comes across specific examples of withheld communications — for example, in the underwriter defendants' privilege log or by inference from other non-privileged documents — that it believes must be disclosed to ensure fairness in litigating the underwriter defendants' due diligence defense, then the lead plaintiff can take the underwriter defendants up on their offer and seek *in camera* review of the communications in

question via a discovery letter. Possibly, the balance will shift as this litigation progresses such that we may revisit the issue of implied waiver as a result of the underwriter defendants' due diligence defense. For the time being, however, their assertion of the defense remains consistent with the directive set forth in the undersigned judge's September 8 order, *i.e.*, that defendants must waive privilege to the extent that they rely upon the advice of counsel at trial (or on summary judgment). *See Kaiser*, 552 F.3d at 1042–43. We will proceed with the safeguards proposed by the underwriter defendants and see how it goes.

## CONCLUSION

For the foregoing reasons, the lead plaintiff's motion to compel is **DENIED**. Within **49 CALENDAR DAYS** of this order, the underwriter defendants shall submit for *in camera* review all withheld materials that pertain in any way to the due diligence defense they will assert on summary judgment or at trial, along with an index of said materials.

**IT IS SO ORDERED.**

Dated: February 20, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE