ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
JASON A. FORGE (181542)
SCOTT H. SAHAM (188355)
RACHEL L. JENSEN (211456)
AUSTIN P. BRANE (286227)
MICHAEL ALBERT (301120)
CARISSA J. DOLAN (303887)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
jforge@rgrdlaw.com
scotts@rgrdlaw.com
rachelj@rgrdlaw.com
abrane@rgrdlaw.com
malbert@rgrdlaw.com
cdolan@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LENDINGCLUB SECURITIES LITIGATION | Case No. 3:16-cv-02627-WHA <br><br> **CLASS ACTION** <br><br> STIPULATION AND PROPOSED ORDER REGARDING DEFINITION OF CERTIFIED CLASS |
| This Document Relates To: <br><br> ALL ACTIONS. | |

1372942_2

1          IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the Parties to
2  this action, as follows:
3          1.      WHEREAS on October 20, 2017, this Court certified a class in the above referenced
4  action (ECF No. 252);
5          2.      WHEREAS on November 1, 2017, this Court entered a Stipulated Order regarding
6  the class definition that changed the cut-off date for Section 11 claims from June 8, 2016 to June 8,
7  2015 (ECF No. 255);
8          3.      WHEREAS the parties have entered into a joint stipulation to resolve this litigation,
9  as well as a State lawsuit, *In re LendingClub Corporation Shareholder Litigation*, Case No. CIV
10 537300 (Cal. Super. Ct. San Mateo Cty.) (the "State Litigation");
11         4.      WHEREAS the parties to this litigation and the State Litigation have agreed that this
12 Court should consider and, if approved, oversee the settlement of this litigation, which will also
13 resolve the State Litigation;
14         5.      WHEREAS the State Litigation's certified class definition differs in *de minimis* ways
15 from the certified class definition in this litigation, and settlement of both litigations will be
16 facilitated if the class for purposes of settlement includes all class members of the certified classes in
17 both this litigation and in the State Litigation;
18         6.      WHEREAS making three modest changes to the class definition in this litigation will
19 result in the class in this action fully subsuming the class in the State Litigation;
20         7.      WHEREAS these changes are set forth below:

> All persons and entities who purchased or otherwise acquired the common stock of LendingClub Corporation ("LendingClub" or the "Company") during the period from December 11, 2014 through May 6, 2016 (for claims under the Exchange Act of 1934) and all those who purchased or acquired LendingClub common stock during the period from December 10~~1~~, 2014 through June 8, 2015 (for claims under the 1933 Securities Act) and were damaged thereby (collectively, the "Class"). Excluded from the Class are ~~short sellers who incurred losses during the class period as a result of their short sales,~~ defendants and their <u>immediate</u> families, the officers, directors, and affiliates of defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest. Notwithstanding the foregoing, the Class shall include any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which the Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which any Underwriter

| | |
|---|---|
| 1 | Defendant's affiliates may act as an investment advisor, but as to which any Underwriter Defendant alone or together with any of its respective affiliates is neither a majority owner nor the holder of a majority beneficial interest. |
| 2 | |

3  8. WHEREAS the parties agree that the revision to the class definition is being

4 requested for purposes of settlement only and that the class definition should revert to the definition

5 set forth in the Court's November 1, 2017 order if the settlement does not become effective as

6 contemplated in paragraph 8.1 of the Stipulation;

7  NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the parties, subject

8 to the Court's approval, as follows:

9  1. The class definition in this action shall be revised to read as follows:

10  All persons and entities who purchased or otherwise acquired the common stock of LendingClub Corporation ("LendingClub" or the "Company") during the period from December 11, 2014 through May 6, 2016 (for claims under the Exchange Act of 1934) and all those who purchased or acquired LendingClub common stock during the period from December 10, 2014 through June 8, 2015 (for claims under the 1933 Securities Act) and were damaged thereby (collectively, the "Class"). Excluded from the Class are defendants and their immediate families, the officers, directors, and affiliates of defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest. Notwithstanding the foregoing, the Class shall include any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which the Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which any Underwriter Defendant's affiliates may act as an investment advisor, but as to which any Underwriter Defendant alone or together with any of its respective affiliates is neither a majority owner nor the holder of a majority beneficial interest.

19  2. The class definition will revert to the definition set forth in the Court's November 1,

20 2017 order if the settlement does not become effective as contemplated in paragraph 8.1 of the

21 Stipulation.

22  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

23 DATED: February 21, 2018   ROBBINS GELLER RUDMAN
                                & DOWD LLP
24                              DARREN J. ROBBINS
                                JASON A. FORGE
25                              SCOTT H. SAHAM
                                RACHEL L. JENSEN
26                              MICHAEL ALBERT
                                CARISSA J. DOLAN
27
                                   s/ Jason A. Forge
28                              JASON A. FORGE

|   |   |   |
|---|---|---|
| 1 |   |   |
| 2 |   | 655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058 |
| 3 |   | 619/231-7423 (fax) |
| 4 |   | Lead Counsel for Lead Plaintiff |
| 5 |   |   |
| 6 | DATED:  February 21, 2018 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 7 |   | DIANE M. DOOLITTLE |
| 8 |   |            s/ Diane M. Doolittle<br>DIANE M. DOOLITTLE |
| 9 |   |   |
| 10 |   | 555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA  94065 |
| 11 |   | Telephone: 650/801-5000<br>650/801-5100 (fax) |
| 12 |   | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 13 |   | JOHN POTTER<br>50 California Street, 22nd Floor |
| 14 |   | San Francisco, CA  94111<br>Telephone:  415/875-6600 |
| 15 |   | 415/875-6700 (fax) |
| 16 |   | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 17 |   | DAVID M. GRABLE<br>865 S. Figueroa Street, 10th Floor |
| 18 |   | Los Angeles, CA  90017-2543<br>Telephone:  213/624-7707 |
| 19 |   | 213/624-0643 (fax) |
| 20 |   | Attorneys for Defendants LendingClub Corporation, Daniel Ciporin, Jeffrey Crowe, |
| 21 |   | Rebecca Lynn, John Mack, Mary Meeker, John C. (Hans) Morris, Lawrence Summers, and Simon |
| 22 |   | Williams |
| 23 | DATED:  February 21, 2018 |   |
| 24 |   | MORGAN, LEWIS & BOCKIUS LLP<br>CHARLENE S. SHIMADA |
| 25 |   | SUSAN D. RESLEY<br>LUCY WANG |
| 26 |   |   |
| 27 |   |            s/ Charlene S. Shimada<br>CHARLENE S. SHIMADA |
| 28 |   |   |

One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415/442-1000
415/442-1001 (fax)

Attorneys for Defendant Carrie Dolan

DATED: February 21, 2018

MILBANK, TWEED, HADLEY & McCLOY LLP
ROBERT J. LIUBICIC

      s/ Robert J. Liubicic
ROBERT J. LIUBICIC

2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: 424/386-4000
213/892-4725 (fax)

Attorneys for Defendant Renaud Laplanche

DATED: February 21, 2018

SIMPSON THACHER & BARTLETT LLP
SIMONA G. STRAUSS
LEE BRAND

      s/ Simona G. Strauss
SIMONA G. STRAUSS

2475 Hanover Street
Palo Alto, CA 94304
Telephone: 650/251-5000
650/251-5002 (fax)

SIMPSON THACHER & BARTLETT LLP
JONATHAN K. YOUNGWOOD (pro hac vice)
425 Lexington Avenue
New York, NY 10017
Telephone: 212/455-2000
212/455-2502 (fax)

Attorneys for the Underwriter Defendants

**ATTESTATION**

I, Jason A. Forge, am the ECF User whose ID and password are being used to file this Stipulated and Proposed Order Regarding Definition of Certified Class. In compliance with Civil

1  Local Rule 5-1(i)(3), I hereby attest that Diane M. Doolittle, Charlene S. Shimada, Robert J.
2  Liubicic, and Simona G. Strauss have concurred in this filing.

3                                              *       *       *

4                                         **O R D E R**

5        PURSUANT TO STIPULATION, IT IS SO ORDERED.

6   DATED: _____    _____
7                                     THE HONORABLE WILLIAM ALSUP
                                      UNITED STATES DISTRICT JUDGE
8

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 21, 2018.

    s/ Jason A. Forge
JASON A. FORGE

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:jforge@rgrdlaw.com

1375450_1