1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12
13

| In re LENDINGCLUB SECURITIES LITIGATION | ) ) ) | Case No. 3:16-cv-02627-WHA |
| --- | --- | --- |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) ) | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| ALL ACTIONS. | ) ) ) | |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1375904_1

1    WHEREAS, an action is pending before this Court entitled *In re LendingClub Securities*

2  *Litigation*, Case No. 3:16-cv-02627-WHA (the "Federal Litigation");

3    WHEREAS, an action is pending in the Superior Court of the State of California, County of

4  San Mateo, entitled *In re LendingClub Corporation Shareholder Litigation*, Case No. CIV 537300

5  (the "State Litigation");

6    WHEREAS, the class representatives in the State Litigation have appeared before this Court

7  and participated in settlement negotiations before Chief Magistrate Judge Joseph C. Spero;

8    WHEREAS, on _____ __, 2018, the Court so ordered the parties' stipulation as to the

9  definition of the class in this litigation for settlement purposes;

10    WHEREAS, the parties having made application, pursuant to Federal Rule of Civil

11  Procedure 23(e), for an order preliminarily approving the settlement of the Federal  Litigation, in

12  accordance with a Stipulation of Settlement dated February 21, 2018 (the "Stipulation"), which,

13  together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed

14  settlement of the Federal Litigation and the State Litigation and for dismissal of the Federal

15  Litigation and the State Litigation with prejudice upon the terms and conditions set forth therein; and

16  the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

17    WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set

18  forth in the Stipulation.

19    NOW, THEREFORE, IT IS HEREBY ORDERED:

20    1.    The Court has reviewed the Stipulation and does hereby preliminarily approve the

21  settlement set forth therein, subject to further consideration at the Settlement Hearing described

22  below.

23    2.    A hearing (the "Settlement Hearing") shall be held before this Court on _____,

24  2018, at _____ [a date that is at least 110 calendar days from the date of this Order], at the United

25  States District Court for the Northern District of California, 450 Golden Gate Avenue, San

26  Francisco, CA 94102, to determine whether the proposed settlement of the Litigations on the terms

27  and conditions provided for in the Stipulation is fair, reasonable, and adequate to Class Members and

28  should be approved by the Court; to determine whether a Judgment as provided in ¶1.14 of the

1   Stipulation should be entered; to determine whether the proposed Plan of Allocation is fair,

2   reasonable, and adequate and should be approved; and to determine the amount of fees and expenses

3   that should be awarded to Federal and State Lead Counsel.

4          3.      The Court approves, as to form and content, the Notice of Pendency and Proposed

5   Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim

6   and Release"), and the Summary Notice annexed hereto as Exhibits A-1, A-2, and A-3, respectively,

7   and finds that the mailing and distribution of the Notice and publishing of the Summary Notice,

8   substantially in the manner and form set forth in ¶¶5-8 of this Order, meet the requirements of

9   Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the

10  circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

11         4.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to

12  supervise and administer the notice procedure as well as the processing of claims as more fully set

13  forth below.

14         5.      Not later than _____, 2018 [ten (10) business days after the Court signs and enters

15  this Order] (the "Notice Date"), the Claims Administrator shall commence mailing the Notice and

16  Proof of Claim and Release, substantially in the forms annexed hereto, by First-Class Mail to all

17  Class Members who can be identified with reasonable effort, and shall post the Notice and Proof of

18  Claim and Release on its website at www.LendingClubSecuritiesClassAction.com.

19         6.      Not later than fourteen (14) calendar days after the Notice Date, the Claims

20  Administrator shall cause the Summary Notice to be published once in the national edition of *The

21  Wall Street Journal* and once over a national newswire service.

22         7.      At least fourteen (14) calendar days prior to the Settlement Hearing, Federal Lead

23  Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration,

24  of such mailing and publishing.

25         8.      Nominees who purchased or otherwise acquired LendingClub common stock for the

26  beneficial ownership of Class Members during the period from December 10, 2014 through May 6,

27  2016, shall either: (i) send the Notice and the Proof of Claim and Release to all such beneficial

28  owners of LendingClub common stock within ten (10) business days after receipt thereof, or

1  (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator

2  within ten (10) business days of receipt thereof, in which event the Claims Administrator shall

3  promptly mail the Notice and Proof of Claim and Release to such beneficial owners.  Federal Lead

4  Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their

5  reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class

6  Members out of the Settlement Fund, which expenses would not have been incurred except for the

7  sending of such notice, subject to further order of this Court with respect to any dispute concerning

8  such compensation.

9       9.    All Class Members shall be bound by all determinations and judgments in the Federal

10  Litigation concerning the settlement, whether favorable or unfavorable to Class Members.

11       10.    Class Members who wish to participate in the settlement shall complete and submit a

12  Proof of Claim and Release in accordance with the instructions contained therein.  Unless the Court

13  orders otherwise, all Proof of Claim and Release forms must be postmarked or submitted

14  electronically no later than ninety (90) calendar days from the Notice Date.  Any Class Member who

15  does not timely submit a Proof of Claim and Release within the time provided for shall be barred

16  from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by

17  the Court.  Notwithstanding the foregoing, Federal and State Lead Counsel may, in their discretion,

18  accept late-submitted claims for processing by the Claims Administrator so long as distribution of

19  the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

20       11.    Class Members shall be bound by all determinations and judgments in the Federal

21  Litigation, whether favorable or unfavorable, unless they request exclusion from the Class in a

22  timely and proper manner, as hereinafter provided.  Group opt-outs, including "mass" or "class" opt

23  outs, are prohibited.  A Class Member wishing to request exclusion shall mail a request for exclusion

24  in written form by First-Class Mail such that it is received, not simply postmarked, on or before

25  _____, 2018 [twenty-one (21) calendar days prior to the Settlement Hearing], by the Claims

26  Administrator at the address designated in the Notice.  Such request for exclusion must state the

27  name, address, and telephone number of the Person seeking exclusion, must state that the sender

28  requests to be "excluded from the Class and does not wish to participate in the settlement in *In re*

1    *LendingClub Securities Litigation*, Case No. 3:16-cv-02627-WHA (N.D. Cal.)," and must be signed

2    by such Person. Such Persons requesting exclusion must also state the information requested in the

3    Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases

4    and acquisitions and/or sales of LendingClub common stock during the period from December 10,

5    2014 through May 6, 2016, inclusive. The request for exclusion shall not be effective unless it

6    provides the required information and is made within the time stated above, or the exclusion is

7    otherwise accepted by the Court. Class Members who make an effective request for exclusion from

8    the Class shall not be bound by the settlement and shall not be entitled to receive any payment out of

9    the Net Settlement Fund as described in the Stipulation and Notice. Any Class Member who does

10    not submit a timely written request for exclusion will be bound by all proceedings, orders and

11    judgments in the Federal Litigation, whether or not he, she, or it timely submits a Proof of Claim and

12    Release.

13         12.     Any Class Member may enter an appearance in the Federal Litigation, at their own

14    expense, individually or through counsel of their own choice. If they do not enter an appearance,

15    they will be represented by Federal Lead Counsel. In addition, members of the State Class (unless

16    they choose to opt out of the Class) will be represented by State Lead Counsel for matters relating to

17    approval of the settlement.

18         13.     Any Class Member may appear and show cause why the proposed settlement of the

19    Federal Litigation and the State Litigation should or should not be approved as fair, reasonable, and

20    adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation

21    should or should not be approved, and why attorneys' fees and expenses should or should not be

22    awarded to Federal or State Lead Counsel; provided, however, that no Class Member or any other

23    Person shall be heard or entitled to contest such matters, unless that Person has submitted said

24    objections, papers, and briefs to the Court either by mailing them to the Class Action Clerk, United

25    States District Court for the Northern District of California, San Francisco Division, 450 Golden

26    Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United

27    States District Court for the Northern District of California, or electronically by ECF on the docket

28    for this case. Such objections, papers, and briefs must be received or filed, not simply postmarked,

1    on or before _____, 2018 [twenty-one (21) calendar days prior to the Settlement Hearing]. Any

2    Class Member who does not make his, her or its objection in the manner and time provided for in the

3    Notice shall be deemed to have waived such objection and shall forever be foreclosed from making

4    any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to

5    the Plan of Allocation, or to the award of attorneys' fees and expenses to Federal or State Lead

6    Counsel, unless otherwise ordered by the Court.   Attendance at the Settlement Hearing is not

7    necessary.  However, persons wishing to be heard orally in opposition to approval of the settlement,

8    the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are

9    required to indicate in their written objection their intention to appear at the hearing.  Persons who

10   intend to object to the settlement, the Plan of Allocation, and/or the application for an award of

11   attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include

12   in their written objections the identity of any witnesses they may call to testify and copies of any

13   exhibits they intend to introduce into evidence at the Settlement Hearing.  If an objector hires an

14   attorney to represent him, her, or it for the purposes of making an objection, the attorney must file a

15   notice of appearance with the Court and effect service on the parties to the Litigations on or before

16   _____, 2018 [twenty-one (21) calendar days prior to the Settlement Hearing].

17        14.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

18   *legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

19   funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20        15.    All opening briefs and supporting documents in support of the settlement, the Plan of

21   Allocation, and any application by Federal or State Lead Counsel for attorneys' fees and expenses

22   shall be filed and served by _____, 2018 [thirty-five (35) calendar days prior to the Settlement

23   Hearing].  Replies to any objections shall be filed and served by _____, 2018 [fourteen (14)

24   calendar days prior to the Settlement Hearing].

25        16.    Neither the Defendants and their Related Parties nor the Defendants' counsel shall

26   have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses

27   submitted by Federal or State Lead Counsel, and such matters will be considered separately from the

28   fairness, reasonableness, and adequacy of the settlement.

17.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Federal Lead Counsel and any applications for attorneys' fees or payment of expenses shall be approved.

18.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the settlement is not approved by the Court, or otherwise fails to become effective, Federal Lead Plaintiff, State Class Representatives, Federal Lead Counsel and State Lead Counsel shall not have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.10 or 2.12 of the Stipulation.

19.     Neither the Stipulation, nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, the truth of any of the allegations in the Litigations, of any wrongdoing, fault, or liability of the Defendants or their respective Related Parties, or that Federal Lead Plaintiff, State Class Representatives, or any Class Members have suffered any damages, harm, or loss; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

20.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

21.     In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigations as of February 5, 2018.  In such event, the terms and provisions of the Stipulation, except as set forth in the Stipulation, shall be null and void, have no further force and effect, and shall not be used in the

1   Litigations or in any other proceeding for any purpose, and this Order, in accordance with the terms

2   of the Stipulation, shall be treated as vacated, *nunc pro tunc*, and shall not be used in the Litigations

3   or in any other proceeding for any purpose.

4           22.     Pending final determination of whether the proposed settlement should be approved,

5   neither Federal Lead Plaintiff, nor State Class Representatives, nor any Class Member, directly or

6   indirectly, representatively, or in any other capacity, may commence or prosecute against any of the

7   Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

8           23.     Pending final determination of whether the proposed settlement should be approved,

9   none of the Defendants, directly or indirectly, representatively, or in any other capacity, may

10  commence      or      prosecute      against      Federal      Lead      Plaintiff,      State      Class

11  Representatives, any Class Member, or Federal or State Lead Counsel any action or proceeding in

12  any court or tribunal asserting any Releasing Defendants' Claims.

13          24.     Pending further order of the Court, all litigation activity, except that contemplated

14  herein, in the Stipulation, in the Notice, in the Summary Notice, or in the Judgment, is hereby stayed

15  and all hearings, deadlines and other proceedings in the Federal Litigation, except the Settlement

16  Hearing and any deadlines set forth in this Order, are hereby taken off calendar.

17          IT IS SO ORDERED.

18  DATED: _____      _____

19                                       THE HONORABLE WILLIAM ALSUP
                                         UNITED STATES DISTRICT JUDGE

20  Submitted by:

21  ROBBINS GELLER RUDMAN
        & DOWD LLP
22  DARREN J. ROBBINS
    JASON A. FORGE
23  SCOTT H. SAHAM
    RACHEL L. JENSEN
24  MICHAEL ALBERT
    CARISSA J. DOLAN

25

26
            s/ Jason A. Forge
27  _____
            JASON A. FORGE

28

1

655 West Broadway, Suite 1900
2   San Diego, CA  92101
Telephone:  619/231-1058
3   619/231-7423 (fax)

4   Lead Counsel for Lead Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
JASON A. FORGE (181542)
SCOTT H. SAHAM (188355)
RACHEL L. JENSEN (211456)
AUSTIN P. BRANE (286227)
MICHAEL ALBERT (301120)
CARISSA J. DOLAN (303887)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
jforge@rgrdlaw.com
scotts@rgrdlaw.com
rachelj@rgrdlaw.com
abrane@rgrdlaw.com
malbert@rgrdlaw.com
cdolan@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re LENDINGCLUB SECURITIES LITIGATION | ) | Case No. 3:16-cv-02627-WHA |
|---|---|---|
| | ) | CLASS ACTION |
| This Document Relates To: | ) | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |
| ALL ACTIONS. | ) | EXHIBIT A-1 |

**TO:** **All persons and entities who purchased or otherwise acquired LendingClub Corporation ("LendingClub" or the "Company") common stock from December 10, 2014 through May 6, 2016, inclusive**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY A PROPOSED CLASS ACTION SETTLEMENT IN LAWSUITS PENDING IN FEDERAL AND STATE COURTS.

IF YOU ARE A CLASS MEMBER, YOU MUST SUBMIT A CLAIM FORM TO OBTAIN YOUR SHARE OF THE SETTLEMENT. IF YOU DO NOT SUBMIT A CLAIM, YOU WILL NOT HAVE ANY RIGHT TO COMPENSATION UNLESS YOU OPT OUT OF THE CLASS.

This Notice concerns lawsuits that federal and state courts have certified as class actions on behalf of investors (individuals and entities) who purchased or acquired LendingClub common stock from December 10, 2014 through May 6, 2016.[1] The Federal lawsuit is referred to as *In re LendingClub Securities Litigation*, Case No. 3:16-cv-02627-WHA (the "Federal Litigation") and is pending before the Honorable William Alsup in the United States District Court for the Northern District of California (the "Court"). The State lawsuit is referred to as *In re LendingClub Corporation Shareholder Litigation*, Case No. CIV 537300 (the "State Litigation") and is pending before the Honorable Marie S. Weiner of the Superior Court for the State of California, County of San Mateo (the "State Court").

This Notice is to inform you that the Federal Lead Plaintiff, Water and Power Employees' Retirement, Disability and Death Plan of the City of Los Angeles ("Federal Lead Plaintiff" or "WPERP"), and Kathy Geller, Dylan Youngblood, and Alton Consulting LLC (the "State Class Representatives") on behalf of themselves and the Class, have reached a proposed settlement agreement with Defendants LendingClub; its former Chief Executive Officer ("CEO"), Renaud Laplanche ("Laplanche"); its former Chief Financial Officer ("CFO"), Carrie Dolan ("Dolan"); its directors, Daniel T. Ciporin, Jeffrey Crowe, Rebecca Lynn, John J. Mack, Mary Meeker, John C. (Hans) Morris, Lawrence H. Summers, and Simon Williams (collectively, the "Director Defendants"); and the underwriters of its Initial Public Offering ("IPO"), Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC (formerly known as Goldman, Sachs & Co.), Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc., Allen & Company LLC, Stifel, Nicolaus & Company, Incorporated, BMO Capital Markets Corp., William Blair & Company, L.L.C., and Wells Fargo Securities, LLC (collectively, the "Underwriter Defendants") (collectively, "Defendants"). If the settlement is approved by the Court, all of the claims in the Litigations against Released Defendants (defined in Question 25 below) will be resolved on behalf of all Class Members.

**Overview of the Litigations and Settlement**: The Federal Litigation alleges violations of §11 of the 1933 Act against all Defendants, §15 of the 1933 Act against Laplanche, Dolan and the Director Defendants, and §§10(b) and 20(a) of the Exchange Act against LendingClub, Laplanche, and Dolan. Federal Lead Plaintiff alleged that LendingClub, Laplanche and Dolan made certain misstatements and omissions concerning LendingClub's internal controls, data integrity and security, and related-party transactions in communications with investors who purchased LendingClub common stock from December 11, 2014 through May 6, 2016, and that these Defendants violated §10(b) of the Exchange Act, as well as SEC Rule 10b-5 promulgated thereunder, by making such statements or omissions knowingly or with extreme recklessness, and caused the price of LendingClub common stock to be artificially inflated during the period from December 11, 2014 through May 6, 2016. Federal Lead Plaintiff also asserted claims under §§11 and 15 of the 1933 Act on behalf of investors who purchased LendingClub common stock traceable to LendingClub's IPO, because LendingClub's offering materials allegedly contained material misstatements and/or

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated February 21, 2018 (the "Stipulation"), which is available on the settlement website, www.LendingClubSecuritiesClassAction.com.

omissions concerning LendingClub's internal controls, data integrity and security, and related-party transactions.

The State Litigation alleges violations in connection with LendingClub's IPO. The State Litigation alleged that Defendants had violated §§ 11, 12(a)(2) and 15 of the 1933 Act by selling, or offering to sell, LendingClub shares pursuant to offering materials that contained materially false or misleading statements and/or omitted to disclose material information required to be disclosed therein. The State Court consolidated the case and several others in the spring of 2016. The State Class Representatives filed their initial Consolidated Complaint on June 15, 2016, and thereafter filed an Amended Consolidated Complaint on August 26, 2016.

On November 28, 2017, the parties engaged in an in-person settlement conference before Chief Magistrate Judge Joseph C. Spero, pursuant to an order of the Court. ECF No. 280. The settlement conference was preceded by submission of settlement conference statements and exhibits by each party. Settlement discussions were unsuccessful at that settlement conference. On January 29, 2018, the parties engaged in another in-person settlement conference before Judge Spero, pursuant to an order of the Court. ECF No. 328. The parties submitted amended settlement conference statements. The parties engaged in arm's-length negotiations during the mediation session. At the end of the conference, Judge Spero made a mediator's proposal to Federal and State Lead Counsel and counsel for LendingClub, which was accepted as Judge Spero advised on February 5, 2018. Thereafter, all parties reached an agreement-in-principle to resolve the Litigations on the terms set forth herein, subject to approval by the Court.

**Overview of the Recovery**: Federal Lead Plaintiff and the State Class Representatives have agreed to settle all claims and grant Defendants and the Released Defendants a full and complete release of all Released Claims in exchange for a cash payment of $125,000,000 (the "Settlement Amount"). The Settlement Amount plus any interest earned thereon is called the "Settlement Fund." The "Net Settlement Fund" (the Settlement Fund less any attorneys' fees and expenses provided for herein or approved by the Court and less Notice and Administration Expenses, Taxes and Tax Expenses, and other Court-approved deductions) will be distributed pursuant to the plan of allocation that is approved by the Court (the "Plan of Allocation"), which determines how the Net Settlement Fund will be allocated among Class Members who become eligible to participate in the distribution of the Net Settlement Fund by submitting a timely and valid Proof of Claim and Release form ("Proof of Claim" or "Claim Form"). The proposed Plan of Allocation is described at pages __ below.

Based on the analysis performed by Federal Lead Plaintiff and its damages experts, the estimated average recovery per share for a Class Member from the Settlement Fund (before the deduction of any Court-approved fees, expenses and costs as described herein) would be approximately $0.45 per share. This amount assumes all eligible Class Members submit valid and timely Proofs of Claim. If fewer than all Class Members submit timely and valid Proofs of Claim (which is likely), the distributions per share will be higher. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by a Class Member's number of eligible shares as compared to the total eligible shares of all Class Members who submit timely and valid Proofs of Claim. (See the Plan of Allocation beginning on page __ below for details and more information.)

Federal and State Lead Counsel intend to seek attorneys' fees, in the aggregate, of 14% of the Settlement Amount, net of all expenses, and expenses in connection with the prosecution and settlement of the Litigations in an amount not to exceed $650,000, plus interest earned on both amounts, to be paid from the Settlement Fund. Such requested attorneys' fees and expenses would amount to an average of approximately $0.08 per share of LendingClub common stock. In addition, the distribution will be reduced by Notice and Administration Expenses. In addition, the three State Class Representatives may each seek a service award of no more than $5,000 from the Court or State Court, which awards (if granted) will not reduce the amount of proceeds to be distributed to the Class. Please note that these amounts are only estimates and are subject to approval by the Court.

The parties disagree on both liability and damages and do not agree on the average amount of damages per share of LendingClub common stock that would be recoverable if Federal Lead Plaintiff and the State Class Representatives were to prevail in the Litigations, and Defendants deny liability, fault or wrongdoing.  Federal Lead Plaintiff's expert performed a damages analysis and estimates the aggregate damages recoverable after trial to be around $711 million, although that amount could be substantially lower or zero if certain arguments by the Defendants were accepted by the Court or a jury.  Federal Lead Plaintiff and the State Class Representatives believe that the proposed settlement represents a fair and reasonable recovery in light of the risks of continued litigation and is in the best interests of the Class Members.

**Identification of Attorneys**:  Federal Lead Plaintiff, State Class Representatives and all other Class Members are represented by counsel identified in the answer to Question 16 below.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **SUBMIT A PROOF OF CLAIM POSTMARKED OR SUBMITTED ONLINE BY _____, 2018** | This is the only way to be eligible to get a payment from the settlement.  If you wish to participate in the settlement, you will need to complete and submit the enclosed Proof of Claim.  Class Members who do not complete and submit the Proof of Claim in accordance with the instructions on the Proof of Claim and do not submit it within the time required will be bound by the settlement but will not participate in any distribution of the Net Settlement Fund. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS RECEIVED NO LATER THAN _____, 2018** | You will not be bound by the results of the Litigations, and you will not receive any payment.  This is the **only** option that allows you to ever bring or be part of any other lawsuit against the Released Defendants about the legal claims related to the issues raised in the Litigations. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS RECEIVED NO LATER THAN _____, 2018** | If you believe the settlement is objectionable in any respect, you may write to the Court about why you oppose the settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs and expenses.  You will still be a Class Member. |
| **ATTEND THE SETTLEMENT HEARING ON _____, 2018, AT __ _.., AND PROVIDE A NOTICE OF INTENTION TO APPEAR TO FEDERAL AND STATE LEAD COUNSEL SO THAT IT IS RECEIVED NO LATER THAN _____, 2018** | The hearing on whether to approve the settlement is scheduled for _____, 2018, at __ _.m. (the "Settlement Hearing"), and is open to the public.  You do not need to attend the hearing unless you wish to speak either in support of the settlement or in support of any objection you may have submitted, and have submitted to Federal and State Lead Counsel a Notice of Intention to Appear so that it is received no later than _____, 2018.  The Court may postpone the Settlement Hearing without prior notice on the date scheduled for the hearing. |

| DO NOTHING | If you are a Class Member and do not submit a Proof of Claim postmarked or submitted online by _____, 2018, you will not be eligible to receive any payment from the Settlement Fund. You will, however, be bound by the settlement, unless you have requested exclusion from the Class. |
|------------|-----------------------------------------------------------------|

These rights and options are explained in further detail later in this Notice.

**Further Information**

For further information regarding this settlement, you may contact a representative of Federal Lead Counsel: Theodore J. Pintar, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone: 800-449-4900.

You may also contact a representative of State Lead Counsel: William C. Fredericks, Scott+Scott Attorneys at Law, LLP, 230 Park Avenue, 17th Floor, New York, NY 10169, Telephone: 800-332-2259; and Mark C. Molumphy, Cotchett Pitre & McCarthy LLP, San Francisco Airport Office Center, 840 Malcolm Road, Suite 200, Burlingame, CA 94010, Telephone: 650-697-6000.

# TABLE OF CONTENTS

Page No.

**BASIC INFORMATION** ____

**1.**    **Why did I get this Notice?** ____

**2.**    **What are the Litigations about?** ____

**3.**    **Why is this a class action?** ____

**4.**    **Why is there a settlement?** ____

**WHO IS IN THE SETTLEMENT** ____

**5.**    **How do I know if I am part of the settlement?** ____

**6.**    **Are there exceptions to being included?** ____

**7.**    **What if I am still not sure if I am included?** ____

**THE SETTLEMENT BENEFITS – WHAT YOU GET** ____

**8.**    **What does the settlement provide?** ____

**9.**    **How much will my payment be?** ____

**10.**    **How can I receive a payment?** ____

**11.**    **When would I receive my payment?** ____

**12.**    **What am I giving up to receive a payment or to stay in the Class?** ____

**EXCLUDING YOURSELF FROM THE CLASS** ____

**13.**    **How do I get out of the proposed settlement?** ____

**14.**    **If I do not exclude myself, can I sue the Released Defendants for the same thing later?** ____

**15.**    **If I exclude myself, can I get money from the proposed settlement?** ____

**THE LAWYERS REPRESENTING YOU** ____

**16.**    **Do I have a lawyer in this case?** ____

**17.**    **How will the lawyers be paid?** ____

**18.**    **Can I hire my own lawyer?** ____

**OBJECTING TO THE SETTLEMENT** ____

**19.**    **How do I tell the Court that I object to the proposed settlement?** ____

20. What is the difference between objecting and excluding myself? ___

THE COURT'S SETTLEMENT HEARING ___

21. When and where will the Court decide whether to approve the proposed settlement? ___

22. Do I have to attend the hearing? ___

23. May I speak at the hearing? ___

24. What happens if I do nothing at all? ___

DISMISSALS AND RELEASES ___

25. What happens if the proposed settlement is approved? ___

GETTING MORE INFORMATION ___

26. How do I get more information about the proposed settlement? ___

SPECIAL NOTICE TO NOMINEES ___

PLAN OF ALLOCATION OF NET SETTLEMENT FUND ___

# BASIC INFORMATION

| 1.    Why did I get this Notice? |
|---|

You have received this Notice because the parties are seeking approval of a proposed settlement on behalf of Class Members, and you have been identified as a potential Class Member either from the transfer agent's record of ownership of LendingClub common stock or by your broker or custodian if you purchased or acquired LendingClub stock in "street name."

The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed settlement of the Litigations, and about all of their options, before the Court decides whether to approve the settlement.

This Notice explains the Litigations, the settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2.    What are the Litigations about? |
|---|

**The Federal Litigation**

The Federal Lead Plaintiff brought the Federal Litigation as a securities class action on behalf of purchasers and acquirers of LendingClub common stock from December 11, 2014 through May 6, 2016.

On August 15, 2016, the Federal Court appointed WPERP as Federal Lead Plaintiff. ECF No. 90. On October 28, 2016, the Court appointed Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Federal Lead Counsel. ECF No. 113.

The Federal Litigation alleges violations of §11 of the 1933 Act against all Defendants, §15 of the 1933 Act against Laplanche, Dolan and the Director Defendants, and §§10(b) and 20(a) of the Exchange Act against LendingClub, Laplanche, and Dolan. Federal Lead Plaintiff alleged that LendingClub, Laplanche and Dolan made certain misstatements and omissions concerning LendingClub's internal controls, data integrity and security, and related-party transactions in communications with investors who purchased LendingClub common stock from December 11, 2014 through May 6, 2016, and that these Defendants violated §10(b) of the Exchange Act, as well as SEC Rule 10b-5 promulgated thereunder, by making such statements or omissions knowingly or with extreme recklessness, and caused the price of LendingClub common stock to be artificially inflated during the period from December 11, 2014 through May 6, 2016. Federal Lead Plaintiff also asserted claims under §§11 and 15 of the 1933 Act on behalf of investors who purchased LendingClub common stock traceable to LendingClub's IPO, because LendingClub's offering materials allegedly contained material misstatements and/or omissions concerning LendingClub's internal controls, data integrity and security, and related-party transactions.

Following briefing on Defendants' motions to dismiss and oral argument, on May 25, 2017, the Court granted in part and denied in part the motions to dismiss. ECF No. 181. The Court upheld Federal Lead Plaintiff's claims against all Defendants, but granted the motions in part and dismissed certain allegations related to LendingClub's loan approval process and Exchange Act claims concerning data integrity and, as to Dolan, related-party transactions. The Court granted Federal Lead Plaintiff leave to amend. ECF No. 181. Federal Lead Plaintiff filed the Amended Consolidated Complaint for Violation of the Federal Securities Laws (the "Complaint") on June 15, 2017. ECF No. 182. Federal Lead Plaintiff did not re-plead the dismissed allegations.

On September 7, 2017, Federal Lead Plaintiff moved to certify a class, to appoint WPERP as the class representative, and to appoint Robbins Geller as class counsel. ECF No. 215. The Court certified the following class:

All persons and entities who purchased or otherwise acquired the common stock of LendingClub Corporation ("LendingClub" or the "Company") during the period from December 11, 2014 through May 6, 2016 (for claims under the Exchange Act of 1934) and all those who purchased or acquired LendingClub common stock during the period from December 11, 2014 through June 8, 2015 (for claims under the 1933 Securities Act) and were damaged thereby (collectively, the "Class"). Excluded from the Class are short sellers who incurred losses during the class period as a result of their short sales, defendants and their families, the officers, directors, and affiliates of defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest. Notwithstanding the foregoing, the Class shall include any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which the Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which any Underwriter Defendant's affiliates may act as an investment advisor, but as to which any Underwriter Defendant alone or together with any of its respective affiliates is neither a majority owner nor the holder of a majority beneficial interest.

ECF No. 255.

**The State Litigation**

On February 26, 2016, State Class Representative Kathy Geller filed, in the State Court, the first class action complaint asserting securities laws violations in connection with LendingClub's IPO. The State Litigation alleged that Defendants had violated §§ 11, 12(a)(2) and 15 of the 1933 Act by selling, or offering to sell, LendingClub shares pursuant to offering materials that contained materially false or misleading statements and/or omitted to disclose material information required to be disclosed therein. The State Court consolidated the case and several others in the spring of 2016. The State Class Representatives filed their initial Consolidated Complaint on June 15, 2016, and thereafter filed an Amended Consolidated Complaint on August 26, 2016.

On September 30, 2016, the State Court held that State Class Representatives had adequately pled claims under §11 of the 1933 Act against all Defendants (plus related §15 "control person" liability claims against certain defendants), but sustained the demurrer as to their §12(a)(2) claims with leave to re-plead. Discovery commenced shortly thereafter. On January 17, 2017, State Class Representatives filed their operative Second Amended Consolidated Complaint ("State Complaint"), which repleaded the §12(a)(2) claims on behalf of State Class Representative Youngblood. On March 17, 2017, Judge Weiner sustained the Underwriter Defendants' and Dolan's demurrers as to the amended §12(a)(2) claims against them. The claims that survived demurrer were thus §11 claims against all Defendants, §12(a)(2) claims against LendingClub and Laplanche, and related §15 control person claims against the other Defendants.

On April 3, 2017, the State Class Representatives moved for class certification. Following extensive class-certification related discovery (including the depositions of each of the proposed representative State Class Representatives), full briefing, and oral argument, on June 23, 2017, the State Court certified the following class:

All Persons and entities who purchased or acquired LendingClub common stock during the period from December 10, 2014 through June 8, 2015 (for claims under the 1933 Act), and were damaged thereby. Excluded from the State Class are defendants and their immediate families, the officers, directors and affiliates of defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest. Notwithstanding the foregoing, the State Class shall

1   include any investment company or pooled investment fund, including, but not
2   limited to, mutual fund families, exchange traded funds, fund of funds and hedge
    funds, in which the Underwriter Defendants, or any of them, have, has or may have a
    direct or indirect interest, or as to which any Underwriter Defendant's affiliates may
3   act as an investment advisor, but as to which any Underwriter Defendant alone or
    together with any of its respective affiliates is neither a majority owner nor the holder
4   of a majority beneficial interest.

**Settlement Proceedings**

On November 28, 2017, the parties engaged in an in-person settlement conference before Chief Magistrate Judge Joseph C. Spero, pursuant to an order of the Court.  ECF No. 280.  The settlement conference was preceded by submission of settlement conference statements and exhibits by each party.  Settlement discussions were unsuccessful at that settlement conference.  On January 29, 2018, the parties engaged in another in-person settlement conference before Judge Spero, pursuant to an order of the Court.  ECF No. 328.  The parties submitted amended settlement conference statements.  The parties engaged in arm's-length negotiations during the mediation session.  At the end of the conference, Judge Spero made a mediator's proposal to Federal and State Lead Counsel and counsel for LendingClub, which was accepted as Judge Spero advised on February 5, 2018.  Thereafter, all parties reached an agreement-in-principle to resolve the Litigations on the terms set forth herein, subject to approval by the Court.

On _____, 2018, the Court entered an order preliminarily approving the proposed settlement, approving this Notice, setting deadlines, and scheduling the Settlement Hearing to consider whether to grant final approval of the settlement.

**This Notice is NOT an expression of the Court's opinion on the merits of any of the claims in the Litigations or whether Defendants engaged in any wrongdoing.**

To learn more about what has happened in the Litigations to date, including a detailed history, please see the Stipulation and other relevant pleadings which are available at www.LendingClubSecuritiesClassAction.com (the "Settlement Website").  Instructions on how to get more information are also included in Question 26 below.

| **3.** | **Why is this a class action?** |
|---|---|

In a class action, one or more persons or entities sue on behalf of people and entities who have similar claims.  Together, these people and entities are referred to as a Class, and each is a Class Member.  One court resolves the issues for all Class Members at the same time, except for those Class Members who exclude themselves from the Class.

| **4.** | **Why is there a settlement?** |
|---|---|

Federal Lead Plaintiff and State Class Representatives made claims against Defendants on behalf of Class Members.  Defendants deny that they have done anything wrong or violated any statute and admit no liability.  No court has decided in favor of the Defendants or the Class.  Instead, all parties agreed to the settlement to avoid the costs and risks of further litigation, including trial and post-trial appeals, and Federal Lead Plaintiff and State Class Representatives agreed to the settlement to ensure that Class Members will receive compensation.  Federal Lead Plaintiff, State Class Representatives, and Federal and State Lead Counsel all believe the settlement is in the best interest of all Class Members in light of the real possibility that continued litigation could result in no recovery at all.

**WHO IS IN THE SETTLEMENT**

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

| **5.** | **How do I know if I am part of the settlement?** |
|---|---|

The Court directed that everyone who fits this description is a Class Member: ***all persons and entities who purchased or otherwise acquired LendingClub common stock from December 11, 2014 through May 6, 2016 and were damaged thereby (for claims under the Exchange Act) and all those who purchased or acquired LendingClub common stock during the period from December 10, 2014 through June 8, 2015 (for claims under the 1933 Act) and were damaged thereby***, except those Persons and entities that are excluded, as described below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN YOU ARE A CLASS MEMBER OR ENTITLED TO RECEIVE A PAYMENT FROM THE SETTLEMENT.  IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO GET A PAYMENT FROM THE SETTLEMENT, YOU MUST SUBMIT THE CLAIM FORM INCLUDED WITH THIS NOTICE SO THAT IT IS POSTMARKED OR SUBMITTED ONLINE BY _____, 2018.**

| **6.** | **Are there exceptions to being included?** |
|---|---|

Excluded from the Class are persons who timely and validly request exclusion from the Class; Defendants and their immediate families, the officers, directors, and affiliates of Defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Notwithstanding the foregoing, the Class shall include any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which the Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which any Underwriter Defendant's affiliates may act as an investment advisor, but as to which any Underwriter Defendant alone or together with any of its respective affiliates is neither a majority owner nor the holder of a majority beneficial interest.

| **7.** | **What if I am still not sure if I am included?** |
|---|---|

If you are still not sure whether you are included in the settlement, you can ask for free help. You can contact the Claims Administrator toll-free at 1-866-629-1056, or you can fill out and return the Proof of Claim enclosed with this Notice, to see if you qualify.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

| **8.** | **What does the settlement provide?** |
|---|---|

A settlement has been reached in the Litigations between Federal Lead Plaintiff, State Class Representatives and Defendants, the terms and conditions of which are set forth in the Stipulation and the Exhibits thereto.  The following description of the proposed settlement is only a summary, and reference is made to the text of the Stipulation, on file with the Court or accessible at www.LendingClubSecuritiesClassAction.com, for a full statement of its provisions.

The Settlement Fund consists of One Hundred Twenty-Five Million ($125,000,000.00) in cash, plus any interest earned thereon.

A portion of the settlement proceeds will be used to pay expenses for the Litigations, to pay for this Notice and the processing of claims submitted by Class Members, to pay Taxes and Tax Expenses, and a portion of the net settlement proceeds will be used to pay attorneys' fees. Each of the three State Class Representatives may seek a service award of up to $5,000 each from the State Court, although any such award shall not reduce the net settlement proceeds otherwise available to Class Members.

The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed, in accordance with the Plan of Allocation described below, to Class Members who submit valid and timely Proofs of Claim.

The effectiveness of the settlement is subject to a number of conditions and reference to the Stipulation is made for further particulars regarding these conditions.

**9.     How much will my payment be?**

Your share of the fund will depend on several things, including how many Class Members submit a timely and valid Proof of Claim, the total dollar amount of the claims represented by the valid Proofs of Claim that Class Members send in, the number of shares of LendingClub common stock you purchased or acquired, how much you paid for the shares, when you purchased or acquired them, and if you sold your shares and for how much.

By following the instructions in the Plan of Allocation, you can calculate your claim. It is unlikely that you will get a payment for the full amount of your claim. After all Class Members have sent in their Proofs of Claim, the payment you get will be a part of the Net Settlement Fund equal to your claim divided by the total of all valid claimants' claims. (See the Plan of Allocation below on pages _____ for more information on your claim.)

**10.     How can I receive a payment?**

You may submit a Proof of Claim as described below. If you choose this option, you will share in the proceeds of the proposed settlement if your claim is timely, valid, and entitled to a distribution under the Plan of Allocation described below and if the proposed settlement is finally approved by the Court; and you will be bound by the Judgment and release to be entered by the Court as described below.

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM.** A Proof of Claim is enclosed with this Notice or it may be downloaded at www.LendingClubSecuritiesClassAction.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and mail or submit it to the Claims Administrator so that it is ***postmarked or electronically submitted no later than _____, 2018.*** The Claim Form may be submitted online at www.LendingClubSecuritiesClassAction.com. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

**11.     When would I receive my payment?**

The Court will hold a Settlement Hearing on _____, ***2018, at*** ___ __.***m.***, to decide whether to approve the settlement. If the Court approves the settlement after that hearing, there might be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

**12.     What am I giving up to receive a payment or to stay in the Class?**

If you do not make a valid and timely request in writing to be excluded from the Class, you will be bound by any and all determinations or judgments in the Litigations in connection with the settlement entered into or approved by the Court, whether favorable or unfavorable to the Class, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Defendants, whether or not you submit a valid Proof of Claim.

## EXCLUDING YOURSELF FROM THE CLASS

**13.     How do I get out of the proposed settlement?**

If you do not wish to be included in the Class and you do not wish to participate in the proposed settlement described in this Notice you must request to be excluded. *If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in the Litigations, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitations or repose.*

If you wish to be excluded, you must mail a written request stating that you wish to be excluded from the Class to:

*LendingClub Securities Litigation*
Claims Administrator
EXCLUSIONS
c/o Gilardi & Co. LLC
3301 Kerner Blvd.
San Rafael, CA  94901

The request for exclusion must: (1) include your name, address, and telephone number; (2) state that you wish to be "excluded from the Class and do not wish to participate in the settlement in *In re LendingClub Securities Litigation*, Case No. 3:16-cv-02627-WHA (N.D. Cal.)"; (3) state the date(s), price(s), and number(s) of shares of all your purchases, acquisitions, and/or sales of LendingClub common stock from December 10, 2014 through May 6, 2016, inclusive; and (4) be signed by you. *YOUR EXCLUSION REQUEST MUST BE RECEIVED NO LATER THAN _____, 2018*.  No request for exclusion will be considered valid unless all of the information described above is included in any such request.  No further opportunity to request exclusion will be given in the Litigations.  If you choose to be excluded from the Class, (a) you are not entitled to share in the proceeds of the settlement described herein; (b) you are not bound by any judgment entered in the Litigations; and (c) you are not precluded by the settlement from otherwise prosecuting an individual claim against Defendants, if timely, based on the matters complained of in the Litigations.

**14.     If I do not exclude myself, can I sue the Released Defendants for the same thing later?**

No.  Unless you exclude yourself, you give up any rights to sue the Released Defendants for any and all Released Claims.  If you have a pending lawsuit against the Released Defendants, speak to your lawyer in that case immediately.  You must exclude yourself from the Class if you want to continue your own lawsuit.  Remember, the exclusion deadline is _____, *2018*.

**15.     If I exclude myself, can I get money from the proposed settlement?**

No.  If you exclude yourself, you may not send in a Proof of Claim to ask for any money.

**THE LAWYERS REPRESENTING YOU**

| **16.    Do I have a lawyer in this case?** |
| --- |

The Court appointed the law firm of Robbins Geller Rudman & Dowd LLP to represent the class in the Federal Litigation, including you (assuming you are a Class Member).  These lawyers are called Federal Lead Counsel.

The State Court appointed the law firms of Scott+Scott, Attorneys at Law, LLP and Cotchett, Pitre & McCarthy, LLP to represent the class in the State Litigation, including you (assuming you are a State Class member).  These lawyers are called State Lead Counsel.

You will not be charged for these lawyers.  They will be paid from the Settlement Fund to the extent the Court approves their application for fees and expenses.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **17.    How will the lawyers be paid?** |
| --- |

At the Settlement Hearing, Federal Lead Counsel and State Lead Counsel will request that the Court award aggregate attorneys' fees for all counsel in both Litigations of 14% of the Net Settlement Fund, and expenses not to exceed $650,000, plus interest thereon.  Such sums as may be approved by the Court will be paid to Federal and State Lead Counsel from the Net Settlement Fund. Class Members are not personally liable for any such fees or expenses.

To date, Federal and State Lead Counsel have not received any payment for their services representing Class Members, nor have they been paid any of their expenses.  The fees requested by Federal and State Lead Counsel will compensate counsel in both Litigations for their efforts in achieving the settlement for the benefit of the Class, and for their risks they undertook in their representations on a wholly contingent basis.  Federal and State Lead Counsel believe that their total attorneys' fee request is well within the range of fees awarded to plaintiff's counsel under similar circumstances in other litigation of this type.  The percentage fee award that Federal and State Lead Counsel will request is consistent with the fee caps that were approved by the Federal Lead Plaintiff and shared with the Court at the outset of the Federal Litigation.

| **18.    Can I hire my own lawyer?** |
| --- |

If you are a Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing and at your own expense, provided that such counsel must file an appearance on your behalf on or before _____, 2018, and must serve copies of such appearance on the attorneys listed below.  If you do not enter an appearance through counsel of your own choosing, you will be represented by Federal Lead Counsel:  Robbins Geller Rudman & Dowd LLP, c/o Theodore J. Pintar, 655 West Broadway, Suite 1900, San Diego, CA 92101; and by State Lead Counsel: Scott+Scott, Attorneys at Law, LLP, c/o William C. Fredericks, 230 Park Avenue, 17th Floor, New York, NY 10169, Telephone: 800-332-2259; and Cotchett, Pitre & McCarthy, LLP, c/o Mark Molumphy, San Francisco Airport Office Center, 840 Malcolm Road, Suite 200, Burlingame, CA 94010, Telephone:  650-697-6000.

| | |
|---|---|
| **FEDERAL LEAD COUNSEL** | **COUNSEL FOR LENDINGCLUB DEFENDANTS** |
| Robbins Geller Rudman & Dowd LLP | Quinn, Emanuel, Urquhart & Sullivan, LLP |
| Theodore J. Pintar | Diane M. Doolittle |
| 655 West Broadway | 555 Twin Dolphin Drive |
| Suite 1900 | 5th Floor |
| San Diego, CA 92101 | Redwood Shores, CA 94065 |
| | -and- |
| **STATE LEAD COUNSEL** | Dave M. Grable |
| | Joseph C. Sarles |
| Scott+Scott, Attorneys at Law, LLP | 865 S. Figueroa Street |
| William C. Fredericks | 10th Floor |
| 230 Park Avenue, 17th Floor | Los Angeles, CA 90017 |
| New York, NY 10169 | |
| -and- | |
| Cotchett, Pitre & McCarthy, LLP | |
| Mark C. Molumphy | |
| San Francisco Airport Office Center | |
| 840 Malcolm Road, Suite 200 | |
| Burlingame, CA 94010 | |

## OBJECTING TO THE SETTLEMENT

**19.     How do I tell the Court that I object to the proposed settlement?**

Any Class Member who objects to any aspect of the settlement, including the Plan of Allocation, or the application for attorneys' fees and expenses, may appear and ask to be heard at the Settlement Hearing. The Court can only approve or deny the settlement; the Court cannot change its terms. You can ask the Court to deny approval of the settlement by filing an objection.

You may object to the proposed settlement in writing. You may also appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. Any objection must (1) include your name, address, and telephone number; (2) clearly identify the case name and number (*In re LendingClub Securities Litigation*, No. 3:16-cv-02627-WHA (N.D. Cal.)); (3) demonstrate your membership in the Class, including the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and/or sales of LendingClub common stock from December 10, 2014 through May 6, 2016, inclusive; (4) contain a statement of the reasons for objection; and (5) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, or electronically by ECF on the docket for this case. Such objections, papers, and briefs must be **received or filed, not simply postmarked, on or before _____, 2018**.

Only Class Members who have submitted written notices of objection in the manner and time provided above will be heard at the Settlement Hearing, unless the Court orders otherwise. Any Class Member who does not make his, her, or its objection in the manner and time provided above shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness or adequacy of the proposed settlement, to the Plan of Allocation, or to the award of attorneys' fees and expenses, unless otherwise ordered by the Court.

You may also object to the proposed service awards for each State Class Representative by following such procedures as the State Court may approve, which procedures will be posted on the Settlement Website.

| **20.** | **What is the difference between objecting and excluding myself?** |
|---|---|

Objecting is telling the Court that you do not like something about the proposed settlement, the Plan of Allocation, or the attorneys' fee and expense application. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. Do not submit both an objection and a request for exclusion. If you submit both, your objection will be disregarded.

## THE COURT'S SETTLEMENT HEARING

| **21.** | **When and where will the Court decide whether to approve the proposed settlement?** |
|---|---|

The Settlement Hearing will be held on _____, *2018, at* ____, before the Honorable William Alsup, United States District Judge, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102. The purpose of the Settlement Hearing will be to determine: (1) whether the proposed settlement, as set forth in the Stipulation, consisting of One Hundred Twenty-Five Million Dollars ($125,000,000.00) in cash, should be approved as fair, reasonable, and adequate to the Class Members; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the applications by Federal and State Lead Counsel for attorneys' fees and expenses should be approved; and (4) whether the proposed Judgment should be entered. **The Court may adjourn the Settlement Hearing to another time without further notice to the Class. Before the Settlement Hearing, Class Members who plan to attend should check the Settlement Website or the Court's PACER site (*see* Question 26 below) to confirm that the date of the Settlement Hearing has not been changed.**

| **22.** | **Do I have to attend the hearing?** |
|---|---|

No. Federal Lead Counsel will answer questions the Court may have. But, you are welcome to attend at your own expense. If you send an objection or statement in support of the settlement, you are not required to go to Court to discuss it. As long as you mailed your objection on time, the Court will consider it. You may also pay your own lawyer to attend, but you are not required to do so. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| **23.** | **May I speak at the hearing?** |
|---|---|

If you object to any aspect of the settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include in your objection (*see* Question 19 above) a statement saying that it is your "Notice of Intention to Appear in *In re LendingClub Securities Litigation*, No. 3:16-cv-02627-WHA (N.D. Cal.)." Persons who intend to object to any aspect of the settlement, and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

| **24.** | **What happens if I do nothing at all?** |
|---|---|

You may do nothing at all. If you choose this option, you will not share in the proceeds of the settlement, but you will be bound by any judgment entered by the Court, and you shall be

deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Defendants.

## DISMISSALS AND RELEASES

| 25. | What happens if the proposed settlement is approved? |
|---|---|

As a Class Member, in consideration for the benefits of the settlement, you will be bound by the terms of the settlement and you will release the Released Defendants from the Released Claims as defined below.

"Released Claims" means any and all claims, rights, causes of action, liabilities, actions, suits, damages, or demands (including Unknown Claims as defined in paragraph 1.42 of the Stipulation) of any kind whatsoever, that Federal Lead Plaintiff, State Class Representatives, or any other Class Member has that relate in any way to the purchase, acquisition, holding, sale, or disposition of LendingClub common stock by Class Members during the period between December 10, 2014 through May 6, 2016, inclusive, *and* either: (a) arise out of or are based upon or related to the facts alleged or the claims or allegations set forth in the Litigations; or (b) relate in any way to any alleged violation of the 1933 Act or the Exchange Act or any other state, federal or foreign jurisdiction's securities or other laws, any alleged misstatement, omission or disclosure (including in financial statements) or other alleged securities-related wrongdoing or misconduct by the Released Defendants.  Notwithstanding the foregoing, "Released Claims" does not include claims relating to any LendingClub shares that were· purchased or acquired before December 10, 2014 or to claims relating to the enforcement of the settlement.  "Released Defendants" means each and all of the Defendants and their Related Parties as defined in the Stipulation, which you can find online at www.LendingClubSecuritiesClassAction.com.

If the proposed settlement is approved, the Court will enter a Judgment (the "Judgment").  In addition, upon the Effective Date, Federal Lead Plaintiff, State Class Representatives and each Class Member, for themselves and for any other Person claiming (now or in the future) through or on behalf of any of them, and regardless of whether any such plaintiff or Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim, any distribution from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Defendants, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim against the Released Defendants, except to enforce the releases and other terms and conditions contained in the Stipulation or the Judgment entered pursuant thereto.  In addition, it is a condition of the settlement that the State Class Representatives obtain an order from the State Court dismissing the State Litigation.

## GETTING MORE INFORMATION

| 26. | How do I get more information about the proposed settlement? |
|---|---|

This Notice contains only a summary of the terms of the proposed settlement and does not describe all of the details of the Stipulation.  For the precise terms and conditions of the settlement, please see the Stipulation available at www.LendingClubSecuritiesClassAction.com, by contacting Federal Lead Counsel at 800/449-4900, by accessing the Court docket in the Federal Litigation through the Federal Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk on the 16th floor of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.  You may also contact State Lead Counsel at 800/332-2259 (Scott+Scott, Attorneys at Law, LLP) and 650/697-6000 (Cotchett, Pitre & McCarthy), access the Court docket in the State Litigation through the State Court's Odyssey Case Portal at

http://www.sanmateocourt.org/online_services/odyssey_portals.php, or by visiting the Office of the Clerk of the Court for the Superior Court of the State of California, County of San Mateo at 400 County Center, Redwood City, CA 94063.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

If you have any questions about the settlement, you may contact Federal Lead Counsel by writing to:

> ROBBINS GELLER RUDMAN
>  & DOWD LLP
> THEODORE J. PINTAR
> 655 West Broadway, Suite 1900
> San Diego, CA  92101
> TedP@rgrdlaw.com

If you have questions regarding the settlement, you may also contact State Lead Counsel by writing to:

> SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
> WILLIAM C. FREDERICKS
> 230 Park Avenue, 17th Floor
> New York, NY 10169
> Telephone:  212-233-6444
>                          -or-
> COTCHETT, PITRE & McCARTHY, LLP
> MARK C. MOLUMPHY
> San Francisco Airport Office Center
> 840 Malcolm Road, Suite 200
> Burlingame, CA 94010
> Telephone:  650-697-6000

**SPECIAL NOTICE TO NOMINEES**

Nominees who purchased or otherwise acquired LendingClub common stock for the beneficial interest of other Persons between December 10, 2014 and May 6, 2016, inclusive, shall, within ten (10) business days after receipt of this Notice: (1) provide the Claims Administrator with the names and addresses of such beneficial owners, or (2) forward a copy of this Notice and the Proof of Claim by First-Class Mail to each such beneficial owner, and provide Federal Lead Counsel with written confirmation that the Notice and Proof of Claim have been so forwarded.  Upon submission of appropriate documentation, Federal Lead Counsel will reimburse your reasonable costs and expenses of complying with this provision.  Additional copies of this Notice may be obtained from the Claims Administrator by writing to:

> *LendingClub Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 404001
> Louisville, KY  40233-4001

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

1.    Thirty-six percent (36%) of the Net Settlement Fund shall be allocated to LendingClub shares purchased from December 10, 2014 (including in the initial public offering) through June 8, 2015, and claims for such shares shall be calculated as follows:

(a)    for shares sold from December 11, 2014 through May 8, 2016, the claim per share is 25% of *the difference between*:

    (i)    the purchase price per share (not exceeding $15.00 per share), minus

    (ii)    the sales price per share;

(b)    for shares retained at the end of May 8, 2016,

    (i)    for shares sold on May 9, 2016, the claim per share is *the sum of*:

        1)    $1.98 per share (25% of the decline from the $15.00 IPO price to the $7.10 May 6, 2016 closing price), *PLUS*

        2)    *the lesser of*:

            a)    $2.46 per share (the May 9, 2016 market adjusted price decline), and

            b)    the difference between $7.10 per share (May 6, 2016 closing price) and the sales price per share;

    (ii)    for shares sold after May 9, 2016 but prior to the Judgment date in this litigation, the claim per share shall be *the lesser of*:

        1)    $5.01 per share ($1.98 per share (25% of the decline from the $15.00 IPO price to the $7.10 May 6, 2016 closing price), *plus* $3.03 per share (the May 9, 2016 and May 10, 2016 market adjusted price declines)), and

        2)    the difference between the purchase price per share (not exceeding $15.00 per share) and the sales price per share; and

    (iii)    for shares retained through the mailing date of the Settlement Notice in this litigation, the claim per share shall be $5.01 per share ($1.98 per share (25% of the decline from the $15.00 IPO price to the $7.10 May 6, 2016 closing price), *plus* $3.03 per share (the May 9, 2016 and May 10, 2016 market adjusted price declines)).

2.    Sixty-four percent (64%) of the Net Settlement Fund shall be allocated to LendingClub shares purchased from June 9, 2015 through May 8, 2016, and claims for such shares shall be calculated as follows:

(a)    for shares sold prior to May 9, 2016, the claim per share is $0;

(b)    for shares sold on May 9, 2016, the claim per share is 93% of *the lesser of*:

    (i)    $2.46 per share (the May 9, 2016 market adjusted price decline), and

    (ii)    the difference between the purchase price per share and the sales price per share;

(c)    for shares sold from May 10, 2016 through August 5, 2016, the claim per share is 93% of *the lesser of*:

(i)      $3.03 per share (the May 9, 2016 and May 10, 2016 market adjusted price declines),

(ii)      the difference between the purchase price per share and the sales price per share, and

(iii)     the difference between the purchase price per share and the average closing price per share from May 9, 2016 up to the date of sale, as set forth in Table A below.

(d)      for shares retained at the end of August 5, 2016, the claim per share is 93% of *the lesser of*:

(i)      $3.03 per share (the May 9, 2016 and May 10, 2016 market adjusted price declines), and

(ii)      the difference between the purchase price per share and $4.45 per share (90-day average closing price after the end of the Class Period).

**The Last-In-First-Out (LIFO) methodology shall be used for purposes of determining which shares are sold when.**

TABLE A:

| Date | Closing Price | Average Closing Price from May 9, 2016 through Sales Date | Date | Closing Price | Average Closing Price from May 9, 2016 through Sales Date |
|---|---|---|---|---|---|
| 5/9/2016 | $4.62 | $4.62 | 6/23/2016 | $4.98 | $4.44 |
| 5/10/2016 | $4.10 | $4.36 | 6/24/2016 | $4.69 | $4.45 |
| 5/11/2016 | $4.08 | $4.27 | 6/27/2016 | $4.30 | $4.44 |
| 5/12/2016 | $3.76 | $4.14 | 6/28/2016 | $4.61 | $4.45 |
| 5/13/2016 | $3.51 | $4.01 | 6/29/2016 | $4.54 | $4.45 |
| 5/16/2016 | $3.94 | $4.00 | 6/30/2016 | $4.30 | $4.44 |
| 5/17/2016 | $3.60 | $3.94 | 7/1/2016 | $4.38 | $4.44 |
| 5/18/2016 | $3.99 | $3.95 | 7/5/2016 | $4.17 | $4.44 |
| 5/19/2016 | $3.70 | $3.92 | 7/6/2016 | $4.20 | $4.43 |
| 5/20/2016 | $3.99 | $3.93 | 7/7/2016 | $4.25 | $4.43 |
| 5/23/2016 | $4.32 | $3.96 | 7/8/2016 | $4.32 | $4.42 |
| 5/24/2016 | $4.43 | $4.00 | 7/11/2016 | $4.37 | $4.42 |
| 5/25/2016 | $4.45 | $4.04 | 7/12/2016 | $4.10 | $4.42 |
| 5/26/2016 | $4.37 | $4.06 | 7/13/2016 | $4.25 | $4.41 |
| 5/27/2016 | $4.81 | $4.11 | 7/14/2016 | $4.51 | $4.41 |
| 5/31/2016 | $4.76 | $4.15 | 7/15/2016 | $4.49 | $4.42 |
| 6/1/2016 | $4.98 | $4.20 | 7/18/2016 | $4.60 | $4.42 |
| 6/2/2016 | $5.06 | $4.25 | 7/19/2016 | $4.60 | $4.42 |
| 6/3/2016 | $4.62 | $4.27 | 7/20/2016 | $4.61 | $4.43 |
| 6/6/2016 | $4.74 | $4.29 | 7/21/2016 | $4.59 | $4.43 |
| 6/7/2016 | $4.39 | $4.30 | 7/22/2016 | $4.41 | $4.43 |
| 6/8/2016 | $4.42 | $4.30 | 7/25/2016 | $4.34 | $4.43 |
| 6/9/2016 | $4.47 | $4.31 | 7/26/2016 | $4.64 | $4.43 |
| 6/10/2016 | $4.26 | $4.31 | 7/27/2016 | $4.65 | $4.44 |
| 6/13/2016 | $4.44 | $4.31 | 7/28/2016 | $4.60 | $4.44 |
| 6/14/2016 | $4.42 | $4.32 | 7/29/2016 | $4.62 | $4.44 |
| 6/15/2016 | $4.65 | $4.33 | 8/1/2016 | $4.59 | $4.44 |
| 6/16/2016 | $4.96 | $4.35 | 8/2/2016 | $4.47 | $4.44 |
| 6/17/2016 | $4.87 | $4.37 | 8/3/2016 | $4.64 | $4.45 |
| 6/20/2016 | $5.00 | $4.39 | 8/4/2016 | $4.60 | $4.45 |
| 6/21/2016 | $4.92 | $4.41 | 8/5/2016 | $4.75 | $4.45 |
| 6/22/2016 | $4.84 | $4.42 | | | |

1    DATED: _____          BY ORDER OF THE COURT
                                            UNITED STATES DISTRICT COURT
2                                           NORTHERN DISTRICT OF CALIFORNIA

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A-1: NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION - 3:16-cv-02627-WHA                          - 20 -

# EXHIBIT A-2

1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  DARREN J. ROBBINS (168593)
   JASON A. FORGE (181542)
3  SCOTT H. SAHAM (188355)
   RACHEL L. JENSEN (211456)
4  AUSTIN P. BRANE (286227)
   MICHAEL ALBERT (301120)
5  CARISSA J. DOLAN (303887)
   655 West Broadway, Suite 1900
6  San Diego, CA  92101
   Telephone:  619/231-1058
7  619/231-7423 (fax)
   darrenr@rgrdlaw.com
8  jforge@rgrdlaw.com
   scotts@rgrdlaw.com
9  rachelj@rgrdlaw.com
   abrane@rgrdlaw.com
10 malbert@rgrdlaw.com
   cdolan@rgrdlaw.com
11
   Lead Counsel for Lead Plaintiff
12
                    UNITED STATES DISTRICT COURT
13
                  NORTHERN DISTRICT OF CALIFORNIA
14
15  In re LENDINGCLUB SECURITIES        )   Case No. 3:16-cv-02627-WHA
    LITIGATION                          )
16  _____    )   CLASS ACTION
                                        )
    This Document Relates To:           )   PROOF OF CLAIM AND RELEASE
17                                      )
         ALL ACTIONS.                   )   EXHIBIT A-2
18  _____    )

19

20

21

22

23

24

25

26

27

28

1368578_4

1

**I.       GENERAL INSTRUCTIONS**

2

1.       Capitalized terms not defined in this Proof of Claim and Release form ("Proof of

3

Claim and Release") have the same meaning as set forth in the Notice of Pendency and Proposed

4

Settlement of Class Action ("Notice") that accompanies this Proof of Claim and Release and the

5

Stipulation of Settlement, dated February 21, 2018 (the "Stipulation").

6

2.       To recover as a Class Member based on your claims in the actions entitled *In re*

7

*LendingClub Securities Litigation*, Case No. 3:16-cv-02627-WHA (the "Federal Litigation") and/or

8

*In re LendingClub Corporation Shareholder Litigation*, Case No. CIV 537300 (the "State

9

Litigation" and, collectively with the Federal Litigation, the "Litigations"), you must complete and,

10

on page ___ hereof, sign this Proof of Claim and Release.  If you fail to submit a timely and properly

11

addressed (as set forth in paragraph 4 below) Proof of Claim and Release, your claim may be

12

rejected and you may not receive any recovery from the Net Settlement Fund created in connection

13

with the proposed settlement.

14

3.       Submission of this Proof of Claim and Release does not assure that you will share in

15

the proceeds of the settlement of the Litigations.  To share in the proceeds, the Claims Administrator

16

must determine, based on the information in your Proof of Claim and Release, that you have a

17

recognized loss as a result of your purchases or acquisitions of LendingClub common stock during

18

the period from December 10, 2014 through May 6, 2016.

19

4.       YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED

20

PROOF OF CLAIM AND RELEASE, ACCOMPANIED BY COPIES OF THE DOCUMENTS

21

REQUESTED HEREIN, NO LATER THAN _____, 2018, ADDRESSED AS FOLLOWS:

22

*LendingClub Securities Litigation*
Claims Administrator

23

c/o Gilardi & Co. LLC
P.O. Box 404001

24

Louisville, KY  40233-4001
Online submissions: www.LendingClubSecuritiesClassAction.com

25

If you are NOT a Class Member (as defined in the Notice), DO NOT submit a Proof of Claim and

26

Release.

27

28

EXHIBIT A-2:  PROOF OF CLAIM AND RELEASE - 3:16-cv-02627-WHA                    - 1 -

5.     If you are a Class Member and you do not timely request exclusion, you will be bound by the terms of any judgment entered in the Litigations, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II.     CLAIMANT IDENTIFICATION

If you purchased or otherwise acquired LendingClub Corporation ("LendingClub") common stock and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, you purchased or acquired LendingClub common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer, and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the LendingClub common stock that forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE LENDINGCLUB COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them, and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.     CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in LendingClub Common Stock" to supply all required details of your transaction(s) in LendingClub common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to **all** of your purchases or acquisitions and **all** of your sales of LendingClub common stock which took place during the period from December 10, 2014 through and including August 5, 2016, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to all of the LendingClub common stock you held at the close of trading on August 5, 2016 and May 6, 2016.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of LendingClub common stock.  The date of a "short sale" is deemed to be the date of sale of LendingClub common stock.

Broker confirmations or brokerage statements reflecting your purchases or other documentation of your transactions in LendingClub stock during the period from December 10, 2014 through May 6, 2016 (such as a Schedule D from your federal income tax return) should be attached to your Proof of Claim and Release form.  If you purchased LendingClub stock through a broker, you should be able to obtain duplicate copies of confirmation or brokerage statements from that broker.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate the amount of your claim.  In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost with the information provided, the Claims Administrator may condition acceptance of the Proof of Claim and Release form upon the production of additional information that it may, in its discretion, require to process the claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in

electronic files.  All claimants MUST submit a manually signed paper Proof of Claim and Release whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*In re Lendingclub Securities Litigation*
Case No. 3:16-CV-02627-WHA

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked (if Mailed) or Received (if Filed Electronically) No Later than:**

**_____, 2018**

Please Type or Print

PART I:        CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____        _____
City                                                             State or Province

_____        _____
Zip Code or Postal Code                                Country

_____        _____  Individual
Social Security Number or                   _____  Corporation/Other
Taxpayer Identification Number

_____  _____
Area Code           Telephone Number (work)

_____  _____
Area Code           Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

PART II:         SCHEDULE OF TRANSACTIONS IN LENDINGCLUB COMMON STOCK

A.      Purchases or acquisitions of LendingClub common stock (December 10, 2014-August 5, 2016, inclusive):

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

**IMPORTANT:**   (i)   If any purchase listed covered a "short sale," please mark Yes.   ☐ Yes

(ii)   If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

MM/ DD/ YYYY      Merger Shares:        Company:

___/ ___/ _____       _____      _____

B.      Sales of LendingClub common stock (December 10, 2014 – August 5, 2016, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

C.      Number of shares of LendingClub common stock held at the close of trading on May 6, 2016: _____.

D.      Number of shares of LendingClub common stock held at the close of trading on August 5, 2016: _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigations.  I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other LendingClub securities) if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of LendingClub common stock during the period from December 10, 2014 through May 6, 2016, inclusive, and know of no other person having done so on my (our) behalf.

**V.     RELEASE**

1.     I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Defendants," defined as each and all of the Defendants and each of their Related Parties. "Related Parties" means, as applicable, each of a person or entity's respective present and former parents, subsidiaries, divisions, joint ventures, affiliates, and each of their and a person or entity's respective present and former employees, members, partners, principals, agents, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, insurers, co-insurers, reinsurers, related or affiliated entities, predecessors, successors, spouses, estates, heirs, executors, trusts, trustees, administrators, agents, representatives, and assigns, in their capacity as such, and any entity in which a person or entity has a controlling interest.

2.     "Released Claims" means any and all claims, rights, causes of action, liabilities, actions, suits, damages, or demands (including Unknown Claims as defined below) of any kind whatsoever, that Federal Lead Plaintiff, State Class Representatives, or any other Class Member has that relate in any way to the purchase, acquisition, holding, sale, or disposition of LendingClub

common stock by Class Members during the period between December 10, 2014 through May 6, 2016, inclusive, **and** either: (a) arise out of or are based upon or related to the facts alleged or the claims or allegations set forth in the Litigations; or (b) relate in any way to any alleged violation of the 1933 Act or the Exchange Act or any other state, federal or foreign jurisdiction's securities or other laws, any alleged misstatement, omission or disclosure (including in financial statements) or other alleged securities-related wrongdoing or misconduct by the Released Defendants. Notwithstanding the foregoing, "Released Claims" does not include claims relating to any LendingClub shares that were purchased or acquired before December 10, 2014 or claims relating to the enforcement of the settlement.

3.       "Released Defendants" means each and all of the Defendants and each of their Related Parties.

4.       "Released Plaintiffs and Class Members" means Federal Lead Plaintiff, State Class Representatives, each Class Member, and to the full extent permissible under law, each of their Related Parties.

5.       "Releasing Defendants" means each and all of the Defendants and each of their Related Parties.

6.       "Releasing Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution or settlement of the Litigations or the Released Claims against the Released Defendants. Notwithstanding the foregoing, "Releasing Defendants' Claims" does not include claims relating to the enforcement of the settlement.

7.       "Releasing Plaintiffs and Class Members" means Federal Lead Plaintiff, State Class Representatives, each Class Member, and to the full extent permissible under law, each of their Related Parties

8.       "Unknown Claims" means (i) any Released Claims that Releasing Plaintiffs and Class Members do not know or suspect to exist in his, her or its favor at the time of the release, which, if known by him, her or it, might have affected his, her or its settlement with and release of

the Released Defendants, or might have affected his, her or its decision not to object to this settlement or seek exclusion from this settlement, and (ii) any Releasing Defendants' Claims that Releasing Defendants do not know or suspect to exist in his, her or its favor at the time of the release, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Plaintiffs and Class Members.  With respect to any and all Released Claims and Releasing Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Federal Lead Plaintiff and State Class Representatives shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Releasing Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Federal Lead Plaintiff and State Class Representatives shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Federal Lead Plaintiff and State Class Representatives acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

9.      This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement, and the settlement becomes effective on the Effective Date (as defined in the Stipulation).

10.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

11.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in LendingClub common stock which are the subject of this claim, which occurred during the period between December 10, 2014 through May 6, 2016, as well as the opening and closing positions in such shares held by me(us) on the dates requested in this claim form.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim and Release by the undersigned is true and correct.

Executed this _____ day of _____ in _____,
                                      (Month/Year)                         (City)

_____.
              (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Proof of Claim and Release and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Proof of Claim and Release, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim and Release or supporting documentation.

**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED ONLINE OR, IF MAILED, POSTMARKED NO LATER THAN _____, 2018, ADDRESSED AS FOLLOWS:**

*LendingClub Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 404001
Louisville, KY  40233-4001
www.LendingClubSecuritiesClassAction.com

# EXHIBIT A-3

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
JASON A. FORGE (181542)
SCOTT H. SAHAM (188355)
RACHEL L. JENSEN (211456)
AUSTIN P. BRANE (286227)
MICHAEL ALBERT (301120)
CARISSA J. DOLAN (303887)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
jforge@rgrdlaw.com
scotts@rgrdlaw.com
rachelj@rgrdlaw.com
abrane@rgrdlaw.com
malbert@rgrdlaw.com
cdolan@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LENDINGCLUB SECURITIES LITIGATION | Case No. 3:16-cv-02627-WHA |
| | CLASS ACTION |
| This Document Relates To: | SUMMARY NOTICE |
| ALL ACTIONS. | EXHIBIT A-3 |

1366251_4

IF YOU PURCHASED OR ACQUIRED LENDINGCLUB CORPORATION ("LENDINGCLUB") COMMON STOCK FROM DECEMBER 10, 2014, THROUGH MAY 6, 2016, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY A PROPOSED SETTLEMENT IN LAWSUITS PENDING IN FEDERAL AND STATE COURTS (THE "LITIGATIONS").  PLEASE READ CAREFULLY.

YOU ARE HEREBY NOTIFIED that a hearing will be held on _____, 2018, at _____, before the Honorable William Alsup, United States District Judge, at the United States District Court for the Northern District of California (the "Court"), 450 Golden Gate Avenue, San Francisco, California, for the purpose of determining: (1) whether the proposed settlement in the Stipulation of Settlement, dated February 21, 2018 ("Stipulation"), of the Litigations for $125,000,000.00 in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether a Judgment should be entered by the Court; (3) whether the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (4) whether the applications by Federal and State Lead Counsel for attorneys' fees and expenses should be approved.

The Litigations have been certified as class actions on behalf of all investors (individuals and entities) who purchased or acquired LendingClub common stock from December 11, 2014 through May 6, 2016, for claims under the Securities Exchange Act of 1934 ("Exchange Act"), and those who purchased or acquired LendingClub common stock during the period from December 10, 2014 through June 8, 2015, for claims under the Securities Act of 1933 (the "1933 Act"), and were damaged thereby ("Class Members").[1]  A detailed description of the Litigations, including the parties, the claims and defenses, and other important information about your rights and options are in the detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice").

To obtain the Notice or a copy of the Proof of Claim and Release form ("Proof of Claim and Release"), visit the settlement website at www.LendingClubSecuritiesClassAction.com or write to *LendingClub Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 404001, Louisville, KY 40233-4001.

---

[1]     All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the settlement website, www.LendingClubSecuritiesClassAction.com.

1    To get a payment from the Net Settlement Fund, you must submit a Proof of Claim and

2 Release by mail *postmarked no later than* _____, *2018,* or electronically *no later than*

3 _____, *2018*, establishing that you are entitled to recovery. Failure to submit your Proof of

4 Claim and Release by _____, 2018, will subject your claim to possible rejection and may

5 preclude you from receiving any payment from the settlement. If you are a Class Member and do

6 not exclude yourself by the deadline, you will be bound by the settlement and any judgment entered

7 in the Litigations, whether or not you submit a Proof of Claim and Release.

8    To be excluded from the settlement, you must submit a written request for exclusion in

9 accordance with all the instructions in the Notice such that it is *received no later than* _____,

10 *2018*. All Class Members who do not timely exclude themselves will be bound by the settlement

11 (assuming it is approved by the Court) even if they do not submit a timely Proof of Claim and

12 Release.

13    To object to any aspect of the settlement, including the Plan of Allocation, or the application

14 for attorneys' fees and expenses, you must submit a written objection in accordance with all the

15 instructions set forth in the Notice *no later than* _____, *2018*. If you object, but also want to be

16 eligible for a payment from the settlement, you must still submit a timely Proof of Claim and

17 Release.

18    **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

19 **REGARDING THIS NOTICE**. If you have any questions about the settlement, you may contact

20 Federal and State Lead Counsel at the following addresses:

21    *Lead Counsel in the Federal Litigation:*

22    ROBBINS GELLER RUDMAN
      & DOWD LLP
23    Theodore J. Pintar
      655 West Broadway, Suite 1900
24    San Diego, CA
      TedP@rgrdlaw.com
25

26

27

28

1    *Lead Counsel in the State Litigation:*

2    SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
     William C. Fredericks
3    230 Park Avenue, 17th Floor
     New York, NY 10169
4                   or-
     COTCHETT, PITRE & MCCARTHY, LLP
5    Mark C. Molumphy
     San Francisco Airport Office Center
6    840 Malcolm Road, Suite 200
     Burlingame, CA  94010
7
     DATED: _____          _____
8                                        BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
9                                        NORTHERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28