# Robbins Geller
# Rudman & Dowd LLP

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
|---------|---------|----------|--------------|---------------|
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Jason A. Forge
JForge@rgrdlaw.com

March 21, 2018

VIA ECF

The Honorable William Alsup
United States District Court for the
Northern District of California
San Francisco Courthouse, Courtroom 8
450 Golden Gate Avenue, 19th Floor
San Francisco, CA 94102

Re:     *In re LendingClub Sec. Litig.*, No. 3:16-cv-02627-WHA (N.D. Cal.)

Dear Judge Alsup:

Pursuant to the Court's March 20, 2018 Order (ECF No. 346), Federal and State Lead Counsel hereby clarify and correct the description of the attorneys' fees request in this matter.

As the Court is aware, Federal Lead Plaintiff and Federal Lead Counsel (Robbins Geller) entered into a retainer agreement that the Court considered prior to appointing Robbins Geller as Lead Counsel, and later Class Counsel, in this litigation. This retainer agreement sets forth different "Net-Recovery" tiers with corresponding fee percentages that effectively provide a "cap" on Federal Lead Counsel's fees. This tier structure provides for attorneys' fees of 0% on the first X dollars of "net recovery," and for progressively higher incremental percentage fees on additional recoveries achieved above a series of increasingly higher break points. The percentage fee on net recoveries obtained within the retainer agreement's highest tier is 15%.[1]

"***Net Recovery***," as used in Federal Lead Counsel's retainer agreement, means any recovery ***less*** expenses. Here, litigation expenses are estimated to be $650,000 for the two cases (Federal and State) combined, and the expected expenses for notice and claims administration (which, in the interests of efficiency, all parties have agreed will be processed under the auspices of this Court only) are estimated to be $1,250,000. Accordingly, the ***Net Recovery*** is estimated to be $123,100,000 ($125,000,000 less $1,900,000). Applying each of the retainer agreement's applicable fee percentages to each applicable tier specified in that agreement to the estimated ***Net Recovery*** results in estimated attorneys' fees of $16,265,000.[2] (This amount is necessarily

---

[1] The precise breakpoints are not specified in this letter because they implicitly reflect an assessment of recoverable damages, but Lead Plaintiff provided these breakpoints to the Court under seal in connection with the lead-counsel appointment proceedings. On a "blended" basis, the applicable fee cap works out to just a fraction more than 13% of the $125,000,000 Settlement Amount (the previously submitted notices used a 14% figure to ensure that the requested attorneys' fees did not exceed the estimated percentage).

[2] Under its retainer agreement with Federal Lead Plaintiff, Robbins Geller would have been permitted to apply for the full $16,265,000 as an award of attorneys' fees, and because State Lead Counsel were not parties to this retainer agreement, they were not bound by it and thus could have requested additional

Robbins Geller
Rudman & Dowd LLP

The Honorable William Alsup
March 21, 2018
Page 2

estimated, because the attorneys' fee calculation depends in part on estimates of expenses that have not yet been finalized or approved).

As used in the notices, "net recovery" is not a defined term, but it is synonymous with "Net Settlement Fund." The references to "net recovery" in the notices were intended to more clearly convey the shared meaning of both phrases: the total amount of money to be distributed to class members *after* deducting attorneys' fees ($16,265,000), litigation expenses ($650,000), claims administration expenses ($1,250,000), and tax expenses (unknown, but expected to be less than $10,000). Thus, the $125,000,000 Settlement Amount, less these fees and expenses, results in an estimated net recovery of $106,835,000 (*i.e.,* the Net Settlement Fund).

The attached redlined notices reflect the foregoing clarifications and corrections, which explain (1) how we arrived at the $16,265,000 figure for attorneys' fees (through a mechanical application of the retainer agreement's fee structure); (2) how we arrived at the estimated $106,835,000 "net recovery" for class members; and (3) the interchangeability of the phrases "Net Settlement Fund" and "net recovery," while eliminating all references to "net settlement proceeds" so as minimize any risk of confusion.

Respectfully submitted,

JASON A. FORGE
Counsel for Lead Plaintiff

---

attorneys' fees beyond that amount. Nevertheless, both the Federal and State Lead Counsel agreed to a compromise whereby the *combined* fee requests on behalf of all counsel in both the Federal and State Actions would be within the blended fee "cap" of roughly 13% imposed by Federal Lead Counsel's retainer agreement – *thereby ensuring that the Class would not pay a penny more for attorneys' fees than what the Federal Lead Plaintiff had negotiated in that retainer agreement*. (More specifically, and as disclosed in the revised Notices, the respective counsel have agreed to allocate 82% of any attorneys' fees awarded by the Court to counsel in the Federal Action, and the remaining 18% to counsel in the State Action).