United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>LENDINGCLUB SECURITIES LITIGATION.<br>_____/<br><br>This Document Relates to:<br><br>ALL ACTIONS.<br>_____/ | No. C 16-02627 WHA<br>No. C 16-02670 WHA<br>No. C 16-03072 WHA<br><br>(CONSOLIDATED)<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT** |

**INTRODUCTION**

In these consolidated PSLRA class actions, lead plaintiff moves for final approval of a proposed settlement agreement and plan of allocation. Defendants do not oppose. For the reasons explained below, the motion is **GRANTED**.

**STATEMENT**

Prior orders set forth the detailed background of this case (*see, e.g.*, Dkt. Nos. 181, 252). In brief, defendant LendingClub Corporation, which operated an online peer-to-peer marketplace to match borrowers with lenders for various loans, completed an initial public offering of its common stock in December 2014. The registration statement that LendingClub issued and filed with the Securities and Exchange Commission as part of that IPO contained certain representations regarding, among other things, LendingClub's internal controls, procedures, and data-security protocols. In May 2016, however, numerous discrepancies, weaknesses, and

improprieties in LendingClub's business operations came to light, causing its share price to drop and various securities rating agencies to downgrade LendingClub.

These securities actions followed. All three were related to the undersigned judge and subsequently consolidated with Water and Power Employees' Retirement, Disability and Death Plan of the City of Los Angeles ("WPERP") as lead plaintiff and Robbins Geller Rudman & Dowd LLP as lead counsel. A parallel state class action ensued simultaneously in the Superior Court of the State of California, County of San Mateo (Dkt. Nos. 90, 113, 252).

Previous orders denied defendants' three separate motions to dismiss, granted a motion to intervene by class representatives in the parallel state action, denied lead plaintiff's motion to enjoin the parallel state class action, and certified class in the federal action. After over a year of vigorous litigation, a prior order preliminarily approved the proposed class settlement and approved the parties' proposed mail notice to the class. That order also advised that both the requested attorney's fees and incentive award were subject to reduction at the final approval stage (Dkt. Nos. 252, 343).

The claims administrator Gilardi & Co. LLC mailed a total of 104,768 notice packages, which included the notice of proposed settlement and proof of claim and release form. Gilardi received 891 notice packages returned as undeliverable and 372 packages that were unsearchable (which were from the SEC broker mailing or were foreign addresses). Gilardi searched 519 addresses and re-mailed packages to 308 updated addresses. Gilardi's search of returned mail and address updates is ongoing. Additionally, notice was published in *The Wall Street Journal* and transmitted over the *Business Wire* (Dkt. Nos. 355 ¶¶ 12–13, 360 ¶ 4).

Lead plaintiff now moves (unopposed) for final approval of the proposed class settlement and attorney's fees (Dkt. Nos. 351, 352). In the latter motion, plaintiff seeks $16,384,087 in attorney's fees (comprising 13.1 percent of the total settlement fund) — which would cover both federal and state lead counsel fees — and $456,084.65 in expenses. One class member has objected to the settlement in general (Dkt. No. 350). This order follows full briefing from lead plaintiff and counsel, as well as oral argument at the fairness hearing.

**ANALYSIS**

**1.   FINAL APPROVAL OF PROPOSED CLASS SETTLEMENT.**

A court may approve a proposed class settlement only upon finding that it is fair, reasonable, and adequate, taking into account (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.  FRCP 23(e); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015).

The proposed settlement agreement establishes a gross settlement fund of $125 million (plus interest) (Dkt. No. 333-1 ¶ 1.31).  The recovered settlement is approximately 17 percent of the estimated $711 million in recoverable damages at trial (Dkt. No. 351 at 12).

The parties negotiated this proposed class settlement after a year plus of litigation, which included motion practice, class certification, and extensive discovery.  Representatives for lead plaintiff WPERP, a public pension fund, and the Los Angeles city attorney were present for both mediation sessions held by Chief Magistrate Judge Joseph Spero (Dkt. No. 351 at 15).

Lead plaintiff admits that it faced a number of risks — in particular, proving scienter, *i.e.* that defendants "acted with knowledge of or with recklessness as to the alleged falsity of their statements and omissions" (Dkt. No. 351 at 9).  In securities actions, a defendant's state of mind is often the most challenging element of proof.  Moreover, the class faced potential decertification, as defendants were actively developing the argument that LendingClub's internal control issues were nonexistent at the time of the IPO (Dkt. Nos. 139 at 21–22, 162 at 17–18, 353 ¶ 85).  Against these risks, the $125 million gross settlement fund offers an immediate and certain award for the class.

Lead counsel are experienced in securities and other complex class action litigation and believe this is an excellent settlement for the class (Dkt. No. 351 at 14).  The claims administrator Gilardi & Co. LLC mailed a total of 104,768 notice packages, which included the

3

notice of proposed settlement and proof of claim and release form (Dkt. No. 360 ¶ 4). Gilardi received 891 notice packages returned as undeliverable and 372 packages that were unsearchable (which were from the SEC broker mailing or were foreign addresses) (Dkt. No. 355 ¶ 12). Gilardi searched 519 addresses and re-mailed packages to 308 updated addresses (*ibid*.). Gilardi's search of returned mail and address updates is ongoing (*ibid*.). Additionally, notice was published in *The Wall Street Journal* and transmitted over the *Business Wire* (*id*. ¶ 13). Only three class members made valid requests for exclusion following notice of class certification, and only one objected following notice of the proposed class settlement (*see* Dkt. Nos. 350, 365 at 1). The one objection by Tommy L. Swanson, Sr. primarily objects to the settlement in general without specifically objecting to the proposed plan of allocation or requested attorney's fees and expenses. Nor does the objection address merits of the claims against defendants. Moreover, the objector did not appear at the final approval hearing. Ultimately, this low number of objections and requests for exclusion supports the reasonableness and fairness of the settlement's terms.

The plan of allocation of settlement proceeds is fair and reasonable. Class members who submit an acceptable proof of claim will recover settlement funds depending on when during the class period they bought LendingClub stock and whether or when they sold their shares. The claims administrator will calculate the claimant's recognized loss from this transactional information and claimants will recover a pro rata share of the settlement fund based on that loss (Dkt. No. 351 at 18).

In short, having considered the applicable factors, this order finds the proposed class settlement is fair, reasonable, and adequate so as to warrant final approval. Accordingly, the motion for final approval of the proposed class settlement and approval of the plan of allocation is **GRANTED**.

## CONCLUSION

Accordingly, it is hereby ordered as follows:

1. The notice of settlement, as well as the manner in which it was sent to class members, fairly and adequately described the proposed class settlement, the manner in which

4

1  class members could object to or participate in the settlement, and the manner in which class
2  members could opt out of the class; was the best notice practicable under the circumstances; was
3  valid, due, and sufficient notice to class members; and complied fully with the Federal Rules of
4  Civil Procedure, due process, and all other applicable laws.  A full and fair opportunity has been
5  afforded to class members to participate in the proceedings convened to determine whether the
6  proposed class settlement should be given final approval. Accordingly, the undersigned hereby
7  determines that all class members who did not exclude themselves from the settlement by filing a
8  timely request for exclusion are bound by this settlement order.

9      2.    The undersigned also finds that the proposed class settlement is fair, reasonable,
10  and adequate as to the class, lead plaintiff, and defendants; that it is the product of good faith,
11  arms-length negotiations between the parties; and that the settlement is consistent with public
12  policy and fully complies with all applicable provisions of law.  The settlement is therefore
13  approved.

14      3.    The objection by Tommy L. Swanson, Sr. thereto is **OVERRULED** as discussed
15  above.

16      4.    By **AUGUST 10 AT NOON** the parties shall submit a final class list (with names and
17  cities) setting forth the class members bound by the class settlement.

19  To clarify, this order does not address the pending motion for attorney's fees and
20  expenses (Dkt. No. 352), which will be ruled on in due course.

**IT IS SO ORDERED.**

Dated:  July 20, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5