**ROBBINS GELLER RUDMAN & DOWD LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Jason A. Forge
JForge@rgrdlaw.com

August 6, 2018

VIA ECF

The Honorable William Alsup
United States District Court
  for the Northern District of California
San Francisco Courthouse, Courtroom 12
450 Golden Gate Avenue, 19th Floor
San Francisco, CA  94102

　　　　　　Re:　　*In re LendingClub Sec. Litig.*, No. 3:16-cv-02627-WHA (N.D. Cal.)

Dear Judge Alsup:

　　　　The Court's Order Denying Designation of Cases as Related (ECF 391) expresses concerns about the scope of the release in this case relative to releases that the Court normally approves. Lead Counsel wants to assure the Court that the release language here is perfectly consistent the two most recent PSLRA settlements that the Court has approved.  *See, e.g.*, *Luna v. Marvell Tech. Grp., Ltd.*, No. 3:15-cv-05447-WHA, ECF 229-2 at 6 (N.D. Cal. Feb. 27, 2018) ("*Marvell*")[1]; *In re Diamond Foods, Inc. Sec. Litig.*, No. 3:11-cv-05386-WHA, ECF 284, ¶1(oo) (N.D. Cal. Sept. 3, 2013).  In fact, the parties specifically wrote the release language so it would be faithful to the language and scope of the releases in these cases.

　　　　The language and scope of the release here are also perfectly consistent with the releases in other PSLRA cases over which the Court has presided.  *See, e.g.*, *In re LDK Solar Sec. Litig.*, No. 3:07-cv-05182-WHA, ECF 501-2 at 18 (N.D. Cal. Feb. 15, 2010) ("*LDK Solar"*); *LDK Solar*, ECF 503 at 3 (Feb. 17, 2010) ("The scope of release is sufficiently narrow.  Class member who do not opt out of the settlement will release only securities fraud claims arising during the class period."); *In re Sipex Corp. Sec. Litig.*, No. 3:05-cv-00392-WHA, ECF 130, ¶1.18 (N.D. Cal. Jan. 12, 2006).

　　　　On both a professional level and a personal level, undersigned counsel wants the Court to know that he would never try to sneak one past this Court, or any other, and we absolutely did not do so here.  The Court expressly addressed the release language during the December 21, 2017 preliminary approval hearing in *Marvell* (*Marvell* 12/21/17 Hrg. Tr. at 4:9-7:9) and explicitly stated that, "instead of saying 'any other alleged wrongdoing or misconduct,' you [should] say 'any other alleged securities misconduct by the released persons.'"  *Id.* at 7:4-7.  Because the Court directly addressed the release language in *Marvell* and explained exactly what language it wanted used just a couple months before the settlement here, undersigned counsel felt it would be unreasonable not to track the same language here, which is what we did.

　　　　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　　　　JASON A. FORGE
　　　　　　　　　　　　　　　　　　　　Counsel for Lead Plaintiff

---

[1]　　Page number citations to docket entries ("ECF") refer to the page numbers generated by the electronic case filing (CM/ECF) system (for the Court's convenience, each specific paragraph/page referenced herein is compiled and attached hereto as Attachment 1).