ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
JASON A. FORGE (181542)
SCOTT H. SAHAM (188355)
RACHEL L. JENSEN (211456)
AUSTIN P. BRANE (286227)
MICHAEL ALBERT (301120)
CARISSA J. DOLAN (303887)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
jforge@rgrdlaw.com
scotts@rgrdlaw.com
rachelj@rgrdlaw.com
abrane@rgrdlaw.com
malbert@rgrdlaw.com
cdolan@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LENDINGCLUB SECURITIES LITIGATION ) ) ) | Case No. 3:16-cv-02627-WHA<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. ) ) ) ) ) | FEDERAL LEAD COUNSEL'S RESPONSE TO THE COURT'S REQUEST RE SCOPE OF RELEASE |

1461325_1

On August 13, 2018, the Court issued a Request for Response re Scope of Release (the "Request") that set forth three questions. ECF 394. To answer these questions fully, Lead Plaintiff must first provide a brief chronology of events.

On February 21, 2018, the parties to this federal case and the related state case entered into a binding (subject to Court approval) Stipulation of Settlement. ECF 333-1. Consistent with release language that this Court has consistently approved and expressly requested, the Stipulation released the following:

> [A]ny and all claims, rights, causes of action, liabilities, actions, suits, damages, or demands (including Unknown Claims as defined in ¶1.42 herein) of any kind whatsoever, that Federal Lead Plaintiff, State Class Representatives, or any other Class Member has that relate in any way to the purchase, acquisition, holding, sale, or disposition of LendingClub common stock by Class Members during the period between December 10, 2014 through May 6, 2016, inclusive, ***and*** either: (a) arise out of or are based upon or related to the facts alleged or the claims or allegations set forth in the Litigations; or (b) relate in any way to any alleged violation of the 1933 Act or the Exchange Act or any other state, federal or foreign jurisdiction's securities or other laws, any alleged misstatement, omission or disclosure (including in financial statements) or other alleged securities-related wrongdoing or misconduct by the Released Defendants. Notwithstanding the foregoing, "Released Claims" does not include claims relating to any LendingClub shares that were purchased or acquired before December 10, 2014 or claims relating to the enforcement of the settlement.

ECF 333-1, ¶1.25 (emphasis prescribed by the Court in *Luna v. Marvell Tech. Grp., Ltd.*, No. 3:15-cv-05447-WHA, ECF 224 (12/21/17 Hrg. Tr.) at 7:4-7 (N.D. Cal. Dec. 21, 2017) ("Bold the 'and.' And then instead of saying 'any other alleged wrongdoing or misconduct,' you say 'any other alleged securities misconduct by the released persons.'"); *see also* ECF 392 (citing additional cases in which this Court approved the same release).

Also on February 21, 2018, Lead Plaintiff filed its motion for preliminary approval of settlement. ECF 333. The very first of three factors that Lead Plaintiff identified as confirming that the proposed settlement was in the best interests of the Class was the following: "First, Lead Plaintiff carefully considered the size of the classwide damages claims in relation to the size and financial resources of LendingClub, including an analysis of LendingClub's balance sheet, financial performance trends, and operating cash needs." *Id.* at 11.[1]

---

[1] Page number citations to docket entries ("ECF") refer to the page numbers generated by the electronic case filing (CM/ECF) system.

On March 16, 2018, the Court preliminarily approved the parties' settlement and shortly thereafter set a June 25, 2018 deadline for objections to the settlement. ECF 343 at 8; ECF 348 at 1.

Two months after the parties moved for preliminary approval, on April 25, 2018, the Federal Trade Commission ("FTC") filed a complaint against defendant LendingClub Corporation – *FTC v. LendingClub Corp.*, No. 3:18-cv-02454 (N.D. Cal. Apr. 25, 2018) ("*FTC* Action"), alleging that LendingClub misled consumers "by promising 'no hidden fees,'" but charging "hidden up-front fee[s]." *FTC* Action, ECF 1, ¶10. On this news, LendingClub's share price dropped by $0.49 to a closing price of $2.77 on April 25, 2018 (though LendingClub's share price rebounded soon thereafter, and it remains higher today than it was before the FTC filed its complaint).

One week later, on May 2, 2018, Matthew Veal filed an 18-page class action complaint against LendingClub and others for alleged securities-related misconduct based on public statements that were allegedly misleading in light of the FTC's complaint concerning LendingClub's alleged hidden fees. *Veal v. LendingClub Corp.*, No. 5:18-cv-2599-BLF, ECF 1, ¶¶1, 29-30, 43-58 (N.D. Cal. May 2, 2018) ("*Veal*"). Veal's complaint purports to be "on behalf of a class consisting of all persons and entities other than Defendants who purchased or otherwise acquired the publicly traded securities of LendingClub between February 28, 2015 and April 25, 2018." *Id.*, ¶1.

1. The Court's first question asks whether the release in this case releases any claims asserted in *Veal*. ECF 394. The release in this case overlaps with a portion of Veal's alleged class period, such that any purchases from February 28, 2015 through May 6, 2016, would not be eligible to pursue either of the securities-related claims alleged in Veal's complaint. Using the same trading model that led to the $711 million damages estimate in this case, Lead Plaintiff's expert estimates that the damages for this overlapping, or "released," portion of the *Veal* class amounts to less than $12 million, or less than 2% of the damages in this case. Veal is represented by the Rosen Law Firm, P.A. *Veal* ECF 1. The Rosen Law Firm also serves as a member of an "Executive Committee" representing the state plaintiffs in this matter, which plaintiffs are parties to the Stipulation of Settlement in this case and asked this Court to approve the settlement and release in

this case. *See* Ex. 1,[2] *In re LendingClub Corp. S'holder Litig.*, No. CIV537300, Order re Plaintiffs' Motion for Conditional Dismissal (Cal. Super. Ct., San Mateo Cty. Apr. 5, 2018) (unpublished). Veal did not object to the settlement in this case by the June 25, 2018 deadline, nor has he attempted to do so as of the date of this filing.

2. The Court's August 13 Request next asks when federal and state lead counsel learned about the *Veal* case and "why didn't they bring the problem to the Court's attention before the final approval hearing?" ECF 394. As to the first part of this question, undersigned counsel learned of the *Veal* case on May 3, 2018. As to the second part of this question, undersigned counsel respectfully objects that it "assumes facts not in evidence," namely that there was any "problem" to bring to the Court's attention.

As set forth above, and as emphasized throughout Lead Plaintiff's papers filed in support of the settlement, one of the biggest reasons why Lead Plaintiff and Lead Counsel were (and remain) convinced this settlement was in the best interests of the Class was our concern for LendingClub's financial health. Specifically, we were very concerned about whether LendingClub could survive a judgment of as much as $700 million, which Lead Plaintiff would have sought at trial. So when the FTC filed its complaint against LendingClub on April 25, 2018, Lead Plaintiff and Lead Counsel's primary concern was that LendingClub might try to use the complaint (and the expenses associated with defending it) to back out of the $125 million Stipulation of Settlement we had reached for the Class. To LendingClub's credit, it stuck to its word in the Stipulation, and Lead Counsel would have never considered prejudicing the Class by placing a $125 million settlement in peril by trying to increase our estimated damages by less than 2%. In other words, we felt we had ***dodged*** a major problem, rather than encountered a new one.

The filing of the *Veal* case did not change this perspective in the slightest. Undersigned counsel viewed the *Veal* case as more of a reflexive filing than anything else, and its purported class period appeared to confirm that it was filed hastily. The notion that any class member would be well served by Lead Plaintiff doing anything that could have jeopardized a $125 million recovery based

---

[2]   References to "Ex." are to the exhibits attached to the Declaration of Jason A. Forge, filed herewith.

1  on the *Veal* case is anathema.  We had already entered into a binding Stipulation of Settlement, so
2  we had no valid basis to ask defendants for some sort of *Veal* case carve out, nor to ask the Court to
3  try to extract one.  The breadth of the release to which the parties had agreed was exactly as this
4  Court has repeatedly prescribed and approved, and if we had gambled away a $125 million recovery
5  in pursuit of minimal additional potential damages in the *Veal* case, Lead Plaintiff would have
6  betrayed both the Class and its contractual obligation to defendants.

7  Had Lead Counsel done anything that even implicitly encouraged the Court to disapprove the
8  settlement due to defendants availing themselves of the Court-approved release language here, it
9  would likely constitute a breach of the parties' Stipulation of Settlement.  *Cf. United States v.*
10 *Whitney*, 673 F.3d 965, 971 (9th Cir. 2012) ("Although a sentencing recommendation need not be
11 made enthusiastically, when the government obligates itself to make a recommendation at the low
12 end of the guidelines range, it may not introduce information that serves no purpose but 'to influence
13 the court to give a higher sentence.'") (citation omitted).  If defendants had tried to back out of the
14 Stipulation due to the unanticipated expenses of defending the FTC and *Veal* cases, Lead Plaintiff
15 certainly would have argued that doing so would have been in breach of the Stipulation.

16 3.  The Court's last question asks "[w]hat specific discovery of investigation was done
17 by counsel to evaluate the strength of the *Veal* claims before including those claims in the release?"
18 ECF 394.  Again, Lead Counsel respectfully objects that this question assumes facts not in evidence.
19 As the record of this case irrefutably shows, the parties entered into the Stipulation of Settlement,
20 which included the release language, on February 21, 2018.  The FTC did not file its complaint until
21 April 25, 2018, and Veal did not file his complaint until May 2, 2018.  Therefore, there were no
22 "*Veal* claims" to investigate at the time the parties agreed to the Court-approved release language
23 here (Lead Counsel did not have any reason to suspect the FTC would be filing a complaint before it
24 did so).  In any event, irrespective of the strength of the *Veal* claims, and even if it would not have
25 been a breach of the Stipulation here, Lead Plaintiff and Lead Counsel would have violated their

26
27
28

1  duty to the Class if they had jeopardized the Class's $125 million recovery by trying to use the *Veal*
2  claims to increase estimated damages here from $711 million to $723 million.  Damages were not
3  the problem in this case; concern over collecting them was.

4  DATED:  August 15, 2018                    Respectfully submitted,

                                              ROBBINS GELLER RUDMAN
                                                & DOWD LLP
                                              DARREN J. ROBBINS
                                              JASON A. FORGE
                                              SCOTT H. SAHAM
                                              RACHEL L. JENSEN
                                              AUSTIN P. BRANE
                                              MICHAEL ALBERT
                                              CARISSA J. DOLAN


                                                    s/ Jason A. Forge
                                              JASON A. FORGE

                                              655 West Broadway, Suite 1900
                                              San Diego, CA  92101
                                              Telephone:  619/231-1058
                                              619/231-7423 (fax)

                                              Lead Counsel for Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 15, 2018.

s/ Jason A. Forge
JASON A. FORGE

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  jforge@rgrdlaw.com

1461325_1