IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

LENDINGCLUB SECURITIES LITIGATION.

/

This Document Relates to:

ALL ACTIONS.

/

No. C 16-02627 WHA
No. C 16-02670 WHA
No. C 16-03072 WHA

(CONSOLIDATED)

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

## INTRODUCTION

In these consolidated PSLRA class actions, lead counsel move for attorney's fees and reimbursement of litigation expenses. Defendants do not oppose. For the reasons explained below, the motion is **GRANTED**.

## STATEMENT

Prior orders set forth the detailed background of this case (*see, e.g.*, Dkt. Nos. 181, 252). In brief, defendant LendingClub Corporation, which operated an online peer-to-peer marketplace to match borrowers with lenders for various loans, completed an initial public offering of its common stock in December 2014. The registration statement that LendingClub issued and filed with the Securities and Exchange Commission as part of that IPO contained certain representations regarding, among other things, LendingClub's internal controls, procedures, and data-security protocols. In May 2016, however, numerous discrepancies, weaknesses, and

improprieties in LendingClub's business operations came to light, causing its share price to drop and various securities rating agencies to downgrade LendingClub.

These securities actions followed. All three were related to the undersigned judge and subsequently consolidated with Water and Power Employees' Retirement, Disability and Death Plan of the City of Los Angeles as lead plaintiff and Robbins Geller Rudman & Dowd LLP as lead counsel. A parallel state class action ensued simultaneously in the Superior Court of the State of California, County of San Mateo, with Scott+Scott and Cotchett, Pitre & McCarthy as state co-lead counsel (Dkt. Nos. 90, 113, 252).

Previous orders denied defendants' three separate motions to dismiss, granted a motion to intervene by class representatives in the parallel state action, denied lead plaintiff's motion to enjoin the parallel state class action, and certified class in the federal action. After over a year of vigorous litigation, a prior order preliminarily approved the proposed class settlement and approved the parties' proposed mail notice to the class. That order also advised that the requested attorney's fees was subject to reduction at the final approval stage (Dkt. Nos. 181, 252, 343).

Lead counsel now move (unopposed) for attorney's fees to be taken out of the class recovery. Counsel seek $16,384,087 in attorney's fees (comprising 13.1 percent of the total settlement fund) — which would cover both federal and state lead counsel fees — and $456,084.63 in expenses, plus interest on both amounts (Dkt. No. 352 at 3, 21).

This order follows full briefing from lead counsel, oral argument at the fairness hearing, and two rounds of supplemental responses.

**ANALYSIS**

**1. ATTORNEY'S FEES.**

A district court must ensure that attorney's fees are "fair, adequate, and reasonable," even if the parties have entered into a settlement agreement that provides for those fees. *Staton v. Boeing Co.*, 327 F.3d 938, 963–64 (9th Cir. 2003). "In 'common-fund' cases where the settlement or award creates a large fund for distribution to the class, the district court has discretion to use either a percentage or lodestar method." Our court of appeals has recognized

2

25 percent of the common fund as a benchmark award for attorney's fees. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

As stated, lead counsel seeks $16,384,087 — or 13.1 percent of the gross settlement fund — that would cover lead counsel's attorney's fees in *both* federal and state actions. Counsel have agreed to allocate 18 percent of the 13.1 total percent requested (or 2.36 percent of the total recovery) to co-lead counsel in the state action and the balance to federal lead counsel.

Lead counsel in both federal and state actions billed 23,083.75 total hours for work, which yields a lodestar of $12,391,084 (Dkt. No.379-1 at 11). Federal lead counsel Robbins Geller's rates for both attorneys and staff range from $100 per hour (shareholder relations) to $1,030 per hour (partner) (Dkt. No. 361-6). State co-lead counsel Scott+Scott's rates for both attorneys and staff range from $275 per hour (paralegal) to $995 per hour (partner) (Dkt. No. 362-4). State co-lead counsel Cotchett, Pitre & McCarthy's rates range from $275 per hour (paralegal) to $850 per hour (partner) (Dkt. No. 363 ¶ 56). This order finds that the billing rates for lead counsel are high but within the range of reasonable.

Accepting this lodestar figure, the $16,384,087 requested fee represents a multiplier of 1.32 (Dkt. No. 379-1). The Court has probed counsel's lodestar. To determine the reasonableness of the requested fee, both state and federal lead counsel were ordered to submit a detailed declaration, organized by discrete project, breaking down all attorney and paralegal time sought to be recovered and an itemized accounting for unreimbursed expenses (Dkt. No. 358). After the motion hearing, the Court made two further requests for supplemental information, requiring both state and federal lead counsel to justify certain time entries that seemed, at least at first blush, excessive (*see* Dkt. Nos. 388, 397). For example, federal lead counsel were asked to explain how the Wells Fargo deposition generated a much higher lodestar compared to other depositions (Dkt. No. 388) and state lead counsel were asked why, in requesting recovery for time spent on the motion to intervene and opposition to the motion to enjoin, class members should bear the cost of the fight among counsel as to who should lead the litigation (Dkt. No. 397).

3

In the judgment of the Court, the lodestar includes excessive and hard-to-justify entries. As one nonexhaustive example, state lead counsel spent 299.6 hours on class notice, which resulted in a lodestar, merely for state lead counsel, of $208,534.50 (Dkt. No. 399 at 1). This equates to about 7.5 weeks worth of work by one competent attorney. The class notice issues in this case, while atypical, did not justify the hours spent by state lead counsel.

The starting point, however, is our court of appeals' 25 percent benchmark. *See Hanlon v. Chrysler Corp.*, 150 F.3d at 1029. Of course, where the recovery is large and the lodestar is small by comparison, a lower percentage is reasonable. In this case, even if the tendered lodestar is excessive for the work done (for example, only two depositions were taken), the fact remains that the requested attorney's fees comes to 13.1 percent of the gross settlement fund and the multiplier is 1.32. So even if the lodestar were reduced by two to three million dollars to account for inefficiencies and excess, the multiplier would still be tolerable.

Accordingly, the motion for attorney's fees is **GRANTED**.

### 2. EXPENSES.

Lead counsel also request $456,084.63 (plus interest) in litigation expenses: $277,841.84 for federal lead counsel and $178,242.79 for state lead counsel (Dkt. No. 352 at 18–19). The requested amount includes, for example, expert and consultant fees, court fees, travel and lodging costs, legal research fees, and copying expenses. The largest component of these expenses is the cost of lead counsel's experts. The second largest component is the cost of transportation, hotels, and meals. These expenses were a reasonable and necessary part of the litigation and are of the type customarily billed to a fee-paying client. No class member objected to recovery of these costs. The motion for reimbursement of these costs is **GRANTED**.

## CONCLUSION

For the foregoing reasons, lead counsel's motion for attorney's fees is **GRANTED**. The undersigned hereby awards lead counsel attorney's fees of $16,384,087 (plus interest) — with 18 percent of the amount to state lead counsel and the balance to federal lead counsel.

Half of this amount shall be paid by the fund administrator after the "effective date" as defined in the stipulation of settlement dated February 21, 2018. The other half shall be paid

when lead counsel certify that all funds have been properly distributed and the file can be completely closed.

Lead counsel shall also receive $456,084.63 (plus interest) as reimbursement for their litigation expenses, to be paid from the settlement fund — $277,841.84 for federal lead counsel and $178,242.79 for state lead counsel.

It is possible that the fee award may have to be adjusted downward to account for glitches in the distribution process that sometimes arises. Counsel shall please continue their work to ensure distribution goes smoothly.

**IT IS SO ORDERED.**

Dated: September 24, 2018.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE